IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 09-32467-H4-7 |
| ROYCE HOMES, L.P., | § | (Chapter 7) |
| Debtor. | § | |

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN H. SPEER, AMEGY BANK, N.A., | § | |
| AMEGY MORTGAGE COMPANY, L.L.C., | § | |
| MICHAEL MANNERS, | § | |
| DONNIE LOU SPEER, VESTALIA, L.L.C., | § | ADVERSARY NO. 11-03191 |
| HAMMERSMITH GROUP, L.L.C. | § | JURY DEMANDED |
| f/k/a HAMMERSMITH GROUP, INC., | § | |
| PARK LAKE COMMUNITIES, L.P., | § | |
| WATERMARK LAND, L.L.C., | § | |
| WATERMARK LAND, L.P., | § | |
| WATERMARK TORTUGA, L.L.C., | § | |
| ALLARD INVESTMENT COMPANY, | § | |
| L.L.C., DWM HOLDINGS, INC., | § | |
| MGM MOTOR SPORTS, L.L.C., | § | |
| SARACEN HOLDINGS, INC., and | § | |
| GEORGE KOPECKY, | § | |
| Defendants. | § | |

### ANSWER OF AMEGY BANK NATIONAL ASSOCIATION AND AMEGY MORTGAGE COMPANY, L.L.C. TO TRUSTEE'S ORIGINAL COMPLAINT

Subject to their Motion to Dismiss Certain Claims in Trustee's Original Complaint Pursuant to FED. R. CIV. P. 12 [Dkt. No. 70 in Case 11-03191], Amegy Bank National Association and Amegy Mortgage Company, L.L.C. file this Answer to Trustee's Original Complaint (the "Complaint"). The paragraph numbers in this Answer correspond to the paragraph numbers in the

Complaint.[1]

## I. Jurisdiction and venue

1.      Amegy Bank National Association ("Amegy Bank") and Amegy Mortgage Company, L.L.C. ("Amegy Mortgage") (together, "Amegy") admit that the Trustee has brought this adversary proceeding under the cited bankruptcy rule and statutes, but denies that the Trustee is entitled to any of the relief sought herein.

2.      Amegy denies that this Court has jurisdiction over this proceeding as a result of Amegy's demand for jury trial filed herein pursuant to FED. R. CIV. P. 38, and denies that this is a core proceeding. Amegy does not consent to a jury trial in the bankruptcy court. Amegy does not consent to entry of final orders or judgment by the bankruptcy judge.

3.      Amegy admits the allegations in this paragraph.

4.      Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

## II. Parties

### A. Plaintiff

5.      Amegy admits the allegations in this paragraph.

### B. Defendants

#### 1. Amegy Defendant(s)

6.      Amegy Bank National Association denies that it is a Texas state financial institution.

---

[1]      Amegy objects to the use of excerpts of 2004 Examinations because they are inadmissible, are hearsay, and cannot be used as direct evidence in this proceeding. Amegy will respond subject to these objections.

        Amegy objects to the Trustee's failure and refusal to define "Royce" and "Royce Homes" as Royce Homes, L.P., the debtor. The Trustee is attempting to be vague and misleading to cover over serious flaws in his case. Amegy will respond to the Complaint and the allegations therein assuming that "Royce" and "Royce Homes" means Royce Homes, L.P.

Amegy Bank National Association is a national banking association.

7.    Amegy admits the allegations in this paragraph.

8.    Amegy denies that Amegy Bank National Association and Amegy Mortgage Company, L.L.C. can be properly referred to collectively as Amegy with regard to the various allegations made by the Trustee in the Complaint. The Trustee should be required to distinguish against which entity he is making his complaints.

## 2. Speer Related Defendants

9.    Amegy admits that John Speer ("Speer") is an individual residing in the State of Texas. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

10.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

11.    Amegy admits that Vestalia, L.L.C. is a Texas limited liability company. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

## 3. Royce Related Entity Defendants

12.    Amegy admits that Hammersmith Group, L.L.C. is a Delaware limited liability company. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

13.    Amegy denies that Park Lake Communities, L.P. is a Texas limited partnership. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

14.    Amegy admits that Watermark Land, L.L.C. is a Delaware limited liability company.

-3-

Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

15.    Amegy denies that Watermark Land, L.P. is a Delaware limited partnership. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

16.    Amegy admits that Watermark Tortuga, LLC is a Delaware limited liability company. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

### 4. Manners Related Defendants

17.    Amegy admits that Michael Manners ("Manners") is an individual residing in the State of Texas. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

18.    Amegy admits that Allard Investment Company, L.L.C. ("Allard") is a Texas limited liability company. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

19.    Amegy admits that DWM Holdings, Inc. ("DWM Holdings") is a Texas corporation. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

20.    Amegy admits that MGM Motor Sports, L.L.C. ("MGM Motor Sports") is a Texas limited liability company. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

21.    Amegy admits that Saracen Holdings, Inc. ("Saracen Holdings") is a Texas

-4-

corporation. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

### 5. Kopecky Defendant(s)

22.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### III. Factual Background

### A. The Bankruptcy Case

23.     Amegy admits the allegations in this paragraph.

24.     Amegy admits the allegations in this paragraph.

### B. General Overview of Facts

25.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

26.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

27.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

28.     Amegy denies the allegations in this paragraph.

29.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

30.     Amegy denies the allegations in this paragraph.

31.     Amegy denies the allegations in this paragraph.

32.     Amegy denies the allegations in this paragraph.

33.     Amegy denies the allegations in this paragraph.

34.     Amegy denies the allegations in this paragraph.

35.     Amegy denies the allegations in this paragraph.

36.     Amegy admits that it entered into a loan agreement and related documents in the principal sum of $20,000,000 with Speer as the borrower on September 20, 2006. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

37.     Amegy denies the allegations in this paragraph.

38.     Amegy denies the allegations in this paragraph.

39.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

40.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

41.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

42.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

43.     Amegy denies that Speer's January 2007 payment to Amegy breached the Partnership Agreement, Speer's fiduciary duty, if any, and Speer's representations to Royce Homes's lenders, if any. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

44.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

45.     Amegy denies the allegations in this paragraph.

46.     Amegy admits the allegations in this paragraph.

47.     Amegy denies the allegations in this paragraph.

### C. Royce Homes

48.     Amegy admits the allegations in this paragraph.

49.     Amegy admits the allegations in this paragraph.

50.     Amegy admits that Hammersmith Group, Inc. was the general partner of Royce Homes, L.P. under the Partnership Agreement.

### IV. Relationship of Primary Individuals

### A. Amegy

51.     Amegy admits that Chris Denison ("Denison) is the bank officer for the loan by Amegy Bank to Speer.  Otherwise, Amegy denies the allegations in this paragraph.

52.     Amegy admits that Paul Murphy was the CEO of Amegy Bank on September 20, 2006.  Otherwise, Amegy denies the allegations in this paragraph.

53.     Amegy admits that Dale Andreas was an Amegy Mortgage executive.  Otherwise, Amegy denies the allegations in this paragraph.

54.     Amegy admits that Anna Mayer is an attorney with Nathan Sommers Jacobs who represents Amegy from time to time.  Otherwise, Amegy denies the allegations in this paragraph.

55.     Amegy admits that Ann Jacobs is an attorney with Nathan Sommers Jacobs who represents Amegy from time to time.  Otherwise, Amegy denies the allegations in this paragraph.

### B. Hammersmith Group

56.     Amegy admits the allegations in this paragraph.

57.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

58.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

59.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

60.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

61.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

62.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

63.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

64.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

65.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

66.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

67.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

68.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

69.     Amegy lacks knowledge or information sufficient to form a belief about the truth of

-8-

the allegations in this paragraph; such allegations are therefore effectively denied.

70.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### C. Royce Homes

71.     Amegy admits that Speer was the president of Royce Homes, L.P.  Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

72.     Amegy admits the allegations in this paragraph.

73.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

74.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

75.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

76.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

77.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

78.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

79.     Amegy admits the allegations in this paragraph, except it denies the date range which is a typographical error.

80.     Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

81.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

82.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

83.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

84.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

85.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

86.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

87.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

88.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

89.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### D. Manners

90.     Amegy denies the allegations in this paragraph.

91.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

92.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

93.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

94.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

## V.  General Assertions/Facts

95.     Amegy denies the allegations in this paragraph.

96.     This paragraphs adopts and incorporates other paragraphs, so a separate response is not necessary.  Amegy incorporates its response to each incorporated paragraph.

