IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-32467-H4-7 |
| | § | |
| ROYCE HOMES, L.P, | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | |
| _____ | § | |
| | § | |
| RODNEY TOW, TRUSTEE, | § | |
| | § | |
| PLAINTIFF, | § | ADVERSARY NO. 11-03191 |
| | § | |
| VS. | § | |
| | § | |
| JOHN H. SPEER, ET AL., | § | |
| | § | |
| DEFENDANTS. | | |

**MOTION OF DONNIE LOU SPEER TO WITHDRAW THE REFERENCE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Donnie Lou Speer ("Donnie Speer") moves for withdrawal of the reference of this case pursuant to 28 U.S.C. §157, Federal Rule of Bankruptcy Procedure 5011 and Local Bankruptcy Rule 5011-1.

## SUMMARY OF MOTION

1.  The determinative factor in deciding whether to withdraw the reference is whether a party has demanded a jury trial. The Trustee has asserted legal claims against Donnie Speer to which she is entitled to a jury demand. Donnie Speer timely filed a jury demand. Donnie Speer is not a creditor in the bankruptcy case, has not filed a proof of claim or otherwise waived here right to a jury trial. Donnie Speer has preserved and asserted her right to a jury trial and this Court should recommend withdrawal of the reference.

## FACTUAL BACKGROUND

2.  On April 28, 2011, Rodney Tow, Chapter 7 Trustee (the "Trustee") filed his Original Complaint. The Original Complaint seeks monetary damages from Donnie Speer under 11 U.S.C. §§ 544, 548 and 550, and various Texas and Delaware statutes.

3.  Donnie Speer timely field her Jury Demand on May 27, 2011.[1]

4.  Donnie Speer has not filed an answer to the Trustee's Original Complaint. The deadline to answer or otherwise respond is May 31, 2011.

## ARGUMENTS & AUTHORITIES

5.  For cause shown, a district court may withdraw the reference of a proceeding from a bankruptcy court.[2] The Fifth Circuit has set forth the following factors to aid courts in determining whether sufficient cause exists to withdraw the reference:

---

[1] Docket No. 72.

[2] 28 U.S.C. § 157.

- Whether the subject claims involve core or non-core proceedings;

- Whether the subject claims are entitled to trial by jury;

- The economical use of the litigant's resources;

- The considerations of judicial economy;

- The need to expedite the bankruptcy process; and

- Whether a party has demanded a jury trial.[3]

6. These factors are not weighted equally. Of paramount importance is the defendant's right to a jury trial. As this Court found in *Williamson*, "In reviewing these factors in the proceeding at bar, it is evident that the one decisive issue is whether or not the Defendant has waived her right to a jury trial. The importance of this fundamental right carries such weight that the collective effect of the remaining five factors should not alter the final determination."[4]

7. In this case, like *Williamson*, the defendant's invocation of her right to a jury trial is determinative and analysis of the remaining factors is unnecessary.

**A. Donnie Speer is entitled to a jury trial because the claims against her seek monetary damages.**

8. As the Supreme Court stated in *Granfinanciera*, when determining whether a defendant is entitled to a jury trial, the court should examine the remedy sought and determine whether it is legal or equitable in nature.[5] Where the claims are legal in nature, a party is entitled to a jury trial. Claims that seek a recovery of money damages are legal in nature.[6]

---

[3] *Holland America Ins. Co. v. Succession Roy,* 777 F.2d 992, 999 (5th Cir. 1985); *see also Johnson v. Williamson,* 369 B.R. 322, 326 (Bankr. S.D. Tex. 2007).

[4] *Johnson v. Williamson*, 369 B.R. at 326.

[5] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).

[6] *Id.*

9. The Trustee's claims against Donnie Speer for recovery of alleged fraudulent transfers, and possible claims for breach of partnership agreement, civil theft/conversion, and fraud/fraud scheme seek monetary damages, so are legal in nature. Since they are legal claims, Donnie Speer is entitled to a jury trial.

**B.   Donnie Speer has not waived her right to a jury trial because she has not filed a claim against the estate.**

10. A party may be deemed to have waived its right to a jury trial. Courts have found that, under certain circumstances, filing a proof of claim may waive the right to a jury trial.[7] In this case, Donnie Speer has not filed a proof of claim, has not filed counter-claims against the estate and has not otherwise waived her right to a jury trial on these claims.

**C.   The District Court should withdraw the reference because Donnie Speer does not consent to the trial of this matter in the Bankruptcy Court.**

11. U.S.C. § 157(e) provides that the bankruptcy court may conduct a jury trial with the express consent of all the parties. Donnie Speer does not consent to the trial of this matter in the Bankruptcy Court.

## CONCLUSION

12. The Trustee's complaint for money damages is legal in nature. Donnie Speer has timely asserted her right to a jury trial. She has not filed a proof of claim or otherwise waived her right to jury trial. Furthermore, she does not consent to trial of this matter in the Bankruptcy Court. Based on the cases cited herein and the Supreme Court's statement in *Granfinanciera* that the Seventh Amendment right to a jury trial should be liberally construed, Donnie Speer is entitled to a trial by jury.

---

[7] *Granfinanciera*, 492 U.S. at 36 (affirming that a defendant who is not a claimant has a right to a jury trial).

## **PRAYER**

13.     Donnie Speer respectfully request that this Court recommend withdrawal of the reference of this adversary proceeding and granting such other relief as is just.

DATED: May 31, 2011

> Respectfully submitted,
>
> **MCKOOL SMITH P.C.**
>
> By:     */s/ Christopher D. Johnson*
>         CHRISTOPHER D. JOHNSON
>         Texas Bar No. 24012913
>         NICHOLAS ZUGARO
>         Texas Bar No. 24070905
>         600 Travis, Suite 7000
>         Houston, Texas 77002
>         Telephone: (713) 485-7300
>         Facsimile: (713) 485-7344
>
> COUNSEL FOR DEFENDANT,
> DONNIE LOU SPEER

Dallas 323828v2

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2011, a true and correct copy of the foregoing document was served via DLR 5.1 and the ECF system to the parties on the ECF service list or via First Class U.S. Mail, postage paid to the parties listed below

**Counsel to the Chapter 7 Trustee**

Michael Duncan
Cage, Hill & Niehaus, L.L.P.
5851 San Felipe, Suite 950
Houston, TX 77057
Via ECF: mikedunc@cagehill.com

Erin E. Jones
Jones Morris Klevenhagen, LLP
6363 Woodway, Suite 570
Houston, TX 77057
Via ECF: erin@jonesmorris.com

Julie Koenig and Rodney Tow
26219 Oak Ridge Drive
The Woodlands, TX 77380
Via ECF: jkoening@towkoenig.com
         rtow@towkoenig.com

**Attorney for Amegy Bank, N.A.**

George R. Gibson
Nathan Sommers Jacobs PC
2800 Post Oak Blvd, 61st Flr
Houston, TX 77056-6102
Via ECF: ggibson@nathansommers.com

**Attorney for John Speer**

Steve Shurn
Hughes Watters Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Via ECF: sshurn@hwallp.com

**Attorney for Michael Manners**

Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for Vestalia**

Steve Shurn
Hughes Watters Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Via ECF: sshurn@hwallp.com


           /s/ Christopher D. Johnson
              Christopher D. Johnson

Dallas 323828v2