## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYCE HOMES, L.P. | § | **CASE NO. 09-32467-H4-7** |
| Debtor | § | **(Chapter 7)** |
| | § | |
| Rodney Tow, Trustee | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | **ADV. NO. 11-03191** |
| | § | |
| John H. Speer, et al. | § | |
| | § | |
| Defendants. | § | |

### DONNIE LOU SPEER'S MOTION TO DISMISS THE COMPLAINT

Donnie Lou Speer ("Donnie Speer") moves pursuant to Rules 8(a), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, made applicable by Rules 7008, 7012 and 7009 of the Federal Rules of Bankruptcy Procedure, for an Order dismissing all claims against her in the Complaint filed by the Trustee because the Complaint fails to give fair notice, does not state a claim upon which relief can be granted, and fails to plead with the requisite particularity.

### SUMMARY OF THE MOTION

1.      Rule 12(b)(6) requires that a complaint contain sufficient facts to state a claim for relief that is plausible on its face in order to survive a motion to dismiss.  A recitation of elements of a cause of action is insufficient.  The Trustee asserts numerous claims against Donnie Speer, including a claim for avoidance and recovery of fraudulent transfers.  As to the fraudulent transfer claims, the Complaint fails to identify even one single payment by date or

amount made by the Debtor to Donnie Speer.  Since the Complaint fails to identify even a single payment the Trustee seeks to recover, it lacks sufficient facts to state a plausible claim.

2.      Donnie Speer is also loosely named in the Trustee's shotgun blast asserting a collection of claims against named defendants, but also against "any other Defendant" that may be somehow involved or liable to the estate.  Donnie Speer is included in the Complaint's definition of Defendant and is possibly a Defendant in these shotgun claims.  The "any other Defendant" language fails to give Donnie Speer fair notice of the claims against her.  Additionally, the Complaint fails to contain any facts to show how Donnie Spear is liable under any of these causes of action.  Because there are no factual allegations against her as to these claims, the Complaint fails to assert a claim upon which relief can be granted.

3.      Additionally, Rule 9(b) requires that fraud claims, including fraudulent transfer claims alleging actual fraud, be plead with particularity.  The Complaint appears to assert fraud and fraudulent transfer claims under the "actual fraud" prong of 11 U.S.C. § 548, and Texas and Delaware law against Donnie Speer.  As to Ms. Speer, the Complaint fails to assert any facts sufficient to assert a claim for fraud or fraudulent transfer under the actual fraud prong.  Absent any facts alleged that she committed fraud, how can the Complaint be found to plead these fraud claims with particularity?

## ARGUMENT AND AUTHORITIES

**A.      The Trustee has failed to meet the standard for pleading under Rules 8(a), 12(b)(6) and the Supreme's Court's holdings in *Twombly* and *Iqbal* on any theory of recovery against Donnie Speer.**

      **1)      A complaint must contain sufficient facts to state a claim that is *plausible* on its face.**

4.      Rule 8(a) requires a short and plain statement of the claim showing that the pleader is entitled to relief.  Since at least May 2007, the Supreme Court has clearly held that, in

the context of Rule 12(b)(6), Rule 8(a) requires that a complaint contain enough facts to state a claim for relief that is *plausible* on its face.[1]  That year, in *Twombly,* the Supreme Court held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."[2]  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."[3]  Subsequently, in *Iqbal*, the Supreme Court clarified that plausibility requires "more than a sheer possibility that a defendant has acted unlawfully.[4]

5.     In determining whether a plaintiff has sufficiently pleaded that a transfer is constructively fraudulent, the plaintiff must support his allegations with factual content "describing the consideration received by each transferor or the debtors' insolvency on the date of the transfers."[5]  A complaint to avoid a constructively fraudulent transfer does not satisfy Rule 8(a) when it merely alleges that the debtor received less than reasonably equivalent value and that the debtor was insolvent when the transfer was made.[6]  A trustee must meet the ordinary pleading standards for all elements of a constructively fraudulent transfer.[7]

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2] *Id.* at 555.

[3] *Id.*

[4] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[5] *Angell v. Burrell (In re Caremerica, Inc.)*, No. 06-02913-8-JRL, 2009 Bankr. LEXIS 2328, at *18 (Bankr. E.D.N.C. July 28, 2009).

[6] *Id.*

[7] *See Seror v. Stone (In re Automated Fin. Corp.)*, No. 1:10-ap-01378-MT, 2011 Bankr. LEXIS 291, at *13-14 (Bankr. C.D. Cal. Jan. 25, 2011) (dismissing trustee's complaint for failure to satisfactorily allege all elements of a constructively fraudulent transfer).

6.      As voluminous as it is, the Complaint fails to adequately describe the consideration paid or the dates of the transfers, and therefore lacks the facts required to state any plausible claim against Donnie Speer.

