IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYCE HOMES, L.P., | § | CASE NO. 09-32467 |
| | § | (Chapter 7) |
| DEBTOR. | § | |
| RODNEY TOW, TRUSTEE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | ADVERSARY 11-3191 |
| | § | |
| JOHN H. SPEER, AMEGY BANK, N.A., AMEGY MORTGAGE COMPANY, LLC, MICHAEL MANNERS, DONNIE LOU SPEER, VESTALIA, LLC, HAMMERSMITH GROUP, LLC, F/K/A HAMMERSMITH GROUP, INC., PARK LAKE COMMUNITIES, LP, WATERMARK TORTUGA, LLC, ALLARD INVESTMENT COMPANY, LLC, DWM HOLDINGS, INC., MGM MOTOR SPORTS, LLC, SARACEN HOLDINGS, INC., GEORGE KOPECKY, | § | |
| | § | |
| DEFENDANTS. | § | |

**DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE AND SERVE YOUR RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING, AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

COME NOW the Defendants Hammersmith Group LLC and Park Lake Communities, LP (collectively "Hammersmith/Park Lake") pursuant to 28 U.S.C. § 157, Federal Rule of Bankruptcy Procedure 5011 and Bankruptcy Local Rule 5011 and move to withdraw the reference in this adversary proceeding. In support of this motion the Hammersmith/Park Lake shows as follows:

## I. INTRODUCTION

Withdrawal of the reference under 28 U.S.C § 157(d) is warranted insofar as the claims Rodney Tow, Trustee of the Royce Home, L.P. Bankruptcy Estate (the "Trustee") asserts against the Hammersmith/Park Lake involve substantial issues of state law, including claims for breach of fiduciary duty, breach of partnership agreement and violations of the Texas fraudulent transfer statute. In addition, Hammersmith/Park Lake has filed a jury demand requesting a jury trial on all issues so triable and do not consent to a trial before the Bankruptcy Court. The reference must be withdrawn and this adversary proceeding transferred to the district court for disposition of all pretrial proceedings and a trial by jury. Accordingly, the Bankruptcy Court should recommend that the reference of this Adversary Proceeding be withdrawn and the matter proceeds before the United States District Court.

## II. STATEMENT OF FACTS & BACKGROUND

This adversary proceeding arises out of Royce Homes, L.P.'s Chapter 7 bankruptcy case. On April 28, 2011, the Trustee commenced the instant adversary proceeding against fourteen defendants. In its complaint, the Trustee alleges numerous claims which for the most part are state law claims.

On May 31, 2011, Hammersmith/Park Lake timely made a demand for a trial by jury as to all issues so triable in this matter pursuant to Fed. R. Civ. P. 38(b) and Fed. Bank. R. Civ. P. 9015. No discovery has been served or taken yet in this matter, and the parties have not exchanged their initial disclosures. Hammersmith/Park Lake do not consent to a jury trial before the bankruptcy court pursuant to 28 U.S.C. § 157(e).

## III. ARGUMENT & CITATIONS OFAUTHORITY

Pursuant to 28 U.S.C. § 157(d), a district court is empowered to withdraw the reference "for cause shown". *In Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985), the Fifth Circuit held that a district court should consider the following factors in determining whether withdrawal of the reference is appropriate: (1) whether the underlying lawsuit is a core or non-core proceeding; (2) whether the promotion of uniformity in bankruptcy administration will be achieved; (3) whether forum shopping and confusion will be reduced; (4) whether there will be economical use of the debtors' and creditors' resources; (5) whether withdrawal of reference will expedite the bankruptcy process; and (6) whether a party has demanded a jury trial. *Id.* at 999; *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813 (Bankr. S.D. Tex. 2006). The final factor is of decisive importance in determining whether the reference should be withdrawn. *In re British Am. Props. III, Ltd.* 369 B.R. 322, 326 (Bankr. S.D. Tex. 2007) (noting that "the importance of this fundamental right carries such weight that the collective effect of the remaining five factors should not alter the final determination").

Withdrawal of the reference is warranted under the principles enumerated in *Holland*. As to the most important factor, Hammersmith/Park Lake have timely demanded a jury trial as to all claims so triable. Withdrawal of the reference is required as to claims to which the right to trial by jury attach. *In re Clay*, 35 F.3d 190, 194 (5th Cir. 1994) (asserting that "[r]egardless of

20080547.20110521/974100.1

whether one characterizes a proceeding as core or noncore, a case is not a public rights case if a litigant has a Seventh Amendment right to a trial by jury"). Indeed, "where a case or controversy gives rise to a Seventh Amendment right to a jury trial, Congress may not give jurisdiction to a non-Article III court." *Id.* at 195. This is specifically recognized in 28 U.S.C. 157(e), which provides that where the right to a jury trial applies, a bankruptcy judge may conduct the jury trial only with the express consent of the parties.

Hammersmith/Park Lake are unquestionably entitled to a jury trial on the Trustee's claims for breach of fiduciary duty and alleged violations of Texas state law. *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 120-122 (N.D. Tex. 2006). They do not consent to such a trial before the bankruptcy court. Accordingly, this key factor weighs heavily in favor of withdrawing the reference. *In re British Am. Props. III, Ltd.*, 369 B.R. 322, 326-29 (Bankr. S.D. Tex. 2007). Since the district court will inevitably try this case, it makes sense that it should likewise decide all pretrial and dispositive motions. This will not only permit the district court to gain familiarity with the factual and legal issues involved, but will also minimize any potential inconsistencies of results and will allow for the efficient resolution of this case.

