IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYCE HOMES, L.P., | § | CASE NO. 09-32467 |
| | § | (Chapter 7) |
| DEBTOR. | § | |
| RODNEY TOW, TRUSTEE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | ADVERSARY 11-3191 |
| | § | |
| JOHN H. SPEER, AMEGY BANK, N.A., | § | |
| AMEGY MORTGAGE COMPANY, LLC, | § | |
| MICHAEL MANNERS, DONNIE LOU | § | |
| SPEER, VESTALIA, LLC, HAMMERSMITH | § | |
| GROUP, LLC, F/K/A HAMMERSMITH | § | |
| GROUP, INC., PARK LAKE | § | |
| COMMUNITIES, LP, WATERMARK | § | |
| TORTUGA, LLC, ALLARD INVESTMENT | § | |
| COMPANY, LLC, DWM HOLDINGS, INC., | § | |
| MGM MOTOR SPORTS, LLC, SARACEN | § | |
| HOLDINGS, INC., GEORGE KOPECKY, | § | |
| | § | |
| DEFENDANTS. | § | |

**MOTION TO REQUIRE THE TRUSTEE TO REPLEAD HIS COMPLAINT TO COMPLY WITH RULE 7008 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, ALTERNATIVELY MOTION FOR <u>EXTENSION OF TIME TO ANSWER</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE AND SERVE YOUR RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE**

1

**OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING, AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

COMES NOW, Hammersmith Group, LLC f,/k/a Hammersmith Group, Inc., ("Hammersmith") and Park Lake Communities, L.P. ("Park Lake") (collectively the "Defendants') and files their Motion to Require the Trustee to Replead his Complaint to Comply with Rule 7008 of the Federal Rules of Bankruptcy Procedure, Alternatively Motion for Extension of Time to Answer (the "Motion") and would state as follows:

1. On April 7, 2009, an Involuntary Petition was filed against Royce Homes, L.P. ("Royce Homes" or the "Debtor"). An Order for Relief was entered on April 30, 2009 (docket no. 11).

2. Rodney Tow was appointed as the Chapter 7 trustee (the "Chapter 7 Trustee") in the bankruptcy case.

3. On April 28, 2011, the Chapter 7 Trustee filed an adversary complaint (the "Complaint") against numerous defendants including Hammersmith and Park Lake.

4. The Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure are very clear in that a complaint should be concise, short, and direct.

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:

    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

    (2) a short and plain statement of the claim showing that the pleader is entitled to relief;

(d) PLEADING TO BE CONCISE AND DIRECT; ALTERNATIVE STATEMENTS; INCONSISTENCY.

>    (1)  In General.  Each allegation must be simple, concise, and direct. No technical form is required.

F.R.B.P. 7008 (a)(1)(2) and (d)(1).  F.R.C.P. 8.

5. The Complaint filed by the Chapter 7 Trustee, by any stretch of the imagination, cannot be called simple, concise, or direct with a short and plain statement.  The Complaint, with exhibits is over 600 pages long.  The Complaint, without the exhibits, is 156 pages long and includes 591 paragraphs.

6. The Court cannot expect each Defendant to answer each paragraph or defense as required in F.R.B.P. 7008 (b)(1)(A),(B)(2)(3)(4)(5) and (6)(c)(1).  Just to review the 591 allegations listed in the Complaint takes hours and then responding to each allegation would take another several hours.  There is insufficient time to be able to properly respond as required by the Rules to the voluminous Complaint.

7. The Court should require the Trustee to concisely and simply state the factual basis of his claim as to each defendant.  The present complaint is convoluted and confusing as to the basis of relief as to each defendant.

## Motion for Extension of Time to Respond

8. Hammersmith/Park Lake request that they be given an additional amount of time to respond to the allegations contained in Trustee's Complaint.  Hammersmith/Park Lake believes that given an additional twenty-one days that they can properly respond to the Trustee's Complaint.  Given the size of the Complaint an additional twenty-one days will not delay the proceedings and given the pleadings filed by other parties will not burden either the Trustee or other defendants.

WHEREFORE, premises considered, Hammersmith/Park Lake request that the Court require the Trustee to replead the Complaint or in the alternative grant them an additional three weeks to respond and grant them such other and further relief as is just.

Respectfully submitted on 31st day of May, 2011.

        HIRSCH & WESTHEIMER, P.C.

        By: /s/ Michael J. Durrschmidt
          Michael J. Durrschmidt
          State Bar No. 06287650
          Michael S. Wilk
          State Bar No. 21478000
          700 Louisiana, Suite 2550
          Houston, Texas 77002
          Telephone: (713) 220-9165
          Facsimile: (713) 223-9319
          mdurrschmidt@hirschwest.com

        ATTORNEY IN CHARGE FOR
        DEFENDANT, HAMMERSMITH GROUP, LLC
        F/K/A HAMMERSMITH GROUP, INC.

### Certificate Of Conference

Counsel for Hammersmith/Park Lake requested an extension from the Trustee; however, the Trustee declined to grant an extension, although he stated he was not opposed to an extension.

        /s/ Michael J. Durrschmidt
        Michael J. Durrschmidt

### Certificate of Service

I hereby certify on the 31st day of May, 2011, a copy of the foregoing Motion to Require the Trustee to Replead his Complaint to Comply with Rule 7008 of the Federal Rules of Bankruptcy Procedure, Alternatively Motion for Extension of Time to Answer was served via first class mail, postage prepaid, and/or via the Clerk of the Court through the ECF system to the following parties.

        /s/ Michael J. Durrschmidt
        Michael J. Durrschmidt

Rodney Tow
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, Texas 77380

Erin E Jones
Jones Morris LLP
6363 Woodway, Suite 570
Houston, Texas 77057

Julie Mitchell Koenig
Tow and Koenig PLLC
26219 Oak Ridge Drive
The Woodlands, Texas 77380

Michael Duncan
Cage Hill & Niehaus
5851 San Felipe, Suite 950
Houston, Texas 77057

George R Gibson
Nathan Sommers Jacobs PC
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056

C Ed Harrell
Steven Douglas Shurn
Hughes Watters & Askanase
333 Clay, 29th Floor
Houston, Texas 77002

Marc J. Magids
David C. Martin
Pascal Paul Piazza
1177 West Loop South, Suite 1100
Houston, TX 77027

Christopher D. Johnson
McKool Smith, P.C.
600 Travis, Suite 7000
Houston, TX 77002

Peter Johnson
Law Office of Peter Johnson
11 Greenway Plaza, Suite 2820
Houston, TX 77046

5

Steven Shurn
Three Allen Center
333 Clay, 29th Floor
Houston, TX 77002

Sacaren Holdings, Inc.
c/o Michael Manners
17510 Red Oak Drive, Suite 100
Houston, TX 77090