UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **ROYCE HOMES, LP** | § | Chapter 7 Case 09-32467 |
| *Debtor* | § | |
| | § | |
| **RODNEY TOW, TRUSTEE** | § | |
| *Plaintiffs* | § | Adversary No. **11-03191** |
| vs. | § | |
| | § | |
| **JOHN H. SPEER, ET AL** | § | |
| *Defendants* | § | |

# DEFENDANTS MICHAEL MANNERS, ALLARD INVESTMENT COMPANY, LLC, DWM HOLDINGS, INC. AND MGM MOTOR SPORTS, LLC'S MOTION TO DISMISS
### [*Refers to Docket #1*]

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, COMES NOW, **Michael Manners, Allard Investment Company, LLC, DWM Holdings, Inc. and MGM Motor Sports, LLC** (hereinafter collectively "**Defendants**" or "**Manners Parties**") and hereby files this his Rule 12(b)(6) Motion to Dismiss Trustees' Complaint ("Motion"). In support thereof, the Manners Parties would show the Court as follows:

## RULE 12(b)(6) MOTION TO DISMISS

**Procedural History and Background**

1. This case was brought by the Chapter 7 Trustee of ROYCE HOMES, LP ("Royce") against sixteen (16) separate parties alleging that they conspired to breach a partnership agreement, breach of fiduciary duty, civil theft, conversion, turnover, unjust enrichment, equitable subordination, constructive trust, fraud and fraudulent transfers under both State and Federal law. The Manners Parties deny all such allegations in their answers and demand a trial by jury.

2. Notwithstanding two (2) years of investigation, absent from the Complaint are specific, detailed allegations against any of the particular Defendants. Rather, the Complaint broadcasts global allegations against all of the parties on the list, but clearly absent is any particular facts regarding Defendants and the proposed elements of proof that apply to these Defendants.

3. The Complaint further recites only labels, conclusions and a formulaic recitation of the elements of the causes of action for recovery under 11 U.S.C.§§544, 547, 548 and 550.

## Argument and Authorities

4. Rule 12(b)(6) requires dismissal of a case against a defendant if the plaintiff fails to state a claim upon which relief can be granted. *FED. R. Civ. P. 12(b)(6)*. The United States Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim. *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937173 L.Ed 868 (2009).* The Supreme Court made it clear that it is not the duty or obligation of the courts to imagine a set of circumstances that theoretically could entitle a plaintiff to relief, rather, a plaintiff must provide enough factual allegations to "nudge their claims across the line from conceivable to plausible" or the plaintiffs claim should be dismissed. Id. Under this standard, a plaintiff is obligated to provide *"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."* Id. Further, a court is not

required to accept conclusionairy legal allegations cast in the form of factual allegations if those conclusions cannot be reasonably be drawn from the facts alleged. *Evans v. Suter*, No. H-07-1557, 2007 WL 1888308 at (S.D. Tex. June 29, 2007). *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377 (5th Cir. La. 2009). The *Twombley* factors have been applied to fraudulent transfer actions requiring the satisfaction of the heightened pleading standard for actual fraud provided in *Rule 9(b)* of the Federal Rules of Civil Procedure. *Rule 9(b)*, made applicable by *Rule 7009 of the Federal Rules of Bankruptcy Procedure*. This rule requires a party alleging fraud to "state with particularity the circumstances constituting fraud . . . ." FED. R. CIV. P. 9(b);FED. R. BANKR. P. 7009. Angell v. Haveri (In re Caremerica, Inc.), 409 B.R. 346, 353 (Bankr. E.D.N.C. 2009).

5. The Trustee's Complaint asserts claims against Defendants for fraudulent transfer of funds under *11 U.S.C. §548* and for fraudulent transfers in violation of Section *24.001 et. seq.* of the Texas Business and Commerce Code, the Texas Uniform Fraudulent Transfers Act ("TUFTA").

6. The Complaint purportedly recites facts in a six hundred (600) paragraph complaint containing over five hundred seventy-eight (578) pages which fails to specify which purported bad acts were performed by each Defendant. Rather Defendants are corralled into a group of sixteen (16) separate parties alleging that they conspired to breach a partnership agreement, breach of fiduciary duty, civil theft, conversion, turnover, unjust enrichment, equitable subordination, constructive trust, fraud and fraudulent transfers under both State and Federal law.

