IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYCE HOMES, L.P., | § | CASE NO. 09-32467-H4-7 |
| | § | |
| DEBTOR. | § | CHAPTER 7 |
| | § | |
| | § | |
| RODNEY D. TOW, | § | |
| CHAPTER 7 TRUSTEE | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | ADVERSARY NO. 11-03191 |
| v. | § | |
| | § | |
| JOHN H. SPEER, et al., | § | |
| | § | |
| DEFENDANTS. | § | |

### DEFENDANT VESTALIA, LLC'S MOTION TO DISMISS
### TRUSTEE'S ORIGINAL COMPLAINT (DOCKET NO. 1) AND BRIEF IN SUPPORT

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOU RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

Pursuant to FED. R. CIV. P. 12(b)(6),[1] Vestalia, LLC ("*Vestalia*") moves to dismiss the claims asserted in the Trustee's Original Complaint against Vestalia ("*Complaint*").[2]

---

[1] Made applicable by BANKR. R. CIV. P., Rule 7012(b).

1972695-1

## I.  INTRODUCTION

1.      In the Trustee's Original Complaint, the Trustee seeks recovery against a number of defendants, including Vestalia, LLC.  The Trustee seeks to avoid and recover from Vestalia and Amegy the value received in the foreclosure sale of certain property from Park Lake.  This Court should dismiss these claims because (i) a foreclosure sale cannot be fraudulent under either Texas Uniform Fraudulent Transfer Act ("**TUFTA**") or the Delaware Fraudulent Transfer Act ("**DUFTA**"); and (ii) the price obtained at a properly conducted foreclosure sale is the reasonably equivalent value of the foreclosed property.  Therefore, the Trustee failed to state a claim upon which relief can be granted and the above claims should be dismissed as a matter of law.  Dismissal of the Trustee's claims against Vestalia is proper.

## II.  APPLICABLE PLEADING STANDARD

2.      Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of an action for failure to state a claim upon which relief can be granted.[3]  A claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to lend sufficient facts to support a cognizable legal claim.[4]  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and into the "realm of plausible liability."[5]

3.      In *Twombly*, the Supreme Court recognized that Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."[6]  Although a plaintiff is not required to include "detailed

---

[2]  The Complaint includes other actions against numerous other defendants.

[3]  FED. R. CIV. P. 12(b)(6).

[4]  *See, e.g., SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir.).

[5]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 n.5 (2007); see also *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

[6]  *Twombly*, 550 U.S. at 555; *see* FED. R. CIV. P. 8(a)(2).

1972695-1

factual allegations" in a complaint, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."[7]  Thus, a "formulaic recitation of the elements of a cause of action will not do."[8]  Nor may a complaint merely offer "naked assertion[s]" devoid of "further factual enhancement."[9]

4. Rather, to overcome a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10]  A claim has "factual plausibility" when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that a defendant has acted unlawfully and requires "more than the sheer possibility that a defendant has acted unlawfully."[11]  When the pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'"[12]

5. In assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion, the Supreme Court in *Iqbal* established a two-step approach.  First, a court should identify and disregard conclusory allegations in the complaint because they are "not entitled to the assumption of truth."[13]  Second, a court should consider the well-pleaded factual allegations in the complaint to "determine whether they plausibly give rise to an entitlement to relief."[14]

---

[7] *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Rule 8…demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

[8] *Twombly*, 550 U.S. at 555.

[9] *Id.* at 557.

[10] *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

[11] *Id.*

[12] *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

[13] *Id.*

[14] *Id.*

### III. ARGUMENT & AUTHORITIES

**A.   A properly conducted foreclosure sale cannot be a fraudulent transfer under either TUFTA and DUFTA.**

6.   In Section VI. F. of the Complaint (¶¶533-541), the Trustee seeks to avoid and recover from Amegy and Vestalia the value received in the Westwood Gardens foreclosure sale under either TUFTA or DUFTA.  Because a foreclosure sale cannot be a fraudulent transfer under either TUFTA or DUFTA, Trustee failed to state a claim upon which relief can be granted.

