IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 09-32467-H4-7 |
| ROYCE HOMES, L.P., | § | (Chapter 7) |
| Debtor. | § | |

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN H. SPEER, | § | |
| AMEGY BANK, N.A., | § | |
| AMEGY MORTGAGE COMPANY, LLC, | § | |
| MICHAEL MANNERS, | § | |
| DONNIE LOU SPEER, | § | ADVERSARY NO. 11-03191 |
| VESTALIA, LLC, | § | JURY DEMANDED |
| HAMMERSMITH GROUP, LLC, | § | |
| f/k/a Hammersmith Group, Inc., | § | |
| PARK LAKE COMMUNITIES, LP, | § | |
| WATERMARK TORTUGA, LLC, | § | |
| ALLARD INVESTMENT COMPANY, | § | |
| L.L.C., | § | |
| DWM HOLDINGS, INC., | § | |
| MGM MOTOR SPORTS, L.L.C., | § | |
| SARACEN HOLDINGS,INC., | § | |
| GEORGE KOPECKY, | § | |
| Defendants. | § | |

**AMEGY BANK NATIONAL ASSOCIATION'S AND AMEGY MORTGAGE COMPANY,
L.L.C.'S MOTION FOR WITHDRAWAL OF THE REFERENCE PURSUANT TO 28
U.S.C. § 157, FED. R. BANKR. P. 5011, AND BANKRUPTCY LOCAL RULE 5011-1**

Pursuant to Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
> YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY
> CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU
> AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A
> RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST
> FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE**

**THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Amegy Bank National Association and Amegy Mortgage Company, L.L.C. (together, "Amegy") file this Motion for Withdrawal of the Reference (the "Motion")[1] pursuant to 28 U.S.C. § 157, FED. R. BANKR. P. 5011, and Bankruptcy Local Rule 5011-1, and request that this Court recommend to the United States District Court for the Southern District of Texas that the automatic reference of this matter to the Bankruptcy Court be withdrawn concerning Trustee's claims against Amegy in adversary proceeding number 11-03191 (the "Adversary Proceeding") filed by Rodney Tow, as Trustee of the bankruptcy estate of Royce Homes, L.P.

## I.  Jurisdiction and Venue

1.    The United States District Court for the Southern District of Texas, Houston Division (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. 28 U.S.C. § 157(d) provides the statutory authority for the relief requested herein. Federal Rule of Bankruptcy Procedure 5011 and Bankruptcy Local Rule 5011-1 ("BLR 5011-1") govern motions for withdrawal of reference. Pursuant to BLR 5011-1, this Motion is filed with the Clerk of the Bankruptcy Court, and unless the District Court orders otherwise, the matter will first be presented to the Bankruptcy Court for recommendation. Accordingly, Amegy presents to the

---

[1]    This Motion is being made subject to Amegy's Motion to Dismiss Certain Claims in Trustee's Complaint Pursuant to FED. R. CIV. P. 12 [Doc. #70] and Amegy's Answer [Doc. #74].

Bankruptcy Court this Motion.

## II.  Summary of relief sought

2.        Pursuant to 28 U.S.C. § 157(d), FED. R. BANKR. P. 5011, and BLR 5011-1, this Court should recommend to the District Court that the reference of this matter to the Bankruptcy Court be withdrawn as to Trustee's claims against Amegy in the Adversary Proceeding. §157(e) and supporting case law indicate that withdrawal of the reference is required when a defendant is entitled to a jury trial and the parties have not consented to the Bankruptcy Court conducting such trial. Accordingly, the reference in this case should be withdrawn because (1) Amegy is entitled to a jury trial in the Adversary Proceeding, and (2) the Bankruptcy Court may not conduct a jury trial without Amegy's express consent.  If this Court decides to not mandatorily withdraw the reference, Amegy argues in the alternative that it should withdraw the reference pursuant to 28 U.S.C.§157(d) for cause and because it satisfies the permissive standard stated in *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985).

## III.  Factual Background

3.        On April 7, 2009, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against Royce Homes, L.P., commencing the above-captioned bankruptcy case ("Bankruptcy").  On April 30, 2009, the Bankruptcy Court entered an Order for Relief under Chapter 7 [B-Doc. #11].[2]  Thereafter, Rodney Tow was appointed as the Chapter 7 Trustee for Royce Homes ("Trustee" or "Mr. Tow").

