IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYCE HOMES, L.P., | § | CASE NO. 09-32467-H4-7 |
| | § | |
| DEBTOR. | § | CHAPTER 7 |
| _____ | § | |
| | § | |
| RODNEY D. TOW, | § | |
| CHAPTER 7 TRUSTEE | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | ADVERSARY NO. 11-03191 |
| v. | § | |
| | § | JURY DEMANDED |
| JOHN H. SPEER, et al., | § | |
| | § | |
| DEFENDANTS. | § | |

**VESTALIA, LLC'S RESPONSE TO THE TRUSTEE'S OBJECTION TO VARIOUS MOTIONS TO WITHDRAW REFERENCE FILED BY VESTALIA LLC, JOHN H. SPEER, MICHAEL MANNERS, ALLARD INVESTMENT COMPANY LLC, DWM HOLDINGS, INC., MGM MOTOR SPORTS LLC, GEORGE KOPECKY, WATERMARK LAND LLC, WATERMARK LAND LP, WATERMARK TORTUGA LLC, HAMMERSMITH GROUP LLC, PARK LAKE COMMUNITIES LP, DONNIE LOU SPEER, AMEGY BANK N.A., AND AMEGY MORTGAGE COMPANY LLC**
(Related to Docket No. 90)

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

Vestalia, LLC ("*Vestalia*"), a Defendant in the above-captioned adversary proceeding, files its *Response to the Trustee's Objection to Various Motions to Withdraw Reference filed by Vestalia LLC, John H. Speer, Michael Manners, Allard Investment Company LLC, DWM Holdings, Inc., MGM Motor Sports LLC, George Kopecky, Watermark Land LLC, Watermark Land LP, Watermark Tortuga LLC, Hammersmith Group LLC, Park Lake Communities LP, Donnie Lou Speer, Amegy Bank N.A. and Amegy Mortgage Company LLC* (the "*Response*").

## RESPONSE

**I.   The Bankruptcy Court Lacks the Constitutional Authority to Enter Orders and Judgments on Any of the Trustee's Asserted Claims.**

1.   The Trustee argues that there are both core and non-core claims asserted in the above-captioned adversary proceeding (the "***Adversary Proceeding***"). The Trustee fails to differentiate which claims are core, and which are non-core. All of the Trustee's purported claims against Vestalia are private rights of action. As such, the Bankruptcy Court lacks jurisdiction to enter judgment in the Adversary Proceeding. *Stern v. Marshall*, 2011 WL 2472792 * 16–17 (June 23, 2011) (citing Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982)); *see also Williams v. Houston Plants & Garden World, Inc. et. Al., (In re Green Valley Growers, Inc.)*, Ch. 7 Case No. 09-31630-H3-7, Adv. No. 11-03103, slip op. at 4 (Bankr. S.D. Tex. July 7, 2011) ("the Supreme Court held that the bankruptcy court lacks constitutional jurisdiction to enter judgment in such a case.").

2.   The Trustee's purported fraudulent transfer claims under 11 U.S.C. § 544, Tex Bus. & Com. Code § 24.001, et seq., and 6 Del. C. § 1304, et seq., together with his purported state law claim for unjust enrichment are private rights of action. *See Marshall*, 2011 WL 2472792 * 19. The Supreme Court reasoned in *Marshall*:

> [i]f a statutory right is not closely intertwined with a federal regulatory program Congress has power to enact, and if that right neither belongs to nor exists against the Federal Government, then it must be adjudicated by an Article III court. [*internal citations omitted*]. We reasoned that fraudulent conveyance suits were 'quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res. [*internal citations omitted*]. As a consequence, we concluded that fraudulent conveyance actions were 'more accurately characterized as a private rather than a public right as we have used those terms in our Article III decisions.

2009603                                                                                                                    2

*Id.* The Trustee's purported private rights of action fall beyond the authority of the Bankruptcy Court. Because the claims asserted by the Trustee against Vestalia involve private and not public rights, immediate withdrawal of the reference is proper.