## VI.  Claims

### A.  Breach of Partnership Agreement

97.     Amegy denies the allegations in this paragraph.

98.     Amegy denies the allegations in this paragraph.

99.     Amegy admits that the Delaware statute is accurately cited, but devoid of any context or facts.  Otherwise, Amegy denies the allegations in this paragraph.

100.    Amegy admits the bankruptcy statute is accurately stated, but devoid of any context or facts.

101.    Amegy denies the allegations in this paragraph.  Amegy denies that the Partnership Agreement was breached.

102.    a.     Amegy denies the allegations in this paragraph.

        b.     Amegy denies the allegations in this paragraph.

        c.     Amegy admits that Section 5.1 of the Partnership Agreement states, "Except

-11-

as otherwise provided in this Agreement but consistent with the General Partners' fiduciary responsibility for the safeguarding and use of all partnership property . . . ." Otherwise, Amegy denies the remaining allegations in this paragraph.

d.      Amegy denies the allegations in this paragraph.

103.    Amegy denies the allegations in this paragraph.

104.    Amegy admits that Section 4.7 of the Partnership Agreement is almost accurately quoted. Otherwise, Amegy denies the allegations in this paragraph.

105.    Amegy admits that Section 4.8 of the Partnership Agreement is almost accurately quoted. Otherwise, Amegy denies the allegations in this paragraph.

106.    Amegy admits that Section 1.1(f) of the Partnership Agreement is accurately quoted. Otherwise, Amegy denies the allegations in this paragraph.

107.    Amegy admits that Section 3.4(a) is partially quoted. Otherwise, Amegy denies the allegations in this paragraph.

108.    Amegy admits that Section 5.1(a) is partially quoted. Otherwise, Amegy denies the allegations in this paragraph.

109.    Amegy denies the allegations in this paragraph.

110.    Amegy denies the allegations in this paragraph.

111.    Amegy denies the allegations in this paragraph.

112.    Amegy denies the allegations in this paragraph.

113.    Amegy denies the allegations in this paragraph.

### 1. Amegy Principal Payments

114.    Amegy denies the allegations in this paragraph.

-12-

115.    Amegy denies the allegations in this paragraph.

116.    Amegy denies the allegations in this paragraph.

117.    Amegy denies the allegations in this paragraph.

118.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

119.    Amegy admits the allegations in this paragraph, except that it lacks knowledge or information sufficient to form a belief about the meaning of "draw" in this context; such allegation that a "draw" occurred is therefore effectively denied.

120.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

121.    Amegy admits that the numbers in paragraph 120 total $10,365,112.55. Otherwise, Amegy denies the allegations in this paragraph.

122.    Amegy admits the allegations in this paragraph.

123.    Amegy admits that the deposition excerpts accurately quote certain portions of William Gathmann's ("Gathmann") testimony. Amegy denies that the Trustee has accurately quoted all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

124.    Amegy admits the allegations in this paragraph.

125.    Amegy admits the allegations in this paragraph.

126.    Amegy admits the allegations in this paragraph.

127.    Amegy denies the allegations in this paragraph.

128.    Amegy denies the allegations in this paragraph.

-13-

129.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

130.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

131.    Amegy denies the allegations in this paragraph.

132.    Amegy admits that Speer made a principal payment to Amegy of $2.5 million in July 2007. Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

133.    Amegy admits the allegations in this paragraph.

134.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

-14-

135.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

136.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

137.    Amegy admits that 2004 Examination Ex. No. 122 contains the quoted paragraph. Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

138.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

139.    Amegy admits that Speer made a $2.5 million principal payment to Amegy on or about July 2, 2007. Otherwise, Amegy denies the allegations in this paragraph.

140.    Amegy admits that the paragraph quotes from an e-mail.

141.    Amegy admits that the paragraph quotes from e-mails.

142.    Amegy admits the allegations in this paragraph.

143.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

144.    Amegy admits the allegations in this paragraph.

145.    Amegy admits that the numbers in paragraph 144 total $2,667,791.02. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

146.    Amegy admits that on or about July 2, 2007 a wire transfer of approximately $2,557,083.33 was made as a result of a distribution from Royce Homes, L.P. to Royce Operating, L.P. Otherwise, Amegy denies the remaining allegations in this paragraph.

-15-

147.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

148.    Amegy denies the allegations in this paragraph.

149.    Amegy denies the allegations in this paragraph.

150.    Amegy admits that Speer's original $20 million loan required a principal payment of $2.5 million in September 2007. Amegy admits that Speer requested and Amegy agreed to a modification of the loan payment schedule, deferring the last two principal payments to December 31, 2007 and June 30, 2008. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

151.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

152.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

153.    Amegy admits that Speer made a principal payment on his $20 million loan from Amegy on or about January 4, 2008. Otherwise, Amegy denies the allegations in this paragraph.

154.    Amegy denies the allegations in this paragraph.

155.    Amegy denies the allegations in this paragraph.

156.    Amegy denies the allegations in this paragraph.

-16-

## 2. Amegy Interest Payments

157. Amegy denies the allegations in this paragraph.

158. Amegy denies the allegations in this paragraph.

159. Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

160. Amegy admits that the "Royce Homes LP-Loan Account" statements contain the wire transfer entries listed in the paragraph. Amegy denies that the paragraph accurately characterizes such wires.

161. Amegy denies the allegations in this paragraph.

162. Amegy denies the allegations in this paragraph.

163. Amegy denies the allegations in this paragraph.

## 3. Payments to Manners

164. Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

165. Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

166. Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

167. Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

168. Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

169. Amegy denies the allegations in this paragraph.

170.    Amegy denies the allegations in this paragraph.

### 4. Other Speer Distributions/Payments

171.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

172.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

173.    Amegy denies the allegations in this paragraph.

174.    Amegy denies the allegations in this paragraph.

### 5. Damages for Breach of Partnership Agreement

175.    Amegy denies the allegations in this paragraph.

### B.  Breach of Fiduciary Duty

176.    Amegy denies the allegations in this paragraph.

177.    Amegy denies the allegations in this paragraph.

178.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### 1. Legal Analysis

179.    Amegy admits that the legal conclusion stated in this paragraph, devoid of any context or facts, is contained in the cited case. Amegy denies that the allegation accurately and completely states the elements of a breach of fiduciary duty cause of action under the specific circumstances of this case. Amegy denies that it owed a fiduciary duty to Royce Homes, L.P., that it breached any duty to Royce Homes, L.P., or that it conspired/aided and abetted/acted in concert with others in a breach of any fiduciary duty to Royce Homes, L.P.

180.    Amegy admits that Section 5.1 of the Partnership Agreement states, "Except as

otherwise provided in this Agreement but consistent with the General Partners' fiduciary responsibility for the safeguarding and use of all partnership property . . . ." Otherwise, Amegy denies the remaining allegations in this paragraph.

181.    Amegy admits the allegations in this paragraph.

182.    Amegy denies the allegations in this paragraph.

183.    Amegy admits the allegations in this paragraph.

184.    Amegy denies the allegations in this paragraph.

185.    Amegy admits the allegations in this paragraph.

186.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

187.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

188.    Amegy admits that the legal conclusion stated in this paragraph, devoid of any context or facts, is contained in the cited case. Amegy denies that the allegation accurately and completely states the elements of a breach of fiduciary duty cause of action under the specific circumstances of this case. Amegy denies that such common law and statutory duties apply to Royce Homes's general partner. Amegy denies that it owed a fiduciary duty to Royce Homes, L.P. or that it breached any duty to Royce Homes, L.P.

189.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

190.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

191.    Amegy admits that the Application for Certificate of Authority filed for

Hammersmith Group, Inc. on July 7, 1998 only lists John Speer in response to Question No. 9 ("The names and respective addresses of its directors are:").

192.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

193.   Amegy denies the allegations in this paragraph.

194.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

195.   Amegy denies the allegations in this paragraph.

196.   Amegy admits that the first legal conclusion stated in this paragraph, devoid of any context or facts, is contained in the first cited case. Amegy denies that the allegations accurately and completely state the elements for conspiracy and aiding and abetting under the specific circumstances of this case. Amegy denies that its actions constitute conspiracy or aiding and abetting.