**2)      The Complaint fails to demonstrate that the Fraudulent Transfer claims are plausible because they fail to allege a transfer of property of the Debtor, fail to allege insolvency, and fail to specify the date or amount of the alleged payments.**

7.      Generally, to succeed on a constructive fraudulent transfer claim the Trustee must prove that (i) there was a transfer of the Debtor's property, (ii) the transfer was made within the applicable reach back period, (iii) the Debtor received less than reasonably equivalent value in exchange for such transfer, and (iv) the Debtor was insolvent when the transfer was made, or became insolvent as a result of the transfer.[8]   A complaint to avoid a constructively fraudulent transfer does not satisfy Rule 8(a)(2) when it merely alleges that the debtor received less than reasonably equivalent value and that the debtor was insolvent when the transfer was made.[9]

8.      Indeed, in *Caremerica*, the court analyzed whether a complaint was sufficient when it did not describe *what* transactions the plaintiff sought to recover.[10]   The court noted that the trustee's complaint alleged that the debtor was insolvent when the transfers were made and that the transfers were made for less than reasonably equivalent value, but that no facts were included supporting the allegations such as a description of when the payments were made or when the debtor was insolvent.[11]   The court held that the complaint did not meet the Rule 8(a)

---

[8]  *Eg.,* 11 U.S.C. § 548(b).

[9] *See Caremerica*, 2009 Bankr. LEXIS 2328, at *18.

[10] *Id.*

[11] *Id.*

standard because the complaint did not state a plausible claim to avoid constructively fraudulent transfers.[12]

9.     The fraudulent transfer allegations against Donnie Speer are set forth in paragraphs 542 - 553 of the Complaint.  Specifically, the Complaint alleges that:

- Royce Homes received no consideration or received less than a reasonably equivalent value in exchange for the obligation to pay salary and benefits to Donnie Lou Speer.

- As a purported manager, Donnie Lou Speer was an insider at all times relevant to this claim and the transfer of salary and benefit payments avoidable under 11 U.S.C. § 548.

- Donnie Speer's salary and benefits without receiving any services in return was not done in the ordinary course of business for Royce Homes.

- Speer claimed in his 2004 examination that in addition to her salary from Royce Homes, he paid her $50,000 per month from funds he received from Royce Homes.

- The Donnie Lou Speer Transfers are avoidable under DUFTA and TUFTA.  All Donnie Lou Speer Transfers received on or after April 7, 2007 are also avoidable under 11 U.S.C. § 548.

- The Donnie Lou Speer Transfers (all of them, apparently) were made from assets of Royce Homes.

- The Donnie Lou Speer Transfers were made with the intent to hinder, delay and defraud creditors of Royce Homes.

- Royce Homes received less than reasonably equivalent value for the transfers.

- Donnie Lou was the initial transferee or, alternatively, was the immediate or mediate transferee.

10.     None of the conclusory allegations in the Complaint provide a factual predicate for recovery.

---

[12] *Id.*

      **a)**     **The Complaint fails to allege sufficient facts to show that the $50,000 monthly payments were property of the Debtor.**

11.    The Complaint states that John Speer paid Donnie Speer $50,000 a month.  The Complaint fails to show why the amounts John Speer paid Donnie Speer were property of the Debtor, or why the payments would be recoverable from Donnie Speer.

      **b)**     **The Complaint fails to allege sufficient facts as to the Debtor's insolvency on the date of the transfers.**

12.    The only allegations germane to insolvency include the formulaic allegations contained in Paragraph 552 which parrot certain elements of a cause of action as to insolvency. The Complaint departs from the statute because it asserts that "Royce Homes was insolvent on the date **some** of the Donnie Lou Speer Transfers were made …." (emphasis added).

13.    Paragraph 552 parrots the statute asserting that Royce was left with unreasonably small capital due to the 2005 - 2008 transfers to Donnie Speer.  However, Paragraph 433 in Section 8 of the Complaint titled "**Unreasonably Small Capital**" states that "[b]ased on all the facts set forth in this Complaint, specifically paragraphs 198 - 250, Royce Homes maintained unreasonably small capital as of and after the January 2007 $10 million distribution."  This inconsistency points out the problems with the Complaint's cavalier assertion of claims.

      **c)**     **The Complaint fails to identify even one single payment by date or amount.**

14.    The Trustee has not actually identified a single payment from the Debtor to Donnie Speer that could support allegations that Speer received a fraudulent transfer.  The Trustee's failure to identify the specific date or amount of an alleged payment significantly prejudices Ms. Speer.  She cannot tell what she is being sued for, when the transactions the Trustee seeks to avoid may have occurred, and, what defenses and affirmative defenses may apply.  For example, by simply asserting a general time period, the Trustee has asserted claims

for payments that would be outside the applicable limitations period.  As to constructive fraudulent transfer claims.  The Trustee cannot satisfy his burden to prove that the Debtor was insolvent at the time of any particular payment because he fails to identify the dates of any payments.