The other factors announced in *Holland* also weigh in favor of withdrawal of the reference. Plaintiff's claims for breach of fiduciary duty, breach of partnership agreement and state law fraudulent transfer actions are non-core. Suits that do not implicate the rights and powers of bankruptcy and that could proceed in another court in the absence of bankruptcy are non-core proceedings. *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987). Plaintiff's breach of fiduciary claim is plainly non-core. *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 117-18 (N.D. Tex. 2006). Plaintiff also alleges fraudulent transfer claims that arise solely under Texas state law. These are likewise non-core. All of these causes of action could have been brought without the

existence of the bankruptcy case, and are, therefore, non-core. Although some causes of action arise under section 5 of the Bankruptcy Code and are core, they are so intertwined with the non-core claims that the interests of justice would be best served by all claims being tried together. Accordingly, the first *Holland* factor weighs in favor of withdrawal of the reference.

Withdrawal of the reference will promote both efficiency and judicial economy. *Veldekens v. GE HFS Holdings*, 362 B.R. 762, 768 (S.D. Tex. 2007). The non-core proceedings cannot be resolved by the bankruptcy court due to the jury demand. Withdrawing the reference will avoid duplication of efforts and promote efficiency. If the bankruptcy court were to hear this proceeding the parties would be required to relitigate the same issues before the district court due to this Court's jurisdictional limitations. This will also promote efficiency by preventing delays occasioned by any appeals to the district court from any decisions rendered by the bankruptcy court in this matter.

Withdrawing the reference will promote an economical use of the parties' resources, will expedite the bankruptcy process and will promote uniformity of bankruptcy administration. This case is in its beginning stages. No discovery has been taken yet, no dispositive motions have been filed and none of the parties will be prejudiced by a withdrawal of the reference at this early stage of the litigation. Further, withdrawing the reference now will allow the district court which will actually be trying the case to become familiar with the case at its early stage. In this way the interests of uniformity of outcomes and administration of the case will be assured since all decisions in this case will be rendered by one Court. As noted above, it will promote the economical use of the parties' resources by avoiding the relitigation of issues and will also avoid any appeals regarding the bankruptcy court's adjudication of any core claims or other pretrial matters.

Hammersmith/Park Lake's request to withdraw the reference will not promote forum shopping. As noted above, many of the Trustee's claims in this proceeding are claims that could exist whether or not the bankruptcy case was filed. If Royce Homes had asserted such claims against Hammersmith/Park Lake without filing for bankruptcy such claims would have been brought in the district court. The proper forum for the adjudication of this dispute is the United States District Court.

## IV. CONCLUSION

Wherefore, Hammersmith/Park Lake request that this motion be granted and that the reference be withdrawn immediately and this matter transferred to the United States District Court for disposition of all pretrial proceedings and a trial by jury, and that Hammersmith/Park Lake have such other and further relief as is just.

Respectfully submitted on 31st day of May, 2011.

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael J. Durrschmidt

Michael J. Durrschmidt
State Bar No. 06287650
Michael S. Wilk
State Bar No. 21478000
700 Louisiana, Suite 2550
Houston, Texas 77002
Telephone: (713) 220-9165
Facsimile: (713) 223-9319
mdurrschmidt@hirschwest.com

ATTORNEY IN CHARGE FOR
DEFENDANT, HAMMERSMITH GROUP, LLC
F/K/A HAMMERSMITH GROUP, INC.

**Certificate of Service**

I hereby certify on the 31st day of May, 2011, a copy of the foregoing Defendants' Motion to Withdraw Reference was served via first class mail, postage prepaid, and/or via the Clerk of the Court through the ECF system to the following parties.

/s/ Michael J. Durrschmidt
Michael J. Durrschmidt

Rodney Tow
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, Texas 77380

Erin E Jones
Jones Morris LLP
6363 Woodway, Suite 570
Houston, Texas 77057
Julie Mitchell Koenig
Tow and Koenig PLLC
26219 Oak Ridge Drive
The Woodlands, Texas 77380

Michael Duncan
Cage Hill & Niehaus
5851 San Felipe, Suite 950
Houston, Texas 77057

George R Gibson
Nathan Sommers Jacobs PC
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056

C Ed Harrell
Steven Douglas Shurn
Hughes Watters & Askanase
333 Clay, 29th Floor
Houston, Texas 77002

Marc J. Magids
David C. Martin
Pascal Paul Piazza
1177 West Loop South, Suite 1100
Houston, TX 77027

Christopher D. Johnson
McKool Smith, P.C.
600 Travis, Suite 7000
Houston, TX 77002

Peter Johnson
Law Office of Peter Johnson
11 Greenway Plaza, Suite 2820
Houston, TX 77046

Steven Shurn
Three Allen Center
333 Clay, 29th Floor
Houston, TX 77002

Sacaren Holdings, Inc.
c/o Michael Manners
17510 Red Oak Drive, Suite 100
Houston, TX 77090