7. Because the Complaint fails to state facts that relate to alleged conduct by Defendants consistent with the allegations against Defendants, such claims should be dismissed under *Rule 7012(b)(6)* because they fail to meet the Supreme Court's standard articulated in *Ashcroft and Twombly*. Basically, the Complaint takes a shotgun approach apparently hoping that something will stick. But such an approach would unfairly require

Defendants to assume the burden of defending the unknown and offends *Ashcroft and Twombly*.

### Claim for Fraudulent Transfer under 11 U.S.C. § 548

8.  The Trustee generally recites the elements of the provisions of *11 U.S.C.§548*. In asserting this claim, the Trustee provided little specific factual allegations to support it; instead simply recites all the elements of the statute and hopes that the voluminous attachment of emails, themselves inadmissible, will tell the story.

9.  Furthermore, the facts alleged in the Complaint's alleged "FACTS" section give no support to the require elements of the Trustee's Claim. There are no alleged facts plead consistent with the factual conclusion that any transfer by the Debtor to Defendnats was in exchange for less than reasonable equivalent value or was done with the intent required under the statute.

10. Similarly, the Trustee alleges no facts consistent with two other required elements of a claim under *Section 548*: (1) that on the date of the transfer Debtors were insolvent, or became insolvent as a result thereof; and (2) that on the date of the transfer the Debtors were engaged or was about to engage in business in which its property after the transfer was unreasonably small capital. Nowhere in the Compliant are the specific Defendants identified who received payment, the date that any transfer or payment was made, or the amount of any transfer or payment.

11. The Trustees' claim under I1 U.S.C. § 548 does not meet the pleading requirements as defined in *Bell Atlantic*. The Supreme Court has made clear that simply stating a formulaic recitation of the law applicable to his claim, and put forth conclusory legal and factual allegations that amount to mere *"blanket assertions of entitlement to relief,"* is insufficient to survive *Rule 12(b)(6)* scrutiny. *Bell Atlantic, 127 S.Ct. at 1965*. Because the Complaint fails to state a claim upon which relief can be granted against Defendants under Section 548, this claim should be dismissed.

*Claim for Fraudulent Transfer under State Law*

12. With respect to the state law claims alleged, the Trustees' first claim falls under §§24.005(a)(1) and (a)(2), respectively, of TUFTA. These provisions state as follows:

> (a) *A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:*
>
> (1) *with actual intent to hinder, delay, or defraud any creditor of the debtor; or*
>
> (2)*without receiving a reasonable equivalent value in exchange for the transfer or obligation, and the debtor*
>
> (A) *was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;or*
>
> (B) *intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due. Tex. Bus. & Com. Code §§24.005(a)(1) and (a)(2).*

13. The Trustees' second state law claim against Defendants falls under falls under §§ 24.006(a), which states as follows:

> *A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation. Tex. Bus. & Com. Code §§24.006(a).*

14. Importantly, the Trustee generally recites the elements of the TUFTA statute, but again fails to provide any fact that would support relief.  Specifically, the Trustee has failed to identify any creditor who existed prior to the alleged transfers that could have avoided such transfers.

15. Just as in his claim under *11 U.S.C. § 548* the Trustee does  not meet the pleading requirements as defined in *Bell Atlantic*  required for recovery under TUFTA.

## MOTION TO DISMISS PURSUANT TO RULE 9(b)

16. Rule 9(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7009, requires that *"in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."* Federal courts have analogized fraud pleading to "the first paragraph of any newspaper story," requiring "the who, what, when, where, and how" of the circumstances with respect to **each and every defendant** alleged to have committed fraud. A complaint that does not comply with the specificity requirements of *Rule 9(b)* fails to state claims for fraud upon which relief can be granted. *Indiana Bell Telephone Co. v. Lovelady, 2006 WL 485305 at 2 (W.D. Tex 2006); Williams v. WMX Technologies, Inc. 112 F.3d 177 (5th Cir. 1997), cert. denied 118 S.Ct. 412 (1997).*

17. A reading of the Complaint reveals such a global generalized set of allegations that it offends not only *Twomley*, but the provisions of *Rule 9* and must be dismissed. Not only does the requirement provide fair notice, it also serves the ends of justice by weeding out unmeritorious claims, eliminating fishing expeditions, and ensuring that the court knows what specific conduct is being criticized. *Id.*

18. For the additional reason that the Complaint fails to provide specific factual allegations of conduct alleged to support claims against Defendants, the Complaint must be dismissed.