7.   First, under both Texas and Delaware law, a secured party is entitled to foreclosure on its security interest in the event of a default.[15]

8.   Second, the "transfer" of assets resulting from a foreclosure sale is not actionable under either TUFTA or DUFTA.  Consideration of certain definitions within TUFTA and DUFTA exposes a fatal defect in the Trustee's claims.  Under Delaware and Texas law, a fraudulent transfer is one made by the debtor.[16]  Both TUFTA and DUFTA define a "transfer," in pertinent part, as "every mode, direct or indirect, . . . of disposing of or parting with an asset."[17]  Therefore, in order for there to be a "transfer," there must be an "asset."  Both TUFTA and DUFTA define "asset" as "property of the debtor, but the term does not include . . . [p]roperty to the extent it is encumbered by a valid lien."[18]  A "valid lien" means "a lien that is effective against the holder of a judicial lien subsequently obtained . . . ."[19]

9.   The Trustee did not allege that Amegy's lien would not have priority over any later-acquired judicial lien on those assets.  Nor does the Trustee assert that Amegy's lien was

---

[15]   *Yokogawa Corp. of Am. v. Skye Intern. Holdings, Inc.*, 159 S.W.3d 265, 269 (Tex. 2005) (citing TEX. BUS. & COM. CODE § 9.601(a)(1)); 6 Del. C. § 9-601(a)(1).
[16]   TEX. BUS. & COM. CODE §§ 24.005, 24.006; 6 Del. C. §§ 1304, 1305
[17]   TEX. BUS. & COM. CODE § 24.002(12); 6 Del. C. §§ 1301(12).
[18]   TEX. BUS. & COM. CODE § 24.002(2)(A); 6 Del. C. §§ 1301(2)(a).
[19]   TEX. BUS. & COM. CODE § 24.002(13); 6 Del. C. §§ 1301(13).

1972695-1

not valid. Thus, because the property Vestalia purchased at the foreclosure sale was encumbered by a valid lien, the foreclosure sale cannot be avoided under either TUFTA and DUFTA.

**B.  The price paid at the foreclosure sale was reasonably equivalent value.**

10.  The value of the property purchased at a foreclosure sale is the purchase price received at such sale.[20]  The Trustee seeks to recover approximately $3,000,000.00 in perceived equity that was allegedly transferred to Vestalia via the foreclosure sale.  This contrived equity resulted from an alleged appraisal of the fair market value of property.[21]  The Trustee alleges that the transfer of Westwood Gardens, including the MUD receivables was fraudulent because Park Lake did not receive reasonable equivalent value for the transfer.  The Trustee asserts that Park Lake had substantial equity in Westwood Gardens, thus he claims that reasonably equivalent value was not provided in exchange for the transfer of Park Lake's interest in the Westwood Gardens.  These claims should be dismissed because the Trustee has failed to state a claim under which relief can be granted.

11.  The United States Supreme Court instructs that reasonably equivalent value in the context of a mortgage foreclosure sale is not the equivalent of "fair market value" or "fair foreclosure price".[22]  Instead, the "reasonably equivalent value" for a foreclosed property, "is the price in fact received at the foreclosure sale, so long as all requirements of the State's foreclosure law have been complied with."[23]  The Supreme Court held that it is common for property sold at foreclosure to have a value significantly less than what an appraiser may value such property.[24]  This is because an appraiser's valuation accounts for what the property would be worth if it did

---

[20]  *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 545 (1994).
[21]  Complaint ¶ 273.
[22]  *Id.*
[23]  *Id.*
[24]  *Id.* at 539.

1972695-1

not have to be sold within the time and manner constraints imposed by state-prescribed foreclosures.[25] However when considering whether property sold at foreclosure sale is sold for reasonably equivalent value, the Court held that the fair and proper price is the price received at the foreclosure sale.[26]

12. There are no allegations that the foreclosure sale was unlawful or did not comply with Texas foreclosure law. As such, the Trustee's claim that Vestalia purchased the Westwood Gardens property for less than reasonably equivalent value cannot not be proved as a matter of law. Therefore, such claims should be dismissed because the Trustee has failed to assert a claim upon which relief can be granted.

**C.    Alternative Pleading Extension**

13. Under Rule 12(a)(4), Vestalia's answer or other responsive pleading to the Complaint is extended until the Court acts on this Motion to Dismiss.[27] If the Court disagrees, Vestalia requests that the Court exercise its broad discretion under FED. R. CIV. P. 6(b) to extend the responsive deadline to fourteen (14) days after ruling on this Motion to Dismiss or until such other time as directed by the Court.