4.        John Speer ("Mr. Speer") was the Chief Executive Officer of Royce Homes, L.P.

---

[2]        References to docket entries in the main Bankruptcy case shall be referred to herein as "B-Doc. #__." Other references to docket numbers as "Doc. #__" shall refer to the docket entries in this Adversary Proceeding.

("Royce Homes" or "Debtor") before the bankruptcy.  In September 2006, Mr. Speer received a personal loan (the "Loan") from Amegy Bank National Association for $20,000,000.00, which has, in part, become the subject of this Adversary Proceeding.  Trustee contends that Mr. Speer paid down the Loan with monies allegedly belonging to Debtor.  Amegy denies and disputes these claims.

5.   On or about April 28, 2011, Trustee filed his Complaint [B-Doc. #404] in the Adversary Proceeding seeking to recover payments made by Mr. Speer to Amegy.  Most of the arguments that Trustee brings against Amegy assert non-core claims based on theories that Amegy allegedly: conspired with and aided and abetted Mr. Speer and others to breach a contract, conspired with and aided and abetted Mr. Speer and others to breach fiduciary duties, committed civil theft and conversion, committed fraud (or conspired to commit fraud), and was unjustly enriched.

6.   On May 27, 2011, Amegy filed its Motion to Dismiss Certain Claims in Trustee's Original Complaint Pursuant to FED. R. CIV. P. 12 (the "Motion to Dismiss") [Doc. # 70].  On May 28, 2011, Amegy filed its Answer to the Complaint ("Answer") [Doc . #74].  The Answer asserted that the claims against Amegy are non-core, and stated that Amegy does not consent to a jury trial in the Bankruptcy Court.  Amegy also timely filed its Request for Jury Trial Pursuant to FED. R. CIV. P. 38 (the "Jury Demand") [Doc. # 73], asserting the right to a jury trial under Federal Rule of Civil Procedure 38 on all claims in the Complaint and the Adversary Proceeding.[3]  Amegy has not filed a proof of claim in Royce's bankruptcy case.

## IV.  Argument and authorities

**A.   The Reference Must be Withdrawn Because Amegy is Entitled to a Jury Trial and Does Not Consent to a Jury Trial in Bankruptcy Court.**

---

[3]   Pursuant to Federal Rule of Bankruptcy Procedure 9015, Rule 38 applies to this Adversary Proceeding.

7.      Amegy has demanded a jury trial, is entitled to a jury trial and does not consent to a jury trial in Bankruptcy Court.[4]  Consequently, the reference of this Adversary Proceeding must be withdrawn.

8.      As a starting point, 28 U.S.C. § 1334 vests (in the first instance) bankruptcy jurisdiction in the federal district courts.  Under 28 U.S.C. § 157(a), each district court may provide that all matters directly and indirectly involving a case under the Bankruptcy Code shall be referred to the district's bankruptcy judges.  Although Congress has given federal district courts permission to refer matters to the bankruptcy courts, nearly every district, including the Southern District of Texas, has provided by rule or order for automatic reference to the bankruptcy court.  Notwithstanding such automatic reference to the bankruptcy court, the reference may be withdrawn for a showing of cause. 28 U.S.C. §157(d).  Courts examine various factors considering whether the reference should be withdrawn in a particular case, and those factors are discussed in greater detail herein below.   Moreover and significantly, 28 U.S.C. §157(e) indicates that a Bankruptcy Court cannot conduct a jury trial if there is a jury demand and any party does not consent to a jury trial before the bankruptcy court.  In such instance, the reference must be withdrawn.