3.  Under § 157, Congress granted bankruptcy courts statutory authority to enter orders and judgments on core claims. As to non-core claims, the bankruptcy court's authority is significantly limited, by only allowing bankruptcy courts to submit proposed findings of fact and conclusions of law to the district court for de novo review on non-core claims. 11 U.S.C. § 157. The Supreme Court in *Marshall* held that the Congressional grant of statutory authority under § 157 as to at least one class of core claims is unconstitutional. The Supreme Court's holding and analysis in *Marshall* casts serious doubt as to the constitutionality of several other classes of purported core claims. *Marshall*, 2011 WL 2472792 * 19. Under *Marshall*, bankruptcy courts lack jurisdiction to enter orders and judgments in adversary proceedings involving private rights of action.

4.  The Trustee seeks affirmative relief on legal issues which exceed the jurisdiction of the Bankruptcy Court. The Supreme Court reaffirmed its reasoning in *Granfinanciera* in distinguishing between "actions that seek 'to augment the bankruptcy estate' and those that seek 'a pro rata share of the bankruptcy res.'"[1] "Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process."[2] The Trustee cannot demonstrate that any of his causes of action meet a "public rights

---

[1] *Marshall*, 2011 WL 2472792 * 24; *Granfinanciera,* 492 U.S. at 56.
[2] *Marshall*, 2011 WL 2472792 * 24.

2009603

3

exception" enumerated in *Granfinanciera* or as discussed in *Marshall*.[3] Thus, the presumption of jurisdiction is in favor of Article III courts.[4]

5. Based upon *Marshall*, it is questionable what jurisdiction the Bankruptcy Court has over the Trustee's purported claims against Vestalia. Immediate withdrawal of the reference is proper because: (i) the Trustee asserts claims that are intended to enlarge the bankruptcy estate; (ii) the Trustee failed to demonstrate that any of his purported claims meet a "public rights exception" enumerated in *Granfinanciera* and *Marshall*; (iii) Vestalia is entitled to its requested jury trial; and (iv) Vestalia does not consent to a jury trial before, or the entry of orders by, the Bankruptcy Court.

## II. The Holland America Factors Favor Withdrawal of the Reference of the Adversary Proceeding.

6. The Trustee contends that the *Holland America* factors favor only partial withdrawal of the reference in the Adversary Proceeding.[5] Such argument fails as <u>all</u> purported claims asserted against Vestalia must be decided by an Article III judge.

7. To the extent the *Holland America* factors remain applicable after *Marshall*, such factors weigh in favor of the withdrawal of the reference. In *Holland America Ins. Co. v. Succession of Roy*, the Fifth Circuit identified six factors/goals that a district court should consider when determining whether to withdraw the reference pursuant to 28 U.S.C. § 157(d). 777 F.2d 992, 998–99 (5th Cir. 1985). The six factors are: (i) whether the proceeding is a core or non-core proceeding; (ii) whether the goal of promotion of uniformity in bankruptcy administration will be achieved; (iii) whether forum shopping and confusion will be reduced; (iv) whether there will be economical use of the Debtor's and the creditors' resources; (v) whether

---

[3] *Id.*
[4] *Id.; Northern Pipeline.,* 458 U.S. at 69 n. 23, 77 n. 29.
[5] Docket No. 90 ¶ 11.

the bankruptcy process will be expedited; and (iv) whether there is a jury demand. *Williams v. ABN AMRO Mort. Group, Inc. (In re Positive Health Mgmt., Inc.)*, Ch. 7 Case No. 08-31630, Adv. No. 10-03120, Report and Recommendations p. 5–11 (Bankr. S.D. Tex. Nov. 4, 2010).

8.  The Trustee impotently asserts that five of the six factors weigh in favor of denying the multiple withdrawals of the reference and the remaining factor is neutral.[6] The Trustee's analysis of all six factors is incorrect. For the reasons stated below, the Court should overrule the Trustee's Objection and immediately grant Vestalia's Motion to Withdraw the Reference.

### *Factor 1: Whether the Proceeding is a Core or Non-Core Proceeding*

9.  The Trustee asserts that the "core issues predominate over the non-core issues"[7] and that the "non-core claims are often alternative causes of action based upon the same or similar causes of action."[8] The Trustee further argues that "[w]hen core issues predominate over non-core issues, the adversary proceeding is a core proceeding."[9] The Trustee fails to identify which claims he asserts are core and which are non-core. Such arguments fail in light of *Marshall*. The Supreme Court held in *Marshall* that the bankruptcy court lacked jurisdiction to enter orders and judgments on claims involving private rights of action. All of the claims asserted in the Adversary Proceeding against Vestalia are private rights of action.