197.   Amegy denies the allegations in this paragraph.

## 2. Additional Facts Relating to Breach of Fiduciary Duty

198.   Amegy denies the allegations in this paragraph.

199.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

200.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

201.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

202.   Amegy admits that the deposition excerpts incorporated in the Complaint accurately

quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters in the cited testimony, and denies that the conclusions made by the Trustee based upon Gathmann's cited testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

203. Amegy denies that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

204. Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

205. Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

206. Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

207. Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters

-21-

to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

208.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

209.    Amegy admits that Speer made a $10 million principal payment to Amegy Bank on or about January 3, 2007. Otherwise, Amegy denies the allegations in this paragraph.

210.    Amegy denies the allegations in this paragraph.

211.    Amegy admits that Denison testified in his 2004 examination in the portion cited in the Complaint that I) Royce Homes was heavily dependent on its ability to borrow money to acquire and develop property; ii) equity in a company is one of several factors that lenders look at to determine if they are going to loan money; and iii) debt-to-equity ratio is one of several important ratios. Amegy denies that "Manners, Gathmann, Speer, and Denison agreed that maintaining the Royce Homes debt-to-equity ratios were important," and denies that "[a]ll agree debt-to-equity are an important factor in the ability to borrow." Amegy admits that in his 2004 examination in the portion cited in the Complaint, Manners answered affirmatively to "without borrowing capacity, a homebuilder such as Royce can be stifled or destroyed; would that be correct?" Amegy admits that Gathmann answered "Yeah" to the question in his 2004 examination that "the leverage ratios are very important for a company such as Royce Homes to maintain is that correct?" Amegy admits that Gathmann answered, "That's correct" to the question "And if you don't maintain them, it can put the company in peril?" Amegy denies that the Trustee has accurately reflected all of the testimony. Amegy denies that the Trustee's conclusions are accurate. Otherwise, Amegy denies the remaining allegations in this paragraph.

212.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately

quote certain portions of Speer's testimony. Amegy denies that the Trustee has accurately reflected all of Speer's testimony, and denies that the conclusions made by the Trustee based upon Speer's testimony are accurate. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

213.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

214.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Amegy admits that Gathmann testified that a condition where "Royce Homes is out of its loan covenants . . . would be . . . somewhat distressing." Otherwise, Amegy denies the allegations in this paragraph.

215.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

216.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately

-23-

quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

217.   Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

218.   Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

219.   Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

220.   Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's

-24-

testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

221.    Amegy lacks knowledge or information sufficient to form a belief about the truth of
the allegations regarding "Royce Homes's problems" in this paragraph; such allegations are
therefore effectively denied. Amegy admits the remaining allegations in this paragraph.

222.    Amegy lacks knowledge or information sufficient to form a belief about the truth of
the allegations in this paragraph; such allegations are therefore effectively denied.

223.    Amegy lacks knowledge or information sufficient to form a belief about the truth of
the allegations in this paragraph; such allegations are therefore effectively denied.

224.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately
quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately
reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters
to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's
testimony are accurate. Otherwise, Amegy lacks knowledge or information sufficient to form a
belief about the truth of the allegations in this paragraph; such allegations are therefore effectively
denied.

225.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately
quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately
reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters
to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's
testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

226.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately
quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately
reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters

to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

227.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

228.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

229.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Speer's testimony. Amegy denies that the Trustee has accurately reflected all of Speer's testimony, and denies that the conclusions made by the Trustee based upon Speer's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

230.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

231.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately

reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

232.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Amegy admits that it monitored Royce Homes's depository accounts with regard to past due or overdraft activity and levels of deposits in general to mainly watch for red flags. Amegy admits that from time to time it received information from Royce Homes that included debt-to-equity ratios. Otherwise, Amegy denies the allegations in this paragraph.

233.    Amegy denies the allegations in this paragraph.

234.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Amegy admits that on or around September 24, 2007 an employee of Amegy prepared a document that states that "Max Debt Tang. Net Worth," actual of December 31, 2006 is "6.6x." Otherwise, Amegy denies the allegations in this paragraph.

235.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Amegy denies that "Using the same data, Amegy calculated Royce Homes was breaching its debt-to-equity ratios with its lenders in all of 2007." Amegy admits

-27-

that Amegy 003629-001 states "Debt/Tangible Net Worth" for "Interim June 30 2007(6)" as 10.44. Otherwise, Amegy denies the allegations in this paragraph.

236.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Amegy admits that 2004 Examination Ex. No. 125 contains the quoted language. Otherwise, Amegy denies the allegations in this paragraph.

237.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Amegy admits that the statement, "The pro forma estimates revenues to be $239 MM, a 46% decline from the original estimated projection submitted in 2006," is on Amegy 003594-001 and the statement indicates that projections were being revised by 46%. Otherwise, Amegy denies the allegations in this paragraph.

238.    Amegy denies the allegations in this paragraph.

239.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

240.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

241.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

242.    Amegy denies that "Speer told Denison Royce Homes was breaching basically all of its debt-to-equity ratios." Amegy denies that Denison testified in his 2004 Examination that "by October 2007 some of Royce Homes's loans were modified to allow debt-to-equity ranging from 5.5 to 6.75 to 1." Amegy denies that Denison testified in his 2004 Examination that "Amegy calculated that despite the modification, Royce Homes has appeared to have jumped to 10 to 1." Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

243.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in first sentence of this paragraph; such allegations are therefore effectively denied. Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Amegy admits that Amegy 052045-002 includes the statement "They are considering desperate financing alternatives." Amegy admits that it declined to lease model home furniture. Otherwise, Amegy denies the allegations in this paragraph.

244.    Amegy denies the allegations in this paragraph.

-29-

245.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

246.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

247.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

248.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

249.    Amegy admits that Denison testified in his 2004 Examination that he recalls hearing "that Royce went to its lenders to defer making principal payments on their construction loans."

-30-

Otherwise, Amegy denies the allegations in this paragraph.

250.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### 3. Westwood Gardens Asset Stripping

251.    Amegy denies the allegations in this paragraph.

252.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

253.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

254.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

255.    Amegy admits the allegations in this paragraph.

256.    Amegy denies the allegations in this paragraph.

257.    Amegy denies the allegations in this paragraph.

258.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

259.    Amegy denies the allegations in this paragraph.

260.    Amegy admits that it and Speer discussed the formation of Vestalia. Otherwise, Amegy denies the allegations in this paragraph.

261.    Amegy denies that it negotiated the formation of Vestalia, and admits the remaining allegations in this paragraph.

262.    Amegy denies the allegations in this paragraph.

263.    Amegy denies that it sought to create a strawman company to purchase Westwood Gardens giving the impression Speer was not involved. Amegy denies that Denison testified that Amegy's attorneys strongly preferred Speer not being owner of Vestalia and that its capitalization would come from a source other than Speer. Amegy admits that Speer testified in his 2004 Examination that "I would guess it would be simpler for them if nobody was related to Royce Homes that was a part of NewCo." Amegy admits that it and Speer discussed different ways the new company could be established. Amegy denies that it did not want Speer to be an owner; Speer is an owner of Vestalia. Amegy denies that it helped plan how Speer could be compensated. Amegy admits that Denison acknowledged in his 2004 Examination that Amegy did not typically get involved in the ownership of companies because it typically did not lend to start-up companies. Amegy admits that Denison testified in his 2004 Examination that the Vestalia transaction was not typical because Amegy is rarely involved in a start-up company, most of the financing provided by Amegy is to existing companies that are already formed, and because it is a workout. Otherwise, Amegy denies the allegations in this paragraph.

264.    Amegy admits the allegations in this paragraph.

265.    Amegy admits that Speer did not file petitions for bankruptcy protection regarding Royce Homes or Park Lake. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

266.    Amegy admits that Speer and Denison discussed the opportunity available through the Wachovia foreclosure on assets in Westwood Gardens. Amegy admits that it engaged in negotiations with Wachovia to purchase its note and security interest at a discount. Amegy admits

that by December 2008 Amegy was engaged in negotiations with Wachovia to purchase the note and security interest. Amegy admits that in the excerpt of Denison's 2004 Examination he was asked about an e-mail statement by John Speer characterizing a counteroffer by Wachovia as a "great deal." Otherwise, Amegy denies the allegations in this paragraph.

267.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Otherwise, Amegy denies the remaining allegations in this paragraph.

268.    Amegy admits that it negotiated the terms of the line of credit for Vestalia and discussed with Speer Vestalia's purchase of the foreclosed assets. Amegy denies the remaining allegations in this paragraph.

269.    Amegy admits that it required discharge of a mechanics and materialman's lien prior to foreclosure. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; such allegations are therefore effectively denied.