15.     The blanket assertions of payments of unknown amounts, sometime within a given year, from either the Debtor or a third party are insufficient to state a plausible claim for either actual or constructive fraudulent transfer.

**3)      The Complaint fails to state a claim for Unjust Enrichment because there is no allegation that Donnie Speer received a benefit by fraud, duress or the taking of an undue advantage.**

16.     Paragraphs 565 - 568 assert 14 separate unjust enrichment claims.  Paragraph 568(m) asserts the only unjust enrichment claim against Donnie Speer; a claim in the amount of (i) salary and benefits paid from Royce Homes 2005 - 2008, (ii) $50,000 a month she received from [Royce Homes] (contrary to paragraph 542 which states that the $50,000 a month was paid by John Speer), and (iii) "any tax distribution she received."

17.     The elements of claim for unjust enrichment are: (i) the defendant obtained a benefit, (ii) from the plaintiff, (iii) by fraud, duress, or the taking of an unfair advantage.[13]  The Complaint fails to assert a single fact that Donnie Speer obtained a benefit by committing fraud, causing duress, or the taking of an unfair advantage.  Additionally, as to the $50,000 a month payment Donnie Speer allegedly received, the Complaint and the deposition excerpts on which the Complaint relies, state that those payment were made by John Speer and not the Debtor.  Accordingly, the Complaint fails to state a plausible unjust enrichment claim against Donnie Speer.

---

[13] *Matagorda County v. Texas Ass'n of Counties of County Gov't Risk Mgmt. Pool*, 975 S.W.2d 782, 785 (Tex. App. Corpus Christi 1998), judgment aff'd, 52 S.W.3d 128 (Tex. 2000).

4) **The Complaint fails to state a plausible claim as to the "Shotgun Claims" for breach of partnership agreement, civil theft/conversion, and fraud because they lack any factual allegations as to Donnie Speer and are entirely deficient.**

18.     The Complaint also requests recovery from "any other Defendant" based on a theory of (i) breach of partnership agreement,[14] (ii) civil theft/conversion,[15] and (iii) fraud/fraud scheme[16] (referred to herein as the "Shotgun Claims").   The Complaint does not include any facts regarding how Donnie Speer is involved in any of these Shotgun Claims.  It is apparent that the Donnie Speer was haphazardly included in the Shotgun Claims.   Since there are no allegations as to Ms. Speer, these Shotgun Claims should be dismissed.

**B.     The Trustee has failed to meet the standard for pleading under Rules 9(b) as to the actual fraudulent transfer and fraud claims because they are not pled with particularity.**

1) **A complaint for fraud must specifically identify the fraudulent conduct.**

19.     An actual fraudulent transfer is one in which the transfer is made with "actual intent to hinder, delay, or defraud" creditors.[17]   Transfers that are actually fraudulent must be pled with particularity.[18]   "To state a claim for actual fraudulent transfer, a plaintiff must meet the enhanced pleading requirements of Fed. R. Civ. P. 9(b)."[19]   The Fifth Circuit has held that, with respect to Rule 9(b) "the particularity standard requires 'specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made,

---

[14]  Complaint at 15.

[15]  Complaint at 82.

[16]  Complaint at 89.

[17] 11 U.S.C. § 548(a)(l)(A).

[18] *Almazan v. Tex. Nat'l Bank (In re Almazan)*, No. 10-07017, 2011 Bankr. LEXIS 776 at *4 - 5 (Bankr. S.D. Tex. Mar. 7, 2011).

[19] *Id.*

and an explanation why they are fraudulent."[20]

> **2)    The Complaint fails to adequately plead fraud and actual fraudulent transfer claims because they fail to allege any facts as to Donnie Speer.**

20.     The Trustee does not, and cannot, allege *any* facts to support his conclusory assertion that Donnie Speer acted with an "actual intent to hinder, delay or defraud" creditors. Rather, the Trustee merely parrots the language of the various fraudulent transfer statutes.  There are no allegations that Ms. Speer committed any act or made any statement with the actual intent to hinder, delay or defraud creditors.

21.     Any conclusory allegations in the Complaint as to other Defendants which do not provide any facts indicating that an actual fraudulent transfer occurred, fail to state a claim for actual fraudulent transfers.[21]  Where a plaintiff alleges that multiple defendants are liable for the same wrongdoing, in order to satisfy the particularity requirement under Rule 9(b), the complaint must specify the nature of each defendant's alleged participation in the wrongdoing.[22]   A plaintiff may not rely upon blanket references to the acts of all defendants without identifying each defendant's specific conduct, even when the defendant is alleged to have only benefited from, but not participated in the fraudulent transfers.[23]

22.     Here, the Complaint merely names Ms. Speer, without specifying the particular nature of her involvement.  This is plainly insufficient to satisfy the particularity requirement

---

[20] *Brown v. Bilek*, 401 Fed. Appx. 889, 893 (5th Cir. 2010).