## DEFENDANTS INCORPORATE MOTION TO DISMISS FILED BY OTHER DEFENDANTS IN THIS CASE

19. With respect to the allegations and legal argument asserted by other parties in this adversary case, the Defendants adopt and incorporate the following Motions:

   a. Motion to Dismiss filed by Defendant Amegy Bank, N.A. [Docket #70]; and

   b. Motion to Dismiss filed by Defendant Donnie Lou Speer [Docket #81].

**Conclusion and Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendants **Michael Manners, Allard Investment Company, LLC, DWM Holdings, Inc. and MGM Motor Sports, LLC** respectfully requests that the Court grant this Rule 7012(b)(6) Motion to Dismiss in its entirety with respect to all claims asserted by the Trustee against **Michael Manners, Allard Investment Company, LLC, DWM Holdings, Inc. and MGM Motor Sports, LLC**. Defendants **Michael Manners, Allard Investment Company, LLC, DWM Holdings, Inc. and MGM Motor Sports, LLC** also request such other and further relief as to which they may be entitled.

Dated: May 31, 2011.

          **LAW OFFICE OF PETER JOHNSON**

          */s/ Peter Johnson*
By: _____
       Peter Johnson
       State Bar No. 10778400
       Eleven Greenway Plaza, Suite 2820
       Houston, Texas  77046
       pjohnson@pjlaw.com
       Telephone (713) 961-1200
       Facsimile (713) 961-0941
       ATTORNEY FOR MICHAEL MANNERS ALLARD
       INVESTMENT COMPANY, LLC, DWM HOLDINGS,
       INC. AND MGM MOTOR SPORTS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion to Withdraw Reference was served the parties required by Local Bankruptcy Rule in this case, either by mailing a copy of the same to all parties entitled to notice on the attached service listing by regular U.S. mail postage prepaid or by electronic notice pursuant to the Local Bankruptcy Rules on May 31, 2011.

*/s/ Peter Johnson*

_____
PETER JOHNSON

## SERVICE LIST PURSUANT TO LOCAL RULE 9013

**11-03191**                                                                 **Trustee vs. John H. Speer, *et al***

*indicates electronic service-LBR 1001(b)- (Admin Proc CMF/ECF- III-E)

**PLAINTIFF COUNSEL:**

* Michael Duncan on behalf of Plaintiff Rodney Tow
mikedunc@cagehill.com

* Erin E Jones on behalf of Plaintiff Rodney Tow
erin@jonesmorris.com

* Julie Mitchell Koenig on behalf of Plaintiff Rodney Tow
jkoenig@towkoenig.com, sziegler@towkoenig.com;cgloria@towkoenig.com

* Rodney Dwayne Tow on behalf of Plaintiff Rodney Tow
rtow@towkoenig.com, ecf@trustesolutions.com


**ALL OTHER PARTIES TO THE PROCEEDING:**

George R Gibson on behalf of Defendant Amegy Bank, N.A.
ggibson@nathansommers.com, lopio@nathansommers.com

C Ed Harrell on behalf of Defendant John Speer
eharrell@hwallp.com, kconn@hwa.com

Steven Douglas Shurn on behalf of Defendant John Speer
sdsecf@hwallp.com

Pascal Piazza on behalf of Defendant George Kopecky
ppp@zbsllp.com

Michael J Durrschmidt on behalf of Defendant Hammersmith Group, LLC
mdurrschmidt@hirschwest.com, bhowell@hirschwest.com;lnguyen@hirschwest.com

Christopher Donald Johnson on behalf of Defendant Donnie Speer
cjohnson@mckoolsmith.com, nsauter@mckoolsmith.com