### IV.  CONCLUSION AND PRAYER

WHEREFORE, Vestalia LLC moves the Court to enter an order dismissing the various claims brought against Vestalia, LLC for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, Vetalia LLC respectfully prays that

---

[25] *Id.*

[26] *Id.* at 545.

[27] FED. R. CIV. P. 12(a)(4); *see also Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F.Supp.2d 598, 637–41 (N.D. Iowa, 2006) (interpreting federal rules to extend the answer or other responsive pleading deadlines when a defendant files a motion for partial dismissal).

1972695-1

the Court dismiss the claims in the Trustee's Original Complaint with prejudice and grant it such other and further relief to which it is justly entitled.

                Respectfully submitted,

                HUGHES WATTERS ASKANASE, LLP

                /s/ C. Ed Harrell
                C. Ed Harrell      TBN: 09042500
                Three Allen Center
                333 Clay, 29th Floor
                Houston, Texas 77002
                Telephone (713) 759-0818
                Telecopier (713) 759-6834
                eharrell@hwa.com
                ATTORNEYS FOR DEFENDANT
                VESTALIA, LLC

OF COUNSEL:

HUGHES WATTERS ASKANASE, LLP
Simon Mayer      TBN: 24060243
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone (713) 759-0818
Telecopier (713) 759-6834
smayer@hwa.com

1972695-1

**CERTIFICATE OF SERVICE**

       This is to certify that a true and correct copy of the *Vestalia LLC's Motion to Dismiss* was served on the parties on the attached service list by the method indicated on May 31, 2011.

                                    /s/ C. Ed Harrell
                                    C. Ed Harrell

**Attorneys for Plaintiff**
Rodney D. Tow
Tow and Koenig PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380
*Via ECF:* rtow@towkoenig.com

Erin E. Jones
Jones Morris, LLP
6363 Woodway Suite 570
Houston, TX 77057
*Via ECF:* erin@jonesmorris.com

Julie Mitchell Koenig
Tow and Koenig PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380
*Via ECF:* jkoenig@towkoenig.com

Michael Duncan
Cage, Hill & Niehaus, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057
*Via ECF:* mikedunc@cagehill.com

**Attorney for Amegy Bank, N.A., Defendant**
George R. Gibson
Nathan Sommers Jacobs PC
2800 Post Oak Blvd, 61st Flr
Houston, TX 77056-6102
*Via ECF:* ggibson@nathansommers.com

**Attorney for Michael Manners, Defendant**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
*Via ECF:* pjlawecf@pjlaw.com

**Defendants**
Donnie Lou Speer
14322 Darschelle Court
Houston, TX 77069
*Via First Class Mail*

Christopher D. Johnson
McKool Smith
600 Travis Street, Suite 7000
Houston, Texas 77002
*Via ECF:* cjohnson@mckoolsmith.com

John H. Speer
Steven Shurn
HughesWattersAskanase, LLP
333 Clay St., 29th Floor
Houston, TX 77002
*Via ECF:* sdsecf@hwallp.com

Hammersmith Group, LLC
Park Lake Communities
c/o John H. Speer
16427 Telge Road
Cypress, TX 77429-7029
*Via First Class Mail*

1972695-1

Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
700 Louisiana Street, Suite 2550
Bank of America Center
Houston, TX 77002-2772
*Via ECF:* mdurrschmidt@hirschwest.com

Watermark Land LLC
Watermark Land LP
George Kopecky
21408 Provincial Blvd
Katy, TxX77450
*Via First Class Mail*

David C. Martin
Zukowski, Bresenhan & Sinex, LLP
1177 West Loop South, Suite 1100
Houston, Texas 77027
*Via First Class Mail*

Watermark Tortuga LLC
c/o James Hunter
6511 Riva Ridge Drive
Richmond, TX 77406
*Via First Class Mail*

Allard Investment Company, LLC
DMW Holdings, Inc.
MGM Motor Sports, LLC
Saracen Holdings, Inc.
c/o Michael Manners
17510 Red Oak Dr., Suite 100
Houston, TX 77090
*Via First Class Mail*

1972694                                                2