9.      Section 157(e) of Chapter 28 of the United States Code provides that "[i]f the right to a jury applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct a jury trial if specially designated to exercise such jurisdiction by the district court **and with the express consent of all the parties**."  28 U.S.C. § 157(e) (emphasis added); *see In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994) (bankruptcy judge had no constitutional

---

[4]      Pursuant to FED. R. BANKR. P. 7012(b), final orders and judgments in non-core proceedings shall not be entered on the bankruptcy judge's order except with the express consent of the parties.

or statutory authority to conduct jury trial without consent of parties, not even in core proceedings). The right to a trial by jury is founded upon the Seventh Amendment to the United States Constitution. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). Moreover, Federal Rule of Civil Procedure 38(a), as incorporated by Federal Rule of Bankruptcy Procedure 9015, preserves a party's constitutional right to a jury trial. *Granfinanciera* and its progeny make clear that a defendant who has not filed a proof of claim in a debtor's bankruptcy case is entitled to a jury trial in an action to recover money. *See id.* at 58-59; *Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 205 (S.D. Tex. 2008) (holding that a defendant who has not submitted a claim against the bankruptcy estate and is sued by a trustee to avoid a transfer has a constitutional right to a trial by jury). Without the express consent of the parties, a bankruptcy court lacks the authority to conduct a jury trial. *Levine*, at 205. If a defendant in an avoidance action requests a jury trial and has not waived its right to a jury trial by filing a proof of claim, the reference ***must*** be withdrawn. *Id.*

10.     Amegy has not filed a proof of claim in Royce's Bankruptcy case. Amegy is being sued by Trustee in the Adversary Proceeding in an action to recover money, where the majority of claims asserted against Amegy are non-core and entail material and substantial consideration of non-Bankruptcy Code law. Amegy made a valid demand for a jury trial [Doc. #73] and does not consent to a jury trial in this Court. This Court cannot conduct a jury trial without the consent of all parties. *See In re British Am. Props. III, Ltd.*, 369 B.R. 322, 326-27 (Bankr. S.D. Tex. 2007). Pursuant to the protections and rights afforded to it under the Constitution, the Federal Rules of Civil Procedure, and the common law, Amegy is entitled to a jury trial concerning the claims asserted by the Trustee against Amegy in the Adversary Proceeding. This Court should withdraw the reference

-6-

so that the District Court may conduct such jury trial.

**B.      The *Holland* Factors Support Permissive Withdrawal of the Reference of the Adversary Proceeding Under the Facts of this Case.**

11.      "The district court may withdraw, in whole or in part, any case or proceeding referred, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). In recommending the withdrawal of a reference of a fraudulent transfer case, this Court previously stated:

> In *Holland America Insurance Company v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985), the Fifth Circuit held that in determining whether a movant has shown cause under 28 U.S.C. § 157(d) to withdraw the reference, a district court should consider the following issues: (1) whether the underlying lawsuit is a core or non-core proceeding; (2) whether promotion of uniformity in bankruptcy administration will be achieved; (3) whether forum shopping and confusion will be reduced; (4) whether there will be economical use of debtors' and creditors' resources; (5) whether the withdrawal of reference will expedite the bankruptcy process; and (6) whether a party has demanded a jury trial.

*British Am. Props.*, 369 B.R. at 326 (citing *Holland* and *Mirant Corp. v. S. Co.*, 337 B.R. 107, 115 (N.D. Tex 2006)). Here, the *Holland* factors favor withdrawal of the reference, as Amegy shows below.

1.) Factor One: The underlying lawsuit is a non-core proceeding

12.      The first factor to consider is whether the Trustee's action against Amegy is a core or non-core proceeding. Section 157(b)(2)(A) - (P) of Chapter 28 of the U.S. Code contains a nonexclusive list of core proceedings. One case in the Southern District of Texas states:

> Even if a matter falls within the literal language of § 157(b)(2)(A) - (P), the matter must also generally arise under title 11 or arise in a title 11 bankruptcy case to constitute a core proceedings. The Fifth Circuit has defined core versus non-core matters consistent with § 1334(b)'s jurisdictional grants of authority. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96-97 (5th Cir. 1987). A case arises under title 11 "[i]f the proceeding involves a right created by the federal bankruptcy law." *Id.* at 97. A

case arises in a case under title 11 "[i]f the proceeding is one that would arise only in bankruptcy." *Id.* "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding . . . under § 157(c)(1) it is an 'otherwise unrelated' or non-core proceeding." *Id.*

*Longhorn Partners Pipeline, L.P. v. KM Liquids Terminals, L.L.C.*, 408 B.R. 90 (Bankr. S.D. Tex. 2009) (finding that contract claims were non-core). *Robin Towing Corp. v. Defelice* states:

> The Fifth Circuit has cautioned that core proceedings must be narrowly defined to conform to the constitutional proscription of *Marathon v. Northern Pipelines*, 458 U.S. 50 (1982), *In re Wood*, 825 F.2d at 95. In *Wood*, the court held that:
>
> > [A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.
>
> *Id.* at 97. Therefore, "[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy law it is not a core proceeding . . . it is an 'otherwise related' or non-core proceeding." *Id.*

No. Civ. A. No. 87-146, 1987 WL 26048, at *3-4 (E.D. La. Nov. 30, 1987).