10. The Trustee's purported claims for fraudulent transfers under the Texas and Delaware fraudulent transfer acts and unjust enrichment are all private rights of action proceedings that must be decided by an Article III court. *Marshall*, 2011 WL 2472792 * 19.

---

[6] Docket No. 90 ¶¶ 13, 16, 19, 21, 22 & 23.
[7] Docket No. 90 ¶ 12.
[8] Docket No. 90 ¶ 13.
[9] Docket No. 90 ¶ 12.

2009603

5

11. The Trustee's bare assertion that the purported core claims, which he fails to identify, predominate over non-core claims and converts the entire proceeding to a core proceeding is specious and intellectually dishonest. In this proceeding, the claims resolution process is not implicated. The Bankruptcy Court lacks constitutional authority to decide private rights of action. Furthermore, the two cases cited by the Trustee in purported support of his argument are fundamentally distinguishable on their facts and fail under the *Marshall* opinion.

12. Based on the above analysis, the first factor weighs in favor of granting Vestalia's Motion to Withdraw the Reference as the purported claims are private rights of action.

### Factor 2: Whether The Goal of Promotion of Uniformity in Bankruptcy Will Be Achieved

13. Where the bankruptcy court lacks familiarity with the underlying facts of the adversary proceeding and has not expended significant resources in the adversary proceeding familiarizing itself with those facts, this factor weighs in favor of withdrawing the reference. *Williams v. ABN AMRO Mort. Group, Inc. (In re Positive Health Mgmt., Inc.)*, Ch. 7 Case No. 08-31630, Adv. No. 10-03120, Report and Recommendations p. 8 (Bankr. S.D. Tex. Nov. 4, 2010).

14. The Trustee argues, without basis, that the Bankruptcy Court is familiar with the facts upon which or the parties against whom he brings claims. This borders on the frivolous as the Trustee filed the Complaint barely two (2) months ago. Further, the Trustee asserts that because the main bankruptcy case has been pending for over two years and its docket contains over 400 entries, this means that the Bankruptcy Court should maintain pre-trial portions. Such conclusory statements do not demonstrate that uniformity will be promoted.

15. There is no indication that the Bankruptcy Court has any familiarity with the underlying facts of the Adversary Proceeding or the parties. There have been no hearings in the Adversary Proceeding. Further, there are no pending motions for summary judgment.

16. The first motion filed in the Adversary Proceeding, filed less than thirty (30) days after the Adversary Proceeding was initiated, was the motion seeking withdrawal of the reference. The Bankruptcy Court has neither invested nor had any opportunity to invest significant time or resources familiarizing itself with the purported facts of the Adversary Proceeding. *See e.g., Williams v. ABN AMRO Mort. Group, Inc. (In re Positive Health Mgmt., Inc.)*, Ch. 7 Case No. 08-31630, Adv. No. 10-03120, Report and Recommendations p. 7–8 (Bankr. S.D. Tex. Nov. 4, 2010) (recommending withdrawal of the reference where the court had not invested large amount of time and resources familiarizing itself with the Adversary Complaint).

17. The Trustee's assertion that the "length" of the underlying bankruptcy case or the number of docket entries in the main case should weigh as a factor in the withdrawal of the reference is unsupported by law.

18. The second factor weighs in favor of immediately granting Vestalia's Motion to Withdraw the Reference.

### *Factor 3: Whether Forum Shopping and Confusion Will Be Reduced*

19. The Trustee admits that none of the defendants filed claims in the case.[10] The Trustee asserts however that some defendants have been very active in the bankruptcy case—implying that "activity" equals "participation" in the claims resolution process. No law is cited

---

[10] Docket No. 90 ¶ 17.

2009603                                                                                                                                  7

to support this frivolous argument. Further, a review of the main case docket reflects that Vestalia has not been involved in the main case.