270.    Amegy admits the facts stated in this paragraph and denies the statements in footnote 28.

271.    Amegy admits that "The Westwood Gardens transaction was approved by the Amegy Bank loan committee." Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Otherwise, Amegy denies the allegations in this

-33-

paragraph.

272.     Amegy admits that it obtained an appraisal of the Westwood Gardens property. Amegy admits that it internally reviewed the appraisal. Amegy admits that it discussed the value of the property with Speer and also discussed the MUD reimbursement. Otherwise, Amegy denies the allegations in this paragraph.

273.     Amegy admits that Denison testified in his 2004 Examination that the appraiser established a discounted value for the lots and MUD reimbursements of $5,405,000. Amegy admits that the appraisal identifies the party who expressed an intent to purchase the lots over time. Amegy denies that the purchaser's expressed intent added to the value of the MUD reimbursements of $2.9 million establishes a value to Park Lake of $6,772,550. Amegy admits that Denison testified in his 2004 Examination that the review of the appraisal established a four of possible five rating. Amegy admits that the appraisal review process typically includes the steps A through D stated in the paragraph. Otherwise, Amegy denies the allegations in this paragraph.

274.     Amegy denies the allegations in this paragraph.

275.     Amegy denies the allegations in this paragraph.

### 4. Watermark Asset Stripping

276.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

277.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

278.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

279.     Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

280.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

281.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

282.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

283.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

284.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

285.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

286.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

287.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

288.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

289.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

290.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

291.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

## 5. Allard Investment Asset Stripping

292.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

293.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

294.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

295.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

296.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

297.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

298.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

299.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

300.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

301.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

302.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

303.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

304.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

305.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### 6. Conclusion and Damages Relating to Breach of Fiduciary Duty

306.    Amegy denies the allegations in this paragraph.

307.    Amegy denies the allegations in this paragraph.

308.    Amegy denies the allegations in this paragraph.

309.    Amegy denies the allegations in this paragraph.

310.    Amegy denies the allegations in this paragraph.

311.    Amegy denies the allegations in this paragraph.

312.    Amegy denies the allegations in this paragraph.

313.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

314.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

315.    Amegy denies the allegations in this paragraph.

316.    Amegy denies the allegations in this paragraph.

317.    Amegy denies the allegations in this paragraph.

-37-

318.    Amegy denies the allegations in this paragraph.

319.    Amegy denies the allegations in this paragraph.

320.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

321.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

322.    Amegy denies the allegations in this paragraph.

323.    Amegy denies the allegations in this paragraph.

### C.  Civil Theft/Conversion

324.    Amegy denies the allegations in this paragraph.

325.    Amegy denies the allegations in this paragraph.  Amegy denies that any of its actions constitute civil theft.

326.    Amegy denies the allegations in this paragraph.

327.    Amegy admits that the elements of conversion are stated devoid of any facts or context.  Amegy denies that it committed conversion or is otherwise liable to the Trustee. Otherwise, Amegy denies the allegations in this paragraph.

328.    Amegy denies the allegations in this paragraph.

329.    Amegy denies the allegations in this paragraph.

330.    Amegy denies the allegations in this paragraph.

331.    Amegy denies the allegations in this paragraph.

332.    Amegy denies the allegations in this paragraph.

333.    Amegy denies the allegations in this paragraph.

334.    Amegy denies the allegations in this paragraph.

335.   Amegy denies the allegations in this paragraph.

336.   Amegy denies the allegations in this paragraph.

337.   Amegy denies the allegations in this paragraph.

338.   Amegy denies the allegations in this paragraph.

339.   Amegy denies the allegations in this paragraph.

340.   Amegy admits that the paragraph correctly references the Delaware statute.

341.   Amegy admits that the paragraph correctly references the Delaware statute.

342.   Amegy denies the allegations in this paragraph.

343.   Amegy denies the allegations in this paragraph.

344.   Amegy denies the allegations in this paragraph.

345.   Amegy denies the allegations in this paragraph.

346.   Amegy denies the allegations in this paragraph.

### D. Fraud/Fraud Scheme

#### 1. Elements of Fraud/Conspiracy/Aiding and Abetting/Act in Concert

347.   Amegy denies the allegations in this paragraph.

348.   Amegy denies that the elements of fraud are established in the cited case, which deals solely with legal sufficiency of evidence. Amegy denies that the elements of fraud are applicable to the facts of this case and denies that it committed fraud or that it conspired with, aided and abetted, or acted in concert with any alleged tortfeasors.

349.   Amegy admits that the legal propositions stated, devoid of any context or facts, are taken from the cited case. Amegy denies that it made any false representations, denies that it had an affirmative duty to disclose, denies that it had a confidential or fiduciary relationship, denies that it made any representations, denies that it concealed facts or that facts were concealed, denies that

Royce Homes was ignorant of facts, and denies that there was not an equal opportunity to discover the truth. Amegy denies that it made partial disclosures or any disclosure and denies that it conveyed a false impression.

350.    Amegy denies that "[a]ctionable nondisclosure fraud arises by operation of law." Amegy denies that the *Bradford* and *Hoggett* cases cited in the paragraph are good law. Amegy denies that any or all of the criteria 1-4 apply to it or the facts of this case. Amegy denies that it made any representations, and if it did, that new information made the earlier representation misleading or untrue. Otherwise, Amegy denies the allegations in this paragraph.

351.    Amegy admits that the case cited states the elements of conspiracy stated in the paragraph, devoid of any context or facts. Otherwise, Amegy denies the allegations in this paragraph. Amegy denies that its actions constitute conspiracy.

352.    Amegy denies the allegations in this paragraph.

353.    Amegy admits that the *McMillen Feeds* case states in dicta that "[i]t is the general rule in Texas that two or more persons . . . ." Amegy denies that it participated in concerted action to commit a tort. Amegy denies that RESTATEMENT (SECOND) OF TORTS § 876 is recognized in Texas.

354.    Amegy denies that RESTATEMENT (SECOND) OF TORTS § 876 is recognized in Texas. Amegy denies that it committed any tort or acted in concert to commit a tort. Amegy denies that the *Anderson* case stands for the cited proposition. Otherwise, Amegy denies the allegations in this paragraph.

355.    Amegy denies the allegations in this paragraph.

356.    Amegy denies the allegations in this paragraph.

-40-

## 2. Avoiding Reporting the Buyout Obligations
## on the Royce Balance Sheets

357.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

358.    Amegy denies the allegations in this paragraph.

359.    Amegy denies the allegations in this paragraph.

### 3. Amegy's Complicity

360.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

361.    Amegy denies the allegations in this paragraph.

362.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Denison's testimony. Amegy denies that the Trustee has accurately reflected all of Denison's testimony, and denies that the conclusions made by the Trustee based upon Denison's testimony are accurate. Amegy admits that Denison testified in his 2004 Examination that Royce Homes was "heavily dependent on [its] ability to borrow money to acquire and develop property." Amegy admits that Denison testified in his 2004 Examination that equity in a company is an important factor that lenders look at to determine if they're going to loan money. Otherwise, Amegy denies the allegations in this paragraph.

363.    Amegy denies the allegations in this paragraph.

364.    Amegy denies the allegations in this paragraph.

365.    Amegy denies the allegations in this paragraph.

#### 4. Manners's Complicity

366.    Amegy denies the allegations in this paragraph.

367.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

368.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

369.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

370.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

371.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

372.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

373.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

#### 5. Failure to Disclose

374.    Amegy denies that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Speer's testimony. Amegy denies that the Trustee has accurately reflected all of Speer's testimony, denies that Speer had personal knowledge of the matters to which he

-42-

testified, and denies that the conclusions made by the Trustee based upon Speer's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

375.    Amegy denies that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Speer's and Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Speer's and Gathmann's testimony, denies that Speer and Gathmann had personal knowledge of the matters to which they testified, and denies that the conclusions made by the Trustee based upon Speer's and Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

376.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

377.    Amegy denies the allegations in this paragraph.

### 6. Misleading Financial Statements

378.    Amegy admits that the paragraph reflects a portion of Speer's 2004 examination. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

379.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Speer's testimony. Amegy denies that the Trustee has accurately reflected all of Speer's testimony, denies that Speer had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Speer's testimony are accurate. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the

-43-

truth of the allegations in this paragraph; such allegations are therefore effectively denied.