[21] *See, e.g., Burtch v. Dent and Col, Inc. (In re Circle Y of Yoakum, Tex.)*, 354 B.R. 349, 356 (Bankr. D. Del. 2006) (dismissing fraudulent transfer claim under sections 544 and 548 where "the Trustee recite[d] general, conclusory allegations that almost completely parrot[ed] the statutory language" and "smack[ed] of multiple choice or menu pleading").

[22]  *Di Vittorio v. Equidine Extractive Indus., Inc*., 822 F.2d 1242, 1247 (2d Cir. 1987).

[23] *Montgomery v. Fink*, No. 2: 06-CV-182, 2006 WL 3484301, at *1 (W.D. Pa. Nov. 30, 2006; *see also Sullivan v. Kodsi*, 373 F. Supp. 2d 302, 309 (S.D.N.Y. 2005) (applying *Di Vittorio* to claims against individuals alleged to have benefited from, but not participated in, fraudulent transfers).

under Rule 9(b).

23.    The Trustee has not stated a claim and cannot demonstrate that any transfer to Ms. Speer constituted fraud or an actual fraudulent transfer.

## CONCLUSION

24.    Donnie Speer is entitled to demand that the Trustee file a complaint that gives fair notice of the claims asserted against her.  To the extent the Trustee has not plead sufficient facts in the 578-page Complaint to show a *plausible* claim, those claims should be dismissed.

25.    As to the constructive fraudulent transfer claims, the Trustee has failed to identify a single transfer by date or amount that he seeks to recover from Ms. Speer.  He has failed to plead that all the transfers were property of the Debtor, or that the Debtor was insolvent when the transfers occurred.  Likewise, as to the unjust enrichment claims he has failed to plead any facts to show that Donnie Speer received a payment through fraud, duress, or the taking of an unfair advantage of the Debtor.

26.    The Complaint does not include any facts regarding how Donnie Speer is involved in any of the claims based on a theory of (i) breach of partnership agreement[24], (ii) civil theft/conversion,[25] and (iii) fraud/fraud scheme[26].  Since there are no allegations as to Ms. Speer, these claims should be dismissed.

27.    Because the Complaint fails to plead a *plausible* claim under Rule 8(a), it cannot be found to plead fraud and actual fraudulent transfer claims against Donnie Speer under the heightened standard of Rule 9(b) and such claims must be dismissed.

---

[24]  Complaint at 15.

[25]  Complaint at 82.

[26]  Complaint at 89.

WHEREFORE, PREMISES CONSIDERED, Donnie Speer respectfully asks this Court to grant her Motion and dismiss the Trustee's claims against her in their entirety, and grant such other and further relief, both at law and in equity to which he may be justly entitled.

DATED: May 31, 2011.

Respectfully submitted,

**MCKOOL SMITH P.C.**

By:    */s/ Christopher D. Johnson*
       CHRISTOPHER D. JOHNSON
       Texas Bar No. 24012913
       NICHOLAS ZUGARO
       Texas Bar No. 24070905
       600 Travis, Suite 7000
       Houston, Texas 77002
       Telephone: (713) 485-7300
       Facsimile: (713) 485-7344

COUNSEL FOR DEFENDANT,
DONNIE LOU SPEER

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2011, a true and correct copy of the foregoing document was served via DLR 5.1 and the ECF system to the parties on the ECF service list or via First Class U.S. Mail, postage paid to the parties listed below

**Counsel to the Chapter 7 Trustee**

Michael Duncan
Cage, Hill & Niehaus, L.L.P.
5851 San Felipe, Suite 950
Houston, TX 77057
Via ECF: mikedunc@cagehill.com

Erin E. Jones
Jones Morris Klevenhagen, LLP
6363 Woodway, Suite 570
Houston, TX 77057
Via ECF: erin@jonesmorris.com

Julie Koenig and Rodney Tow
26219 Oak Ridge Drive
The Woodlands, TX 77380
Via ECF: jkoening@towkoenig.com
          rtow@towkoenig.com

**Attorney for Amegy Bank, N.A.**

George R. Gibson
Nathan Sommers Jacobs PC
2800 Post Oak Blvd, 61st Flr
Houston, TX 77056-6102
Via ECF: ggibson@nathansommers.com

**Attorney for John Speer**

Steve Shurn
Hughes Watters Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Via ECF: sshurn@hwallp.com

**Attorney for Michael Manners**

Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for Vestalia**

Steve Shurn
Hughes Watters Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Via ECF: sshurn@hwallp.com

            /s/ Christopher D. Johnson
            Christopher D. Johnson