13.    "In determining whether a proceeding is core or non-core, 'both the form and the substance of the proceeding must be examined.' " *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp.2d 596, 608 (S.D. Tex. 1999) (discussing the distinction between core and non-core claims in the context of abstention). " '[A] proceeding, as a whole, is determined to be core or non-core; however, in reaching this determination, each cause of action and each cause of action asserted against each defendant, is separately examined.' " *Id.* In analyzing whether this proceeding is core or non-core, the Court must examine *each* cause of action against Amegy. As in *WRT*, none of the transactions involving Amegy occurred after the bankruptcy petition was filed, and none of the conduct alleged by Trustee as the basis of the right to recovery occurred after the

-8-

bankruptcy petition was filed. *WRT*, 75 F. Supp.2d at 609.

14.     This Adversary Proceeding is a hybrid –it contains some core, but mostly non-core causes of action. "[C]ourts are required to assign to hybrid situations a core or non-core label." *Acolyte Elec. Corp. v. City of New York*, 69 B.R. 155, 167 (Bankr. E.D. N.Y. 1986). Although Trustee brings some core claims against Amegy like fraudulent transfer claims, the non-core claims brought by Trustee predominate. *See N. Pipeline Constr.Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71-72 (1982) (holding that state law claims for pre-bankruptcy petition breaches of contract are treated as non-core matters); *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 783 (E.D. Tex. 2001) (holding that claims of pre-petition tortious conduct and breaches of contract are non-core to the bankruptcy proceeding); *In re Tastee Donuts, Inc.*, 137 B.R. 204, 207 (E.D. La. 1992) (stating, "Because this adversary proceeding involves at least some non-core matters, the Court finds that cause exists to withdraw the reference from the bankruptcy court"). Trustee's conclusory statement that the Adversary Proceeding "is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (F) (K) and (O)" is wrong. *See* Complaint, at ¶ 4.

15.     *Mirant* is instructive for the Court's analysis because core and non-core claims were asserted. In *Mirant*, the court withdrew the reference even though there were core claims asserted because "none of the non-core claims implicate the peculiar rights and powers of bankruptcy, nor do any of those claims depend on the bankruptcy laws for their existence—they are claims that could proceed in another court even in the absence of bankruptcy." 337 B.R. at 117-18. *Mirant* stated, Even though some claims are classified as core, they have non-core characteristics (such as being predicated in whole or in part on state law), and treating them as core "would raise *Marathon* concerns if they were to be submitted to the adjudicatory jurisdiction of the bankruptcy court over

-9-

objection." *Id.* at 119.  Admittedly, Trustee asserts some claims which could be characterized as core.  But, those claims have non-core characteristics.  For example, Trustee's fraudulent transfer claim cannot arise only in the context of a bankruptcy case or based on any right created by the federal bankruptcy law.  Rather, it is based, at least in part, on a state-created right.  *See Mirant*, 337 B.R. at 118.  This Court, like *Mirant*, should conclude that the non-core claims were "at least as significant as the core claims, with the consequence that the court cannot reasonably say that the core claims predominate over the non-core claims." *Mirant*, at 119.  Importantly, *Mirant* also observes that a Trustee may contend that an action should be characterized as core if proceeds of the action will become part of the sum to be distributed to creditors of the bankrupt debtor.  *Id.* (citation omitted).  "But [if the court accepts such contention], the teachings of the U.S. Supreme Court in *Marathon* would be effectively eradicated.  Every proceeding could be characterized as a core proceeding, because every recovery has some effect on the size of the bankrupt's estate. This is obviously contrary to what Congress intended when it statutorily distinguished between core and non-core proceeding." *Mirant*, at 119 (citation omitted).