20. There was no forum shopping by Vestalia. The Trustee selected the forum. Vestalia and other defendants are merely exercising their constitutional rights. The Trustee speciously asserts "forum shopping" because motions to withdraw the reference were filed.[11] He circularly and illogically asserts that any party in a bankruptcy case that files a demand for a jury trial and then "refuses" to accept the Trustee's selection and consent to trial before the bankruptcy court is forum shopping.[12] The argument is meritless and conveniently ignores both the Seventh Amendment and the current interpretation of Article III of the United States Constitution which require trial by jury in front of an Article III court. *See generally Marshall*, 2011 WL 2472792.

21. Because all of the claims asserted against Vestalia are private right causes of action, and Vestalia has asserted its right to a jury trial, it would be more efficient and cost effective for the District Court to adjudicate the disputes. *See In re EbaseOne*, 2006 WL 2405732, at *4.

22. Based on the above analysis, the third factor weighs in favor of granting Vestalia's Motion to Withdraw the Reference.

> ***Factor 4: Whether there will be economical use of the Debtor's and the creditors' resources***

23. The claims, if considered by the Bankruptcy Court, would require de novo review by the District Court, this factor weighs in favor of granting Vestalia's Motion to Withdraw the Reference.

---

[11] Docket No. 90 ¶ 19.
[12] Docket No. 90 ¶ 18.

2009603

> "When a . . . trustee administering the bankruptcy estate, needs to bring quick resolution to the matters at bar, and the bankruptcy court is familiar with the parties, the factual background, and the legal issues involved, the goals of efficient and economical use of the parties' resources are best met by allowing the suit to remain in the bankruptcy court. However, <u>when the bankruptcy court does not have a substantial background and knowledge of the dispute . . . these twin goals are not necessarily met through the bankruptcy court adjudicating the suit.</u>" *Id.* at * 5.

24. There is no indication that the Bankruptcy Court is familiar with the background facts underlying the Trustee's claims. In the time between initiation of the Adversary Proceeding and filing of the motions to withdraw the reference, the Bankruptcy Court did not expend resources familiarizing itself with the facts in the Adversary Proceeding. Certainly, no exhibits or testimony has been provided in the Adversary Proceeding to provide the Bankruptcy Court with such background. Finally, any findings of fact or conclusions of law will require de novo review by the District Court.

25. The fourth factor weighs in favor of granting Vestalia's Motion to Withdraw the Reference. *See, e.g., id.*

### *Factor 5: Whether The Bankruptcy Process Will Be Expedited*

26. To expedite the bankruptcy process, immediate withdrawal of the Adversary Proceeding to the District Court is proper, as the District Court has jurisdiction to enter orders and judgments.

27. The fifth factor weighs in favor of granting Vestalia's Motion to Withdraw the Reference.

### *Factor 6: Whether There is a Jury Demand*

28. "[O]f the six *Holland America* factors that the Fifth Circuit has established for considering a motion to withdraw the reference, special emphasis should be placed on a party's

demand for a jury trial." *Williams v. ABN AMRO Mort. Group, Inc. (In re Positive Health Mgmt., Inc.)*, Ch. 7 Case No. 08-31630, Adv. No. 10-03120, Report and Recommendations p. 11 (Bankr. S.D. Tex. Nov. 4, 2010).

29. Contemporaneously with its Motion for Withdrawal of the Reference, Vestalia timely filed a jury demand. As the Trustee admits, Vestalia did not file a proof of claim.

30. The sixth factor weighs in favor of immediately granting Vestalia's Motion to Withdraw the Reference. Not only does this factor favor withdrawal of the reference, but this Court previously indicated that this factor should be given "substantial weight." *Id.*

31. All six of the *Holland America* factors weigh in favor of granting Vestalia's Motion to Withdraw the Reference.

### III. Judicial Economy, the Interests of Justice and Cost Considerations Favor Immediate Withdrawal of the Reference.

32. Delaying the required withdrawal of the reference will cause delays and disruption to final resolution. Conducting pre-trial matters in the Bankruptcy Court and then transferring the case to the District Court for trial will increase both time and costs. Contrary to the Trustee's assertion, a scheduling order issued by the Bankruptcy Court will not affect when the case is docketed for trial in the District Court. <u>The case will not be scheduled for trial in the District Court until the reference is withdrawn.</u> Then, the case will compete with other cases on the District Court's docket. Further delaying final resolution.