380.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Speer's testimony. Amegy denies that the Trustee has accurately reflected all of Speer's testimony, denies that Speer had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Speer's testimony are accurate. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

381.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Speer's testimony. Amegy denies that the Trustee has accurately reflected all of Speer's testimony, denies that Speer had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Speer's testimony are accurate. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

382.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Speer's testimony. Amegy denies that the Trustee has accurately reflected all of Speer's testimony, denies that Speer had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Speer's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

383.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Speer's testimony. Amegy denies that the Trustee has accurately reflected all of Speer's testimony, denies that Speer had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Speer's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

-44-

384.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

385.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Speer's testimony. Amegy denies that the Trustee has accurately reflected all of Speer's testimony, denies that Speer had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Speer's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

386.    Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Speer's testimony. Amegy denies that the Trustee has accurately reflected all of Speer's testimony, denies that Speer had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Speer's testimony are accurate. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

387.    Amegy admits the allegations in this paragraph.

388.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### 7. Conclusion

389.    Amegy denies the allegations in this paragraph.

390.    Amegy denies the allegations in this paragraph.

391.    Amegy denies the allegations in this paragraph.

392.    Amegy denies the allegations in this paragraph.

393.    Amegy denies the allegations in this paragraph.

394.    Amegy denies the allegations in this paragraph.

## E. Declaratory Judgment and Turnover Against
### Manners, Saracen, and DWM Holdings as Trustee for Senior Debt

395.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

396.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

397.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

398.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

399.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

400.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

401.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

402.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

403.    Amegy admits the allegations in this paragraph refer to provisions of the Loan Agreement. Otherwise, Amegy denies the allegations in this paragraph.

404.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

405.    Amegy denies the allegations in this paragraph.

406.     Amegy admits the allegations in this paragraph refer to provisions of the Loan Agreement. Otherwise, Amegy denies the allegations in this paragraph.

407.     Amegy admits the allegations in this paragraph refer to provisions of the Loan Agreement. Otherwise, Amegy denies the allegations in this paragraph.

408.     Amegy denies the allegations in this paragraph.

409.     Amegy admits the allegations in this paragraph refer to provisions of the Loan Agreement. Otherwise, Amegy denies the allegations in this paragraph.

410.     Amegy denies the allegations in this paragraph.

411.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

412.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

413.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

## F. Fraudulent Transfers
### 1. Fraudulent Transfers Under 11 USC §548

414.     This paragraph is a verbatim statement of a statute and a response is therefore not necessary. Amegy denies that it is liable thereunder.

415.     Amegy denies that this is a complete statement of the Trustee's burden. Otherwise, Amegy denies the allegations in this paragraph.

416.     Amegy denies that this is a complete statement of the Trustee's burden. Otherwise, Amegy denies the allegations in this paragraph.

-47-

### 2. Fraudulent Transfers Under 11 USC §544 and
### Tex. Bus. Comm. C. §§24.005, 24.006 and 24.010(a) (TUFTA)

417. This paragraph is a verbatim statement of a statute and a response is therefore not necessary. Amegy denies that it is liable thereunder.

418. This paragraph is a verbatim statement of a statute and a response is therefore not necessary. Amegy denies that it is liable thereunder.

419. This paragraph is a verbatim statement of a statute and a response is therefore not necessary. Amegy denies that it is liable thereunder.

420. Amegy denies that this is a complete statement of the Trustee's burden. Otherwise, Amegy denies the allegations in this paragraph.

### 3. Fraudulent Transfers Under 11 USC §544 and
### 6 Del.C. §§1304, 1305 and 1309 (DUFTA)

421. This paragraph is a verbatim statement of a statute and a response is therefore not necessary. Amegy denies that it is liable thereunder.

422. This paragraph is a verbatim statement of a statute and a response is therefore not necessary. Amegy denies that it is liable thereunder.

423. This paragraph is a verbatim statement of a statute and a response is therefore not necessary. Amegy denies that it is liable thereunder.

424. Amegy denies that this is a complete statement of the Trustee's burden. Otherwise, Amegy denies the allegations in this paragraph.

### 4. Recovery of Avoided Transfers Under 11 U.S.C. §550

425. This paragraph is a verbatim statement of a statute and a response is therefore not necessary. Amegy denies that it is liable thereunder.

### 5. Recovery of Avoided Transfers Under TEX. BUS. COMM. C. § 24.009

426.    This paragraph is a verbatim statement of a statute and a response is therefore not necessary.  Amegy denies that it is liable thereunder.

### 6. Recovery of Avoided Transfers Under 6 Del.C. § 1308

427.    This paragraph is a verbatim statement of a statute and a response is therefore not necessary.  Amegy denies that it is liable thereunder.

### 7. TUFTA/DUFTA Creditor Requirement

428.    Amegy denies the allegations in this paragraph.

### 8. Unreasonably Small Capital

429.    This paragraph merely incorporates by reference other paragraphs, so a separate response is not necessary.  Amegy asserts its responses to each of the incorporated paragraphs.

430.    Amegy denies the allegations in this paragraph.

431.    Amegy denies the allegations in this paragraph.

432.    Amegy denies the allegations in this paragraph.

433.    Amegy denies the allegations in this paragraph.

434.    Amegy denies the allegations in this paragraph.

435.    Amegy denies the allegations in this paragraph.

436.    Amegy admits that an e-mail has been produced that contains the quoted language. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

437.    Amegy admits that an e-mail has been produced that contains the quoted language. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

438.     Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

439.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

440.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

441.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

442.     Amegy admits that the deposition excerpts incorporated in the Complaint accurately quote certain portions of Gathmann's testimony. Amegy denies that the Trustee has accurately reflected all of Gathmann's testimony, denies that Gathmann had personal knowledge of the matters to which he testified, and denies that the conclusions made by the Trustee based upon Gathmann's testimony are accurate. Otherwise, Amegy denies the allegations in this paragraph.

443.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

444.     Amegy admits that Speer made the $10 million payment on January 3, 2007. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

445.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

446.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

447.     Amegy admits that in January 2008 Speer made a $2.5 million payment to Amegy. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

448.     Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### 9. Speer was the Agent for Amegy with Respect to Dividends, Distributions and Other Amounts Paid by Royce Homes on and after October 31, 2006

449.     This paragraph incorporates other paragraphs by reference, so a separate response is not necessary. Amegy incorporates its responses to each incorporated paragraph.

450.     Amegy denies the allegations in this paragraph.

451.     Amegy denies the allegations in this paragraph.

452.     Amegy admits that the paragraph contains partial quotations from the Loan Agreement taken out of context. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

453.     Amegy admits that the paragraph contains partial quotations from the Loan Agreement taken out of context. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

454.     Amegy denies the allegations in this paragraph.

455.     Amegy admits that the paragraph contains partial quotes from the Security

Agreement, Pledge, and Collateral Assignment taken out of context. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

456.    Amegy admits that the paragraph contains partial quotes from the Security Agreement, Pledge, and Collateral Assignment taken out of context. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

457.    Amegy admits that the paragraph contains partial quotes from the Loan Agreement taken out of context. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

458.    Amegy denies the allegations in this paragraph.

459.    Amegy denies the allegations in this paragraph.

460.    Amegy denies the allegations in this paragraph.

461.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

462.    Amegy denies the allegations in this paragraph.

463.    Amegy denies the allegations in this paragraph.

464.    Amegy denies the allegations in this paragraph.

465.    Amegy denies the allegations in this paragraph.

466.    Amegy admits that the paragraph cites dicta from the cited cases, and denies that Speer was or ever has been its agent.

467.    Amegy denies the allegations in this paragraph.

468.    Amegy denies the allegations in this paragraph.

## 10. Fraudulent Transfers to Amegy

469.    This paragraph incorporates other paragraphs by reference, so a separate response is not necessary.  Amegy incorporates its responses to each incorporated paragraph.

470.    Amegy admits that Speer made the principal and interest payments identified. Amegy denies that it was paid with Royce Homes's funds.

471.    Amegy denies the allegations in this paragraph.

472.    Amegy denies the allegations in this paragraph.

473.    Amegy denies the allegations in this paragraph.

474.    Amegy denies the allegations in this paragraph.

475.    Amegy denies the allegations in this paragraph.

## 11. Fraudulent Transfer to Manners, Saracen and DWM Holdings

476.    This paragraph incorporates other paragraphs, so a separate response is not necessary. Amegy incorporates its response to each incorporated paragraph.

477.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

478.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

479.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

480.    Amegy denies the allegations in this paragraph.

481.    Amegy denies the allegations in this paragraph.

482.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

-53-

## 12. Fraudulent Transfers to Allard Investments

483.   This paragraph incorporates other paragraphs, so a separate response is not necessary. Amegy incorporates its response to each incorporated paragraph.