16.     A review of the sub-parts of Section 157 supports Amegy's assertion.  Section 157(b)(2)(A) deals with matters concerning the administration of the bankruptcy estate, Section 157(b)(2)(F) relates to proceedings to determine, avoid, or recover preferences, Section 157(b)(2)(K) relates to determinations of the validity, extent, or priority of liens, and § 157(b)(2)(O) is a catch-all that relates to other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship.  Despite Trustee's contention that the subparts enumerated in the Complaint show the claims are core, the "nature of the action is controlling, not the parties' characterization." *Veldekens v. GE HFS Holdings, Inc.*, 362

B.R. 762, 768 (S.D. Tex. 2007).

17.    The Trustee asserts the following causes of action against Amegy: conspiracy to breach Partnership Agreement under state law; aiding and abetting the breach of fiduciary duty under state law; civil theft under state law; conversion under state law; fraud/fraud scheme under state law; fraudulent transfer under federal law, Texas law, and Delaware law; unjust enrichment under state law; equitable subordination under state law; and constructive trust/equitable lien under federal and state law.  Most of the claims Trustee brings are non-core, as follows:

| Cause of Action | Basis | Core/Non-Core |
|---|---|---|
| Conspiring/aiding and abetting breach of contract | State law | Non-core |
| Aiding and abetting breach of fiduciary duty | State law | Non-core |
| Civil theft | State law | Non-core |
| Conversion | State law | Non-core |
| Fraud/fraud scheme | State law | Non-core |
| Fraudulent transfer | Federal and state law | Hybrid |
| Unjust enrichment | State law | Non-core |
| Equitable subordination* | State law | Non-core |
| Constructive trust/equitable lien* | Federal and state law | Non-core |
| *  These claims are for post-judgment relief that would only arise, *arguendo*, if Trustee prevails in recovering an award of damages in the Adversary Proceeding and if the Trustee prevails on such causes of action. | | |

18.    Breach of contract is a non-core claim.  "If '[i]t is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court,' it is not a core proceeding." *WRT*, 75 F. Supp.2d at 609 (quoting *In re Wood*, 825 F.2d at 97) (deciding that tort and breach of

-11-

contract claims were non-core); *see Marathon*, 458 U.S. at 76 (treating claims for pre-bankruptcy breaches of contract as non-core matters); *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 783 (E.D. Tex. 2001) (holding that where all of a case's alleged tortious conduct and breaches of contract occurred pre-petition, the case is non-core to the bankruptcy proceeding); *Robin Towing*, at *4 (holding that contract claims are non-core). Breach of fiduciary duty is a non-core claim. *See Mirant Corp. v. The S. Co.*, 337 B.R. at 118. Civil theft and conversion are non-core claims. *See In re Byrd*, 66 B.R. 261, 262 (Bankr. N.D. Miss. 1986) (stating that conversion is a non-core or related proceeding); *Sago v. Wal-Mart Stores, Inc.*, 280 F. Supp.2d 578, 587 (S.D. Miss. 2003) (determining that conversion is non-core in an abstention case). Fraud/fraud scheme is a non-core claim. *See id.* Unjust enrichment is a non-core claim. *See Robin Towing*, at *4. As plead, Trustee's claim for equitable subordination is non-core because it arises from state law and not from 11 U.S.C. § 510. *See* B-Doc. # 404, at 142-44. Thus, Trustee's claim is non-core. Additionally, the equitable subordination and constructive trust claims are non-core because the claims do not apply to liens on property of Royce's bankruptcy estate (or even non-estate property of Royce). The Trustee's claims for equitable subordination and imposition of an equitable lien by constructive trust over the assets of Mr. Speer do not relate to rights to existing liens. These claims are for post-judgment liens that would only arise, *arguendo*, if Trustee prevails in recovering an award of damages in the Adversary Proceeding and if the Trustee prevails in his equitable lien cause of action. The claims that Trustee brings are generally legal in nature and do not invoke the equitable power of the bankruptcy court to adjust the debtor-creditor relationship. As plead, Trustee's fraudulent transfer claim relies, in part, on Texas and Delaware state law, and is therefore not a pure core claim.