33. Withdrawing the reference now will save all parties, the estate included, significant resources. As such, it is neither in the interest of justice nor cost effective to have two separate courts involved in the case. For these reasons, immediate withdrawal is appropriate.

34. Given the importance of a party's right to a jury trial by an Article III judge, that no evidentiary hearings have occurred and that no motions for summary judgment are currently

pending, the reference should be immediately withdrawn to preserve the parties' resources and expedite resolution of the case.

35. Wherefore, Vestalia, LLC requests that this Court enter an order recommending the immediate withdrawal of the reference of this adversary proceeding and granting Vestalia, LLC such other relief as is just.

Respectfully submitted,

*/s/ Steven Shurn*
| | |
|---|---|
| C. Ed Harrell | TBN 09042500 |
| eharrell@hwa.com | |
| Steven Shurn | TBN: 24013507 |
| sshurn@hwa.com | |
| Simon Mayer | TBN 24060243 |
| smayer@hwa.com | |

HUGHESWATTERSASKANASE, LLP
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
**ATTORNEYS FOR VESTALIA, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of July, 2011, a true and correct copy of the foregoing was served by ECF transmission or U.S. Mail, prepaid, on the following persons:

> */s/ Steven Shurn*
> Steven Shurn

| | |
|---|---|
| **Attorneys for Plaintiff**<br>Rodney D. Tow<br>Tow and Koenig PLLC<br>26219 Oak Ridge Drive<br>The Woodlands, TX 77380<br>*Via ECF: rtow@towkoenig.com*<br><br>Erin E. Jones<br>Jones Morris, LLP<br>6363 Woodway Suite 570<br>Houston, TX 77057<br>*Via ECF: erin@jonesmorris.com*<br><br>Julie Mitchell Koenig<br>Tow and Koenig PLLC<br>26219 Oak Ridge Drive<br>The Woodlands, TX 77380<br>*Via ECF: jkoenig@towkoenig.com*<br><br>Michael Duncan<br>Cage, Hill & Niehaus, L.L.P.<br>5851 San Felipe, Suite 950<br>Houston, Texas 77057<br>*Via ECF: mikedunc@cagehill.com*<br><br>**Attorney for Amegy Bank, N.A.,**<br>George R. Gibson<br>Nathan Sommers Jacobs PC<br>2800 Post Oak Blvd, 61st Flr<br>Houston, TX 77056-6102<br>*Via ECF: ggibson@nathansommers.com* | **Attorney for Michael Manners, DWM Holdings, MGM Motor Sports, Inc. , Allard Investment Company, LLC**<br>Peter Johnson<br>Law Offices of Peter Johnson<br>Eleven Greenway Plaza<br>Suite 2820<br>Houston, TX 77046<br>*Via ECF: pjlawecf@pjlaw.com*<br><br>**Attorney for Donnie Lou Speer**<br>Christopher D. Johnson<br>McKool Smith<br>600 Travis Street, Suite 7000<br>Houston, Texas 77002<br>*Via ECF: cjohnson@mckoolsmith.com*<br>**Attorney for John H. Speer, Vestalia LLC**<br>Steven Shurn<br>HughesWattersAskanase, LLP<br>333 Clay St., 29th Floor<br>Houston, TX 77002<br>*Via ECF: sdsecf@hwallp.com*<br><br>**Attorney for Hammersmith Group, LLC, Park Lake Communities**<br>Michael J. Durrschmidt<br>Hirsch & Westheimer, P.C.<br>700 Louisiana Street, Suite 2550<br>Bank of America Center<br>Houston, TX 77002-2772<br>*Via ECF: mdurrschmidt@hirschwest.com* |

**Watermark Land LP**
George Kopecky
21408 Provincial Blvd
Katy, TxX77450
*Via First Class Mail*

**Attorney for Watermark Land LLC,
Watermark Tortuga LLC**
Marc J. Magids
Zukowski, Bresenhan & Sinex, LLP
1177 West Loop South, Suite 1100
Houston, Texas 77027
*Via ECF: mail@zbllp.com*

**Saracen Holdings, Inc.
Saracen Holdings LP
Saracen Holdings GP, LLC**
c/o Michael Manners
17510 Red Oak Dr., Suite 100
Houston, TX 77090
*Via First Class Mail*