484.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

485.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

486.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

487.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

488.   Amegy denies the allegations in this paragraph.

489.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

## 13. Fraudulent Transfers to MGM Motor Sports

490.   This paragraph incorporates other paragraphs, so a separate response is not necessary. Amegy incorporates its response to each incorporated paragraph.

491.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

492.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

493.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

-54-

494.     Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

495.     Amegy denies the allegations in this paragraph.

496.     Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

### 14.  Fraudulent Transfers to Speer Relating to the Amegy Transfers and Manners Transfers

497.     This paragraph incorporates other paragraphs, so a separate response is not necessary.

Amegy incorporates its response to each incorporated paragraph.

498.     Amegy denies the allegations in this paragraph.

499.     Amegy denies the allegations in this paragraph.

500.     Amegy denies the allegations in this paragraph.

501.     Amegy denies the allegations in this paragraph.

502.     Amegy denies the allegations in this paragraph.

503.     Amegy denies the allegations in this paragraph.

### 15.  Additional Fraudulent Transfers to Speer

504.     This paragraph incorporates other paragraphs, so a separate response is not necessary.

Amegy incorporates its response to each incorporated paragraph.

505.     Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

506.     Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

507.     Amegy denies the allegations in this paragraph.

508.   Amegy denies the allegations in this paragraph.

509.   Amegy denies the allegations in this paragraph.

510.   Amegy denies the allegations in this paragraph.

### 16. Fraudulent Transfers to Kopecky

511.   This paragraph incorporates other paragraphs, so a separate response is not necessary. Amegy incorporates its response to each incorporated paragraph.

512.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

513.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

514.   Amegy denies the allegations in this paragraph.

515.   Amegy denies the allegations in this paragraph.

516.   Amegy denies the allegations in this paragraph.

517.   Amegy denies the allegations in this paragraph.

### 17. Fraudulent Transfer Relating to Manners's Salary

518.   This paragraph incorporates other paragraphs, so a separate response is not necessary. Amegy incorporates its response to each incorporated paragraph.

519.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

520.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

521.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

522.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

523.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

524.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

525.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

526.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

527.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

528.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

529.    Amegy denies the allegations in this paragraph.

530.    Amegy denies the allegations in this paragraph.

531.    Amegy denies the allegations in this paragraph.

532.    Amegy denies the allegations in this paragraph.

### 18.  Fraudulent Transfer of Westwood Gardens

533.    This paragraph incorporates other paragraphs, so a separate response is not necessary. Amegy incorporates its response to each incorporated paragraph.

534.    Amegy denies the allegations in this paragraph.

535.    Amegy denies the allegations in this paragraph.

-57-

536.    Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

537.    Amegy denies the allegations in this paragraph.

538.    Amegy denies the allegations in this paragraph.

539.    Amegy denies the allegations in this paragraph.

540.    Amegy denies the allegations in this paragraph.

541.    Amegy denies the allegations in this paragraph.

### 19.  Fraudulent Transfer to Donnie Lou Speer

542.    This paragraph incorporates other paragraphs, so a separate response is not necessary.

Amegy incorporates its response to each incorporated paragraph.

543.    Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

544.    Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

545.    Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

546.    Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

547.    Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

548.    Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

549.    Amegy lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph; such allegations are therefore effectively denied.

550.    Amegy denies the allegations in this paragraph.

551.    Amegy denies the allegations in this paragraph.

552.    Amegy denies the allegations in this paragraph.

553.    Amegy denies the allegations in this paragraph.

## 20. Fraudulent Transfer of Speer Compound

554.    This paragraph incorporates other paragraphs, so a separate response is not necessary. Amegy incorporates its response to each incorporated paragraph.

555.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

556.    Amegy admits that it made a purchase money loan to Speer for the property on Telge Road. Otherwise, Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

557.    Amegy denies the allegations in this paragraph.

558.    Amegy denies the allegations in this paragraph.

559.    Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

560.    Amegy denies the allegations in this paragraph.

561.    Amegy denies the allegations in this paragraph.

562.    Amegy denies the allegations in this paragraph.

563.    Amegy denies the allegations in this paragraph.

564.    Amegy denies the allegations in this paragraph.

## G. Unjust Enrichment

565.    This paragraph incorporates other paragraphs, so a separate response is not necessary.

Amegy incorporates its response to each incorporated paragraph.

566.    Amegy denies the allegations in this paragraph.

567.    Amegy denies the allegations in this paragraph.

568.    Amegy denies the allegations in this paragraph.

## H. Equitable Subordination of Amegy Liens

569.    Amegy denies the allegations in this paragraph.

570.    Amegy denies the allegations in this paragraph.

571.    This paragraph incorporates other paragraphs, so a separate response is not necessary.

Amegy incorporates its response to each incorporated paragraph.

572.    Amegy admits that the UCC-1s perfected Amegy's lien on the property identified on

the UCC-1s. Otherwise, Amegy denies the allegations in this paragraph.

573.    Amegy admits that the UCC-1 perfected Amegy's lien.

574.    Amegy admits that the UCC-1 perfected Amegy's lien.

575.    Amegy admits that the UCC-1 perfected Amegy's lien.

576.    Amegy admits that the UCC-1s perfected Amegy's lien on the property identified on

the UCC-1s. Otherwise, Amegy denies the allegations in this paragraph.

577.    Amegy denies the allegations in this paragraph.

578.    Amegy denies the allegations in this paragraph.

579.    Amegy denies the allegations in this paragraph.

## I. Constructive Trust/Equitable Lien

580.    Amegy admits that the cited case states the cited proposition in dicta.  Amegy denies

that it had an informal relationship of special trust or confidence arising prior to and apart from the transaction in question, denies that it committed actual fraud, denies that it was unjustly enriched, and denies that there is an identifiable *res* that can be traced.

### 1. Tax Distributions

581.   Amegy denies the allegations in this paragraph.

582.   Amegy denies the allegations in this paragraph.

583.   Amegy denies the allegations in this paragraph.

584.   Amegy denies the allegations in this paragraph.

585.   Amegy denies the allegations in this paragraph.

### 2. Westwood Gardens MUD Reimbursements

586.   Amegy denies the allegations in this paragraph.

587.   Amegy denies the allegations in this paragraph.

588.   Amegy denies the allegations in this paragraph.

### 3. Speer Compound

589.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

590.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

591.   Amegy lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### VII.

### Defenses

592.   Each of the following affirmative defenses, specific denials, assertions of avoidance,

and defenses is pled in the alternative to each other and to all other parts of this Answer.

## A.    Affirmative defenses

593.    Amegy affirmatively pleads the defense of release. Near the beginning of the section in the Complaint regarding Breach of Partnership Agreement, Trustee states the general proposition that "A partnership may maintain an action against a partner for a breach of the partnership agreement, or for the violation of a duty to the partnership, causing harm to the partnership." Complaint, at 15-16. Trustee cites to Del. Code Ann. tit. 6, § 15-405(a) (the Delaware Revised Uniform Partnership Act or "DRUPA") for this proposition because "The internal affairs of the Partnership and the relative rights of the parties to [the Partnership] Agreement shall be governed by the laws of the State of Delaware . . . ." Exhibit A to the Complaint, at 36. However, such an action for breach cannot be brought in this case against Royce Homes's general partner. This issue was specifically addressed in the Partnership Agreement. Section 5.3 provides in pertinent part:

### 5.3    Liabilities; Indemnification

(a)    THE GENERAL PARTNER SHALL NOT BE LIABLE TO THE PARTNERSHIP OR THE PARTNERS FOR ANY LOSS OR DAMAGE INCURRED BY THE PARTNERSHIP OR ANY PARTNER BY REASON OF ANY ACT OR OMISSION (WHETHER NEGLIGENT OR NOT) PERFORMED OR OMITTED BY THE GENERAL PARTNER IN GOOD FAITH AND IN A MANNER REASONABLY BELIEVED BY THE GENERAL PARTNER TO BE WITHIN THE SCOPE OF THE AUTHORITY GRANTED TO THE GENERAL PARTNER BY THIS AGREEMENT. THE PARTNERSHIP SHALL INDEMNIFY AND SAVE HARMLESS THE GENERAL PARTNER TO THE FULLEST EXTENT NOW OR HEREAFTER PERMITTED BY THE ACT.