19.     It is clear that very few of Trustee's claims against Amegy arise only in the context of bankruptcy. *See, e.g., In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) (holding that claims based on state-created rights that could have proceeded in state court had there been no bankruptcy, are non-core). Rather, most of the claims that Trustee asserts against Amegy exist independently of the Bankruptcy Code and are based on state-created rights, and therefore this Court should withdraw the reference. *See Mirant*, at 119. Therefore, Trustee's claims against Amegy are non-core. In addition, where there are both core and non-core claims, courts have routinely withdrawn the reference. For example, this is what the court did in the *Tastee Donuts* matter. *Tastee Donuts*, 137 B.R. at 207 (withdrawing the reference, rejecting plaintiff's contention that the adversary proceeding involves core and non-core matters).

20.     Trustee will likely contend that his claims against Amegy, brought under § 157(b)(2)(A) and (O), could lead to a multi-million dollar judgment that would significantly affect the assets of the estate. *See Longhorn*, 408 B.R. at 96. "The Fifth Circuit warns against a broad interpretation of § 157(b)(2)(O) and prefers to deem a proceeding as core under the more specific examples rather than fitting a particular proceeding into the catch-all language of subsections (b)(2)(A) and (b)(2)(O)." *In re EbaseOne Corp.*, No. 01-31527-H4-7, 2006 WL 2405732, at *3 (Bankr. S.D. Tex. Jun. 14, 2006) (granting the motion to withdraw reference). "Almost all debtor claims may affect the estate in that they could lead to a judgment increasing or decreasing the estate assets." *Longhorn*, 408 B.R. at 96. This means that, using this filter, all claims by the debtor's estate could be considered core by virtue of being "related to" core claims. If the courts deem such claims as core, then "Section 157 would serve no purpose." 408 B.R. at 96. *Longhorn* continued,

-13-

If § 157(b)(2)(O) were read to include any money damages that may be owed to the debtor at the conclusion of litigation, then bankruptcy courts would issue final orders on the very state law claims implicated in *Marathon*.  Under *Marathon* and the Fifth Circuit's *In re Wood* opinion, § 157(b)(2)(O) issues generally must be limited to claims that arise under title 11 or arise in a case under title 11 in addition to having an affect on estate assets and debtor-creditor relations. *In re Wood*, 825 F.2d at 96–97; *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990); *Mirant Corp.*, 337 B.R. at 116; *Acolyte Elec. Corp. v. City of N.Y.*, 69 B.R. 155, 175 (Bankr. E.D.N.Y. 1986) ("An action is not a core proceeding simply because the outcome of a state law type action can result in funds being brought into an estate; but rather, that connection makes it a 'related proceeding.' ").

408 B.R. at 97; *see also Mirant*, at 119.  The claims Trustee brings against Amegy are non-core because of the myriad of cases that hold that claims do not automatically become core because they might give rise to a judgment that would create wealth for the bankruptcy estate to distribute to creditors.  Rather, the Trustee must bring a claim that is dependent on the Bankruptcy Code.

21.     Just as in *Mirant*, "the non-core claims in this action are at least as significant as the core claims, with the consequence that the court cannot reasonably say that the core claims predominate over the non-core claims." 337 B.R. at 119.  In this Adversary Proceeding, the non-core claims are more numerous and more significant than the core claims; the non-core claims predominate.  Taken as a whole, the proceeding against Amegy are non-core because most of the causes of action brought by Trustee against Amegy exist independently of the Bankruptcy Code.  This factor supports a recommendation by this Court to withdraw the reference.

b.) Factor Two: Withdrawal will promote uniformity in bankruptcy administration

22.     We are in the very early stages of this Adversary Proceeding.  None of the merits of this proceeding have been addressed yet.  This proceeding has only been pending for a month, and the Defendants just filed responsive pleadings in the last couple of business days.  Although this Court previously held hearings in the bankruptcy case regarding discovery issues and 2004

-14-

examinations, it has not held any hearings or made any rulings in the Adversary Proceeding.  In addition, this Court has not reached a sufficient level of familiarity with the merits of the claims against Amegy to preclude withdrawal of the reference.  In other words, the Court has not had to spend so much time becoming familiar with the merits of the underlying Complaint that it would be "disruptive to the uniformity" of the administration of this bankruptcy to withdraw the reference. Because the proceeding is still in its initial stages, this Court has not yet had the opportunity to invest large amounts of time and resources on it.  The proceeding is not too far along for this Court to withdraw the reference.  Because it is still early, this factor favors withdrawal of the reference. *See British Am. Props.*, 369 B.R. at 327.