*Id.* at 19 (bold heading in original). This specific provision trumps the general Delaware statutory law cited by Trustee. As Del. Code Ann. tit. 6, § 15-103 states,

-62-

> (a) Except as otherwise provided in subsection (b), relations among
> the partners and between the partners and the partnership are
> governed by the partnership agreement.

DEL. CODE ANN. tit. 6, § 15-103(a) (also stating that DRUPA only governs relations between the partners and the partnership to the extent the partnership agreement does *not* address the topic). Thus, Hammersmith cannot be held liable for the contract claims the Trustee has brought in this adversary. In the alternative, Amegy also asserts that Hammersmith did not breach the Partnership Agreement.

594.    Also regarding Trustee's breach of contract claims, Amegy affirmatively pleads that (1) Amegy was not a party to the Partnership Agreement, and (2) John Speer was not a party to the Partnership Agreement. Thus, Amegy and Speer are not liable in the capacity in which they have been sued.

595.    Amegy affirmatively pleads there is no cause of action for conspiracy to breach a contract.

596.    Amegy affirmatively pleads there is no cause of action for aiding and abetting the breach of a contract.

597.    Amegy affirmatively pleads the defense of estoppel. Debtor's, and, if applicable, Debtor's creditors', inaction or acquiescence to certain business practices, the September 20, 2006 $20 million loan to John Speer, and the alleged making of payments (of both principal and interest) on the $20 million loan —with the intention that Amegy rely and act upon such conduct or inaction in a certain way–induced Amegy to accept such loan payments and to enter into extensions of the payment terms with Speer. Debtor made representations regarding Debtor's financial condition. Amegy accepted such representations as true and relied upon such representations. Debtor gave assurances to Amegy regarding its business. Debtor is now precluded from asserting certain claims

against Amegy because Debtor previously consented to the alleged conduct or inaction that it now claims to be wrongful. For these reasons, Trustee and Debtor are now estopped from bringing claims based on that same alleged conduct or inaction.

598. Amegy affirmatively pleads the defense of waiver. Waiver is the intentional relinquishment of a known right. To the extent Trustee brings claims against Amegy based on alleged conduct or inaction to which Debtor previously consented, Trustee has waived such claims.

599. Amegy affirmatively pleads the defense of limitations/repose. The following are the applicable limitations periods and assertions regarding the specific causes of action asserted by Trustee involving Amegy:[2]

> • Breach of contract: three years. 10 DEL. C. § 8106. Some of the alleged conduct that serves as the basis for Trustee's underlying breach of contract/breach of partnership agreement cause of action occurred more than three years before the date of the filing of his Complaint;
>
> • Conspiracy: two years. TEX. CIV. PRAC. & REM. CODE § 16.003. Some of the alleged conduct that serves as the basis for Trustee's conspiracy cause of action occurred more than two years before the date of the filing of his Complaint.
>
> • Aiding and abetting breach of fiduciary duty: four years. *Id.* at 16.004. Some of the alleged conduct that serves as the basis for Trustee's aiding and abetting the breach of a fiduciary duty cause of action occurred more than four years before the date of the filing of his Complaint;
>
> • Civil theft/conversion: two years. *Id.* at 16.003. Some of the

---

[2]       Section 12.4 of the First Amended and Restated Agreement of Limited Partnership of Royce Homes, L.P. provides in pertinent part:

> 12.4    Governing Law, Successors, Severability. The internal affairs of the Partnership and the relative rights of the parties to this Agreement shall be governed by the laws of the State of Delaware . . . All other rights and remedies shall be governed by the laws of the State of Texas.

Exhibit A to the Complaint, at 36.

alleged conduct that serves as the basis for Trustee's civil theft/conversion cause of action occurred more than two years before the date of the filing of his Complaint;

• Fraud: four years. *Id.* at 16.004. Some of the alleged conduct that serves as the basis for Trustee's fraud cause of action occurred more than four years before the date of the filing of his Complaint; and

• Unjust enrichment: two years. *Id.* at 16.003. Some of the alleged conduct that serves as the basis for Trustee's unjust enrichment cause of action occurred more than two years before the date of the filing of his Complaint.[3]

600.    With regard to Trustee's fraud claims, Amegy affirmatively pleads that no

representations by Amegy serve as the basis for any of Trustee's fraud claims. Moreover, Amegy

had no duty to disclose any information to Debtor.

601.    With regard to Trustee's fraudulent transfer claims, Amegy affirmatively pleads the

following defenses:

> • Amegy asserts that with regard to some of the alleged transfers contained in the Complaint, Trustee lacks standing/capacity to sue. Pursuant to FED. R. CIV. P. 12(b)(1), Amegy pleads that this Court lacks subject matter jurisdiction over any claims involving transfers that did not originate from the Debtor. The Bankruptcy Code only allows a trustee to avoid a transfer "of an interest of the debtor in property . . . " *See* 11 U.S.C. § 548; *In re Jackson*, 105 B.R. 15, 16 (Bankr. S.D. Ohio 1989) ("An essential element in a fraudulent transfer action is that the debtor had an interest in the property transferred").
>
> • Amegy asserts that some of the fraudulent transfer claims brought by Trustee are barred by limitations/repose a trustee may only avoid a transfer of an interest of the Debtor that was made or incurred within two years before the date of the filing of the bankruptcy petition. 11 U.S.C. § 548. Under Texas law, an action for fraudulent transfer is extinguished unless the action is brought within four years after the transfer was made. TEX. BUS. & COM. CODE § 24.010. Moreover, any claims based on any transfers that are not identified

---

3       Amegy asserts its limitations defenses to the fraudulent transfer claims in more detail below.

with specificity in the Complaint are barred by the applicable statute of limitations. Such claims do not relate back under Rule 15 of the Federal Rules of Civil Procedure. Trustee is barred from recovering on any claims or transfers that are barred by limitations.

• Amegy asserts that the fraudulent transfer claims made against it under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because it is entitled to the protections of 11 U.S.C. § 548(c), 11 U.S.C. § 550(b), and TEX. BUS. & COM. CODE § 24.009(a). At all relevant times Amegy acted in good faith, gave fair/reasonably equivalent value, and lacked knowledge of the voidability of any of the transfers at issue. *See First Nat'l Bank of Seminole v. Hooper*, 104 S.W.3d 83, 85 (Tex. 2003). At all relevant times Amegy was a subsequent transferee.

• Amegy asserts that the fraudulent transfer claims made against it under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part by 11 U.S.C. § 550(b). Trustee cannot recover from a transferee that took for value (including satisfaction of a present or antecedent debt), in good faith, and without knowledge of the voidability of the transfer. Also, Trustee cannot recover from any immediate or mediate good faith transferee of such transferee. Amegy was not the initial transferee in the transfers at issue in this case; Amegy was a subsequent transferee in the transfers at issue in this case. Amegy did not receive any funds from Debtor; the funds received by Amegy were not the property of the bankruptcy estate. Moreover, at all relevant times Amegy took for value, in good faith, and without knowledge of the voidability of the transfer.

## B.   Assertions of avoidance or defense

602.   The following assertions of avoidance or defense may or may not be considered affirmative defenses. In any case, the following assertions of avoidance do not alter the fact that Trustee has the burden of proof with regard to establishing all of the causes of action brought in his Complaint, and Amegy does not waive or assume a burden of proof or persuasion on any defense. These avoidances or defenses are in the alternative, and as a supplement to the other provisions of this answer.

603.   Because there was no breach of contract, the breach of fiduciary duty claims against

Amegy also fail. In the event that the breach of fiduciary duty claims against Amegy are not

summarily dismissed, the bases of Trustee's claims are explicitly limited to the duties expressed in

the Partnership Agreement.

604.     Amegy Bank National Association did not have any involvement with Vestalia.

605.     Amegy affirmatively pleads the following in response to Trustee's fraudulent transfer

claims under 11 U.S.C. § 548 and applicable state law:[4]

> • Amegy asserts that the fraudulent transfer claims brought against it
> under 11 U.S.C. § 548 and applicable state law are barred, in whole
> or in part, because it lacked the requisite actual intent to hinder,
> delay, or defraud any entity. *See* 11 U.S.C. § 548(a)(1)(A) and TEX.
> BUS. & COM. CODE § 24.005(a)(1).

> • Amegy asserts that the fraudulent transfer claims brought against it
> under 11 U.S.C. § 548 and applicable state law are barred, in whole
> or in part, because of the receipt of reasonably equivalent value,
> including the discharge of an antecedent debt. *See* 11 U.S.C. §
> 548(a)(1)(B)(i) and TEX. BUS. & COM. CODE § 24.005(a)(2).