c.) Factor Three: Forum shopping and confusion will be reduced

23.    This lawsuit was first filed as an adversary proceeding in this Court.  Amegy was not a party to the bankruptcy proceedings before the Trustee filed his Complaint.  Amegy only seeks to enforce its constitutional right to a jury trial, and is not trying to evade the jurisdiction of the Bankruptcy Court. Because there are no indicia of forum shopping present, this factor favors withdrawing the reference.

d.) Factor Four: There will be economical use of debtors' and creditors' resources

24.    Neither Trustee nor Amegy have spent any significant time briefing the Bankruptcy Court on the underlying merits of the dispute.  The Motion to Dismiss was filed less than 30 days after the filing of Trustee's Complaint. As in *British Am. Props.*, "[t]his is not an instance where the Court and the parties proceeded through the Adversary Proceeding for months before the Defendant attempted to enforce the right to a jury trial through seeking withdrawal of the reference." 369 B.R. at 328. "The District Court would be in no better or worse position to expeditiously rule on this suit

than this [Bankruptcy] Court." *Id.* Withdrawal of the reference will not cause either Amegy or Trustee to lose any amount of resources.

e.) Factor Five: The withdrawal of reference will expedite the bankruptcy process

25.     In non-core proceedings, like this one, the bankruptcy court has a restricted judicial role. *Mirant*, 337 B.R. at 115–16 (citing 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 157(c)(1)). Only if an adversary proceeding is a core proceeding may a bankruptcy court enter final orders and judgments; if the proceeding is non-core, then a bankruptcy court may only submit proposed findings of fact and conclusions of law to the district court for that court's *de novo* review. *Mirant*, at 115-16; *Acolyte*, 69 B.R. at 163 and 175 (having the Bankruptcy Court hear non-core matters goes against the policy of fostering judicial economy by creating a situation in which a claim might have to be tried twice – first in the Bankruptcy Court and then in the District Court. Withdrawing the reference is favored because if this Court were to submit proposed findings of fact and conclusions of law to the District Court, then such proposed findings and conclusions would be subject to *de novo* review. Such review would likely delay the final resolution of the bankruptcy proceedings. If the reference is withdrawn, however, the District Court will be able to enter a final judgment sooner than if the Bankruptcy Court first submits findings and conclusions which are subject to *de novo* review. This factor favors withdrawal because it encourages a more expeditious adjudication, which will decrease the time to administer the bankruptcy estate.

f.) Factor Six: Amegy has demanded a jury trial

26.     Amegy is entitled to a jury trial in the Adversary Proceeding. "In Suits at common law . . . the right of trial by jury shall be preserved . . . ." U.S. CONST. amend. VII. The Supreme Court has construed "Suits at common law" to mean lawsuits involving legal, as opposed to

equitable, rights. *See Granfinanciera*, 492 U.S. at 41. *Granfinanciera* established a two-part test to determine whether a claim is legal or equitable in nature: (a) whether the claim is analogous to 18th century actions brought at law in the courts of England before the merger of the courts of law and equity and, (b) more important, whether the remedy sought is legal in nature. *Id.* Actions to recover money or a debt were actions at law in 18th century England. *Id.* at 47. The remedy sought (recovery of money) is characterized as legal rather than equitable. *Id.* at 48-49.[5]

27.     The Federal Rules of Civil Procedure preserve a party's right to a jury trial under the Seventh Amendment or applicable federal statute. FED. R. CIV. P. 38(a). Amegy timely asserted its right to a jury trial.   Amegy has not filed a proof of claim in the Debtor's bankruptcy case. *Granfinanciera* and the long line of cases that follow it make clear that a defendant who has not filed a proof of claim in a debtor's bankruptcy case is entitled to a jury trial in an action to recover money. *See Granfinanciera*, at 58-59. This factor favors withdrawing the reference.  All of the factors described above, on balance, favor withdrawing the reference for the claims asserted against Amegy in the Adversary Proceeding.

### V.  Conclusion

28.     Based on the foregoing, Amegy Bank National Association and Amegy Mortgage Company, L.L.C. respectfully request that the Court enter an order (a) granting the relief sought in this Motion; (b) recommending that the District Court withdraw the reference of the claims against Amegy Bank National Association and Amegy Mortgage Company, L.L.C. in the Adversary Proceeding; and (c) granting Amegy Bank National Association and Amegy Mortgage Company,

---

[5]     Amegy incorporates by reference the arguments in ¶¶ 17-18, *supra*, regarding the fact that the real character of Trustee's "equitable" remedies depend on first obtaining a favorable outcome on his legal claims.