> • Amegy asserts that the fraudulent transfer claims brought against it
> under 11 U.S.C. § 548 and applicable state law are barred, in whole
> or in part, because Debtor was not insolvent on the date that transfers
> were made. Moreover, Debtor did not become insolvent as a result
> of such transfers. *See* 11 U.S.C. § 548(a)(1)(B)(ii).

> • Amegy asserts that the fraudulent transfer claims brought against it
> under 11 U.S.C. § 548 and applicable state law are barred, in whole
> or in part, because Debtor was not left with unreasonably small
> capital for the business and transactions with which it was engaged.
> *See* 11 U.S.C. § 548(a)(1)(B)(ii) and TEX. BUS. & COM. CODE §
> 24.005(a)(2)(A).

> • Amegy asserts that the fraudulent transfer claims brought against it
> under 11 U.S.C. § 548 and applicable state law are barred, in whole
> or in part, because Debtor did not intend to incur, or believe that it
> would incur, debts that would be beyond its ability to pay as such
> debts matured. *See* 11 U.S.C. § 548(a)(1)(B)(ii) and TEX. BUS. &

---

4       Texas law is the applicable state law in this context. *See* note 2 above.

COM. CODE § 24.005(a)(2)(B).

• Amegy asserts that the fraudulent transfer claims brought against it under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because Debtor did not make any of the transfers at issue in this adversary proceeding to an insider under an employment contract outside of the ordinary course of business. *See* 11 U.S.C. § 548(a)(1)(B)(ii).

• With regard to Trustee's claim under 11 U.S.C. § 548(a)(1)(B)(ii), Amegy asserts that –due to his pleadings–Trustee's cause of action is limited to the concept of unreasonably small capital. Trustee has made no factual allegations regarding insolvency, incurring debts beyond the ability to pay, or transfers to insiders under an employment agreement.

• Amegy asserts that John Speer was not the agent for Amegy with respect to dividends, distributions and other amounts allegedly paid by Debtor on and after October 31, 2006. If a default occurred under the loan documents between Amegy Bank National Association and John Speer, Amegy waived any provision that rendered John Speer its agent and the enforcement thereof.

• Subject to and without waiving any of its other defenses, Amegy asserts that to the extent Trustee's fraudulent transfer claims are allowed, Amegy is entitled to a lien on the recovered assets equal to the value given to Debtor in exchange for the transfers pursuant to 11 U.S.C. § 548(c) and TEX. BUS. & COM. CODE § 24.009(d)(1)(A).

• Subject to and without waiving any of its other defenses, Amegy asserts that to the extent Trustee's fraudulent transfer claims are allowed, it is entitled to a reduction in the amount of its liability for those claims to the extent of the value given to Debtor pursuant to TEX. BUS. & COM. CODE § 24.009(d)(1)(C).

606.    Amegy asserts that Amegy Mortgage had no involvement with the $20 million loan to John Speer.

607.    Foreclosure sales are not fraudulent transfers. A secured party is entitled to foreclose on its security interest in the event of default. An enforcement of a security interest upon a default does not constitute a voidable transfer. *See Yokogawa Corp. of Am. v. Skye Int'l Holdings, Inc.*, 159

S.W.3d 266, 269 (Tex. App.–Dallas 2005, no pet.) (applying TUFTA); *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 545 (1994) (regarding 11 U.S.C. § 548).

608.    The distributions upon which Trustee bases his claims against Amegy were not made by Royce Homes, L.P. to John Speer. John Speer was not a general or limited partner of Royce Homes, L.P. Upon information and belief, all such distributions were made to Royce Operating, L.P. as the 99% limited partner of Royce Home, L.P.

609.    The only equity and debt covenants of the various loan documents claimed by Trustee to have been violated as a result of purported transfers to Amegy were waived by the banks, and the banks consented to any violation, if any, that relate to purported transfers to Amegy.

610.    Amegy did not and does not owe fiduciary duties to Royce Homes, L.P.

611.    To the extent that the Trustee makes fraudulent nondisclosure claims regarding purported statements made to lenders, such claims must fail because Amegy did not make any such representations. Amegy did not have a special relationship with or duty to disclose to such lenders; Royce Homes, L.P. does not have the standing to make such claim and/or the information was equally available to such lenders and Royce Homes, L.P.

612.    Royce Homes, L.P.'s failure was caused by the subprime mortgage crises and the overall economic collapse, and not by any act or omission of Amegy.

## C.    Reservation of rights

613.    Amegy reserves the right to raise any additional defenses, affirmative defenses, and avoidances that may arise after discovery is conducted.

## Prayer

614.    Amegy Bank National Association and Amegy Mortgage Company, L.L.C. deny all claims and requests for relief and allegations made in the prayer of the Complaint, demand trial by

jury, request that the reference to bankruptcy court be withdrawn, do not consent to entry of final

orders or judgment by the bankruptcy judge, do not consent to a jury trial in bankruptcy court,

request that the Complaint be dismissed, request a take-nothing judgment against the plaintiff and

in favor of Amegy Bank National Association and Amegy Mortgage Company, L.L.C., and grant

all other relief to which they are entitled.

Respectfully submitted,

By: _____

George R. Gibson
Texas Bar No. 00793802
Southern District Bar No. 19879
Attorney-in-Charge for Amegy Bank National
Association and Amegy Mortgage Company,
L.L.C.
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056
(713) 960-0303
(713) 892-4840 - Fax

OF COUNSEL:

**NATHAN SOMMERS JACOBS**
A Professional Corporation
Kent Altsuler
Texas Bar No. 24001646
Federal ID No. 23424
Seth A. Miller
Texas Bar No. 24055977
Federal ID No. 724733
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056
713.960.0303 - telephone
713.892.4800 - fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Answer of Amegy Bank National Association and Amegy Mortgage Company, L.L.C. to Trustee's Original Complaint was electronically transmitted to the District Clerk for the United States District Court, Southern District of Texas, for filing on May 28, 2011, and electronic notice was given to the following ECF registrants:

Rodney Tow                                By E-Mail (rtow@towkoenig.com)
Julie Koenig                              By E-Mail (jkoenig@towkoenig.com)
Tow & Koenig, P.L.L.C.                                  and First Class Mail
26219 Oak Ridge Drive
The Woodlands, Texas 77380

Michael Duncan                       By E-Mail (mikedunc@cagehill.com)
Cage Hill & Niehaus, L.L.P.                             and First Class Mail
5851 San Felipe, Suite 950
Houston, Texas 77057

Erin E. Jones                                 By E-Mail (erin@jmkllp.com)
Jones Morris Klevenhagen, L.L.P.                        and First Class Mail
6363 Woodway, Suite 570
Houston, Texas 77057

Peter Johnson                            By E-Mail (pjlawecf@pjlaw.com)
Law Offices of Peter Johnson                            and First Class Mail
Eleven Greenway Plaza, Suite 2820
Houston, Texas 77046

Steven Shurn                            By E-Mail (sshurn@hwallp.com)
C. Ed Harrell                          By E-Mail (eharrell@hwallp.com)
Hughes Watters Askanase, L.L.P.                         and First Class Mail
333 Clay Street, 29th Floor
Houston, Texas 77002

Christopher D. Johnson            By E-Mail (cjohnson@mckoolsmith.com)
McKool Smith                                            and First Class Mail
600 Travis Street, Suite 7000
Houston, Texas 77002

Hammersmith Group, L.L.C.                              By First Class Mail
Park Lake Communities
c/o John H. Speer
16427 Telge Road
Cypress, Texas 77429-7029

-71-

Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
700 Louisiana Street, Suite 2550
Bank of America Center
Houston, Texas 77002-2772

By E-Mail (mdurrschmidt@hirschwest.com)
and First Class Mail

Watermark Tortuga L.L.C.
c/o James Hunter
6511 Riva Ridge Drive
Richmond, Texas 77406

By First Class Mail

Saracen Holdings, Inc.
c/o Michael Manners
17510 Red Oak Drive, Suite 100
Houston, Texas 77090

By First Class Mail

Watermark Land LLC
Watermark Land LP
George Kopecky
21408 Provincial Boulevard
Katy, Texas 77450

By First Class Mail

David C. Martin
Zukowski, Bresenhan & Sinex, LLP
1177 West Loop South, Suite 1100
Houston, Texas 77027

By First Class Mail

_____
George R. Gibson