L.L.C. all further relief to which each is entitled.

Respectfully submitted,

By:  _George R. Gibson_ — WITH PERMISSION

George R. Gibson
Texas Bar No. 00793802
Southern District Bar No. 19879
Attorney-in-Charge for Amegy Bank
National Association and Amegy Mortgage
Company, L.L.C.
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056
Telephone: 713.960.0303
Facsimile: 713.892.4800

OF COUNSEL:

**NATHAN SOMMERS JACOBS**
A Professional Corporation
Kent Altsuler
Texas Bar No. 24001646
Federal ID No. 23424
Seth A. Miller
Texas Bar No. 24055977
Federal ID No. 724733
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056
Telephone: 713.960.0303
Facsimile: 713.892.4800

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2011, I sent a true and correct copy of Amegy Bank National Association's and Amegy Mortgage Company, L.L.C.'s Motion For Withdrawal of the Reference Pursuant to 28 U.S.C. § 157, Fed. R. Bankr. P. 5011, and Bankruptcy Local Rule 5011-1 to the following parties by the following means:

| | |
|---|---|
| Rodney Tow | By E-Mail (rtow@towkoenig.com) |
| Julie Koenig | By E-Mail (jkoenig@towkoenig.com) |
| Tow & Koenig, P.L.L.C. | and First Class Mail |
| 26219 Oak Ridge Drive | |
| The Woodlands, Texas 77380 | |
| | |
| Michael Duncan | By E-Mail (mikedunc@cagehill.com) |
| Cage Hill & Niehaus, L.L.P. | and First Class Mail |
| 5851 San Felipe, Suite 950 | |
| Houston, Texas 77057 | |
| | |
| Erin E. Jones | By E-Mail (erin@jmkllp.com) |
| Jones Morris Klevenhagen, L.L.P. | and First Class Mail |
| 6363 Woodway, Suite 570 | |
| Houston, Texas 77057 | |
| | |
| Peter Johnson | By E-Mail (pjlawecf@pjlaw.com) |
| Law Offices of Peter Johnson | and First Class Mail |
| Eleven Greenway Plaza, Suite 2820 | |
| Houston, Texas 77046 | |
| | |
| Steven Shurn | By E-Mail (sshurn@hwallp.com) |
| C. Ed Harrell | By E-Mail (eharrell@hwallp.com) |
| Hughes Watters Askanase, L.L.P. | and First Class Mail |
| 333 Clay Street, 29th Floor | |
| Houston, Texas 77002 | |
| | |
| Christopher D. Johnson | By E-Mail (cjohnson@mckoolsmith.com) |
| McKool Smith | and First Class Mail |
| 600 Travis Street, Suite 7000 | |
| Houston, Texas 77002 | |

Hammersmith Group, L.L.C.                By First Class Mail
Park Lake Communities
c/o John H. Speer
16427 Telge Road
Cypress, Texas 77429-7029

Michael J. Durrschmidt           By E-Mail (mdurrschmidt@hirschwest.com)
Hirsch & Westheimer, P.C.                 and First Class Mail
700 Louisiana Street, Suite 2550
Bank of America Center
Houston, Texas 77002-2772

Watermark Tortuga L.L.C.                  By First Class Mail
c/o James Hunter
6511 Riva Ridge Drive
Richmond, Texas 77406

Saracen Holdings, Inc.                    By First Class Mail
c/o Michael Manners
17510 Red Oak Drive, Suite 100
Houston, Texas 77090

Watermark Land LLC                        By First Class Mail
Watermark Land LP
George Kopecky
21408 Provincial Boulevard
Katy, Texas 77450

David C. Martin                           By First Class Mail
Zukowski, Bresenhan & Sinex, LLP
1177 West Loop South, Suite 1100
Houston, Texas 77027

                                    _ WITH PERMISSION

                         _____
                                George R. Gibson

W:\Amegy Bank\Royce Homes - Adversary\Mtn to W-draw the Reference v4.wpd