UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **ROYCE HOMES, LP** | § | Chapter 7 Case **09-32467** |
| *Debtor* | § | |
| | § | |
| **RODNEY TOW, TRUSTEE** | § | |
| *Plaintiffs* | § | Adversary No. **11-03191** |
| vs. | § | |
| | § | |
| **JOHN H. SPEER, ET AL** | § | |
| *Defendants* | § | |

## DEFENDANT SARACEN HOLDINGS, L.P.'S ANSWER TO TRUSTEE'S FIRST AMENDED COMPLAINT
### [*Refers to Docket #89*]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, **Saracen Holdings, LP (**hereinafter collectively "**Defendant" or "Holdings"**), subject to pending Motions to Dismiss, hereby files this Answer to the Trustee's First Amended Complaint ("Complaint")  filed by Rodney Tow, Trustee ("Trustee" or "Plaintiff") and in support thereof would show the Court as follows:

### JURY REQUEST

Defendant demands trial by jury on all the issues so triable in this Adversary Case and Defendant demands such trial before a Court established under Article III of the United States Constitution.

### ANSWER TO COMPLAINT ALLEGATIONS

Defendant denies generally that Plaintiff is entitled to recover and more specifically, the Defendant responds to the Complaint as follows:

1.  Defendant pleads that paragraph 1 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

2.  Defendant denies averments contained in paragraph 2 of the Complaint.

3.  Defendant admits averments contained in paragraph 3 of the Complaint.

4.  Defendant denies averments contained in paragraph 4 of the Complaint.

5.  Defendant admits averments contained in paragraph 5 of the Complaint.

6.  Defendant has insufficient knowledge[1] to either admit or deny averments contained in paragraph 6 of the Complaint.

7.  Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 7 of the Complaint.

8.  Defendant admits averments contained in paragraph 8 of the Complaint.

9.  Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 9 of the Complaint.

10. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 10 of the Complaint.

11. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 11 of the Complaint.

12. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 12 of the Complaint.

13. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 13 of the Complaint.

14. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 14 of the Complaint.

15. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 15 of the Complaint.

---

[1] Where the term "insufficient knowledge" is alleged, it is intended to imply that the Defendant has insufficient knowledge to form a belief about the truth of the allegation as provided by Fed. R.Civ.P. 8(b)(5).

16. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 16 of the Complaint.

17. Defendant admits averments contained in paragraph 17 of the Complaint.

18. Defendant admits averments contained in paragraph 18 of the Complaint.

19. Defendant admits averments contained in paragraph 19 of the Complaint.

20. Defendant admits averments contained in paragraph 20 of the Complaint.

21. Defendant denies averments contained in paragraph 21 of the Complaint. Defendant further pleads on information and belief that Saracen Holdings, Inc. was terminated on December 6, 1999[2].

22. Defendant admits averments contained in paragraph 22 of the Complaint.

23. Defendant admits averments contained in paragraph 23 of the Complaint.

24. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 24 of the Complaint.

25. Defendant admits averments contained in paragraph 25 of the Complaint to the extent that "Royce Homes" refers to the Debtor.

26. Defendant admits averments contained in paragraph 26 of the Complaint.

27. Defendant admits averments contained in paragraph 27 of the Complaint to the extent that "Royce Homes" refers to the Debtor.

28. Defendant admits averments contained in paragraph 28 of the Complaint that Royce Homes sold homes primarily in Houston to the extent that "Royce Homes" refers to the Debtor, but has insufficient knowledge to either admit or deny the remaining averments contained in paragraph 28 of the Complaint.

29. Defendant admits averments contained in paragraph 29 of the Complaint that at all times relevant to the Complaint, John Speer was the president, chief executive officer, and key employee of Royce Homes, to the extent that "Royce Homes" refers to the

---

[2] Texas law provides that a terminated entity cannot prosecute or defend a claim after the third anniversary of the effective date of the entity's termination.

Debtor, as well as the president, sole director, and sole owner of Royce Homes's general partner, Hammersmith Group.  Defendant denies averments contained in paragraph 29 of the Complaint that Manners was an insider  and exercised control over Royce Homes as well as its related entities.   Defendant has insufficient knowledge to either admit or deny remaining averments contained in paragraph 29 of the Complaint.

30. Defendant admits averments contained in paragraph 30 of the Complaint that in early to mid 2006, Speer contemplated the buyout of his partner Michael Manners's fifty percent interest in Royce Homes and its related entities.  Defendant has insufficient knowledge to either admit or deny remaining averments contained in paragraph 30 of the Complaint.

31. Defendant admits averments contained in paragraph 31 of the Complaint.

32. Defendant denies averments contained in paragraph 32 of the Complaint.

33. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 33 of the Complaint.

34. Defendant denies averments contained in paragraph 34 of the Complaint.

35. Defendant denies averments contained in paragraph 35 of the Complaint.

36. Defendant denies averments contained in paragraph 36 of the Complaint.

37. Defendant denies averments contained in paragraph 37 of the Complaint.

38. Defendant admits averments contained in paragraph 38 of the Complaint.

39. Defendant denies averments contained in paragraph 39 of the Complaint that the Manners Note was paid by Royce Homes, but has insufficient knowledge to either admit or deny remaining averments contained in paragraph 39 of the Complaint.

40. Defendant denies averments contained in paragraph 40 of the Complaint.

41. Defendant denies averments contained in paragraph 41 of the Complaint.

42. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 42 of the Complaint.

43. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 43 of the Complaint.

44. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 44 of the Complaint.

45. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 45 of the Complaint.

46. Defendant denies averments contained in paragraph 46 of the Complaint.

47. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 47 of the Complaint.

48. Defendant admits averments contained in paragraph 48 of the Complaint to the extent that Royce Homes refers to the Debtor.

49. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 49 of the Complaint.

50. Defendant admits averments contained in paragraph 50 of the Complaint.

51. Defendant admits averments contained in paragraph 51 of the Complaint to the extent it refers to the Debtor.

52. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 52 of the Complaint.

53. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 53 of the Complaint.

54. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 54 of the Complaint.

55. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 55 of the Complaint.

56. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 56 of the Complaint.

57. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 57 of the Complaint.

58. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 58 of the Complaint.

59. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 59 of the Complaint.

60. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 60 of the Complaint.

61. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 61 of the Complaint.

62. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 62 of the Complaint.

63. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 63 of the Complaint.

64. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 64 of the Complaint.

65. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 65 of the Complaint.

66. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 66 of the Complaint.

67. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 67 of the Complaint.

68. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 68 of the Complaint.

69. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 69 of the Complaint.

70. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 70 of the Complaint.

71. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 71 of the Complaint.

72. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 72 of the Complaint.

73. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 73 of the Complaint.

74. Defendant admits averments contained in paragraph 74 of the Complaint that Manners was given the title "Chairman Emeritus," but denies that Manners was a partner, insider or person in control of the Debtor during the time period subject to the Complaint.

75. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 75 of the Complaint.

76. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 76 of the Complaint.

77. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 77 of the Complaint.

78. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 78 of the Complaint.

79. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 79 of the Complaint.

80. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 80 of the Complaint.

81. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 81 of the Complaint.

82. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 82 of the Complaint.

83. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 83 of the Complaint.

84. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 84 of the Complaint.

85. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 85 of the Complaint.

86. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 86 of the Complaint.

87. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 87 of the Complaint.

88. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 88 of the Complaint.

89. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 89 of the Complaint.

90. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 90 of the Complaint.

91. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 91 of the Complaint.

92. Defendant admits averments contained in paragraph 92 of the Complaint to the extent that Royce Homes refers to the Debtor.

93. Defendant admits averments contained in paragraph 93 of the Complaint.

94. Defendant admits averments contained in paragraph 94 of the Complaint.

95. Defendant admits averments contained in paragraph 95 of the Complaint.

96. Defendant admits averments contained in paragraph 96 of the Complaint to the extent that Royce Homes refers to the Debtor.

97. Defendant admits averments contained in paragraph 97 of the Complaint that Allard Investments was owned and created by Michael Manners, but denies remaining averments in paragraph 97 of the Complaint.

98. Defendant admits averments contained in paragraph 98 of the Complaint.

99. Defendant denies averments contained in paragraph 99 of the Complaint.

100.    Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 100 of the Complaint.

101.    Defendant denies averments contained in paragraph 101 of the Complaint.

102.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 102 of the Complaint.

103.    Defendant denies averments contained in paragraph 103 of the Complaint.

104.     Defendant pleads that paragraph 104 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

105.     Defendant pleads that paragraph 105 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

106.     Defendant pleads that paragraph 106 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

107.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 107 of the Complaint.

108.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 108 of the Complaint.

109.     Defendant admits averments contained in paragraph 109 of the Complaint to the extent it accurately recites the language of the document to which it refers. Otherwise, Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 109 of the Complaint.

110.     Defendant admits averments contained in paragraph 110 of the Complaint to the extent it accurately recites the language of the document to which it refers. Otherwise, Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 110 of the Complaint.

111.     Defendant admits averments contained in paragraph 111 of the Complaint to the extent it accurately recites the language of the document to which it refers. Otherwise, Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 111 of the Complaint.

112.     Defendant admits averments contained in paragraph 112 of the Complaint to the extent it accurately recites the language of the document to which it refers. Otherwise, Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 112 of the Complaint.

113.     Defendant admits averments contained in paragraph 113 of the Complaint to the extent it accurately recites the language of the document to which it refers. Otherwise, Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 113 of the Complaint.

114.     Defendant denies averments contained in paragraph 114 of the Complaint.

115.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 115 of the Complaint.

116.     Defendant denies averments contained in paragraph 116 of the Complaint.

117.     Defendant denies averments contained in paragraph 117 of the Complaint.

118.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 118 of the Complaint.

119.     Defendant denies averments contained in paragraph 119 of the Complaint.

120.     Defendant denies averments contained in paragraph 120 of the Complaint.

121.     Defendant denies averments contained in paragraph 121 of the Complaint.

122.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 122 of the Complaint.

123.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 123 of the Complaint.

124.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 124 of the Complaint.

125.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 125 of the Complaint.

126.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 126 of the Complaint.

127.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 127 of the Complaint.

128.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 128 of the Complaint.

129.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 129 of the Complaint.

130.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 130 of the Complaint.

131.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 131 of the Complaint.

132.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 132 of the Complaint.

133.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 133 of the Complaint.

134.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 134 of the Complaint.

135.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 135 of the Complaint.

136.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 136 of the Complaint.

137.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 137 of the Complaint.

138.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 138 of the Complaint.

139.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 139 of the Complaint.

140.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 140 of the Complaint.

141.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 141 of the Complaint.

142.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 142 of the Complaint.

143.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 143 of the Complaint.

144.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 144 of the Complaint.

145.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 145 of the Complaint.

146.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 1446 of the Complaint.

147.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 147 of the Complaint.

148.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 148 of the Complaint.

149.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 149 of the Complaint.

150.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 150 of the Complaint.

151.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 151 of the Complaint.

152.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 152 of the Complaint.

153.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 153 of the Complaint.

154.      Defendant denies averments contained in paragraph 154 of the Complaint.

155.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 155 of the Complaint.

156.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 156 of the Complaint.

157.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 157 of the Complaint.

158.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 158 of the Complaint.

159.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 159 of the Complaint.

160.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 160 of the Complaint.

161.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 161 of the Complaint.

162.     Defendant denies averments contained in paragraph 162 of the Complaint.

163.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 163 of the Complaint.

164.     Defendant denies averments contained in paragraph 164 of the Complaint.

165.     Defendant denies averments contained in paragraph 165 of the Complaint.

166.     Defendant denies averments contained in paragraph 166 of the Complaint.

167.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 167 of the Complaint.

168.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 168 of the Complaint.

169.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 169 of the Complaint.

170.     Defendant denies averments contained in paragraph 170 of the Complaint.

171.     Defendant denies averments contained in paragraph 171 of the Complaint.

172.     Defendant admits averments contained in paragraph 172 of the Complaint that as part of the buyout, Speer signed a promissory note to Manners in the amount of

$13,342,406.  Defendant denies remaining averments contained in paragraph 172 of the Complaint.

173.      Defendant denies averments contained in paragraph 173 of the Complaint.

174.      Defendant denies averments contained in paragraph 174 of the Complaint.

175.      Defendant denies averments contained in paragraph 175 of the Complaint that Exhibit "B" to the Complaint states what is recited in paragraph 175 of the Complaint.  Defendant admits remaining averments contained in paragraph 175 of the Complaint.

176.      Defendant admits averments contained in paragraph 176 of the Complaint that on October 2, 2006 Manners was paid $900,000 by Speer. Defendant denies remaining averments contained in paragraph 176 of the Complaint.

177.      Defendant denies averments contained in paragraph 177 of the Complaint.

178.      Defendant denies averments contained in paragraph 178 of the Complaint.

179.      Defendant denies averments contained in paragraph 179 of the Complaint.

180.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 180 of the Complaint.

181.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 181 of the Complaint.

182.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 182 of the Complaint.

183.      Defendant denies averments contained in paragraph 183 of the Complaint.

184.      Defendant denies averments contained in paragraph 184 of the Complaint.

185.      Defendant denies averments contained in paragraph 185 of the Complaint.

186.      Defendant denies averments contained in paragraph 186 of the Complaint.

187.      Defendant denies averments contained in paragraph 187 of the Complaint.

188.      Defendant denies averments contained in paragraph 188 of the Complaint.

189.      Defendant pleads that paragraph 189 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the

statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

190.     Defendant admits averments contained in paragraph 190 of the Complaint to the extent it accurately recites the language of the document to which it refers. Otherwise, Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 190 of the Complaint.

191.     Defendant admits averments contained in paragraph 191 of the Complaint to the extent it accurately recites the language of the document to which it refers. Otherwise, Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 191 of the Complaint.

192.     Defendant denies averments contained in paragraph 192 of the Complaint.

193.     Defendant admits averments contained in paragraph 193 of the Complaint to the extent it accurately recites the language of the document to which it refers. Otherwise, Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 193 of the Complaint.

194.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 194 of the Complaint.

195.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 195 of the Complaint.

196.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 196 of the Complaint.

197.     Defendant admits averments contained in paragraph 197 of the Complaint that Manners was given the title "Chairman Emeritus," but denies that Manners was a partner, insider or person in control of the Debtor during the time period subject to the Complaint and further denies the remaining averments in paragraph 197 of the Complaint.

198.     Defendant pleads that paragraph 198 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the

statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

199.     Defendant pleads that paragraph 199 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

200.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 200 of the Complaint.

201.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 201 of the Complaint.

202.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 202 of the Complaint.

203.     Defendant pleads that paragraph 203 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant insufficient knowledge to either admit or deny such averments.

204.     Defendant denies averments contained in paragraph 204 of the Complaint.

205.     Defendant denies averments contained in paragraph 205 of the Complaint.

206.     Defendant pleads that paragraph 206 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

207.     Defendant pleads that paragraph 207 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

208.     Defendant denies averments contained in paragraph 208 of the Complaint.

209.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 209 of the Complaint.

210.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 210 of the Complaint.

211.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 211 of the Complaint.

212.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 212 of the Complaint.

213.     Defendant admits averments contained in paragraph 213 of the Complaint that Royce Homes Phoenix was a sister company to Royce Homes.  Defendant denies remaining averments contained in paragraph 213 of the Complaint.

214.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 214 of the Complaint.

215.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 215 of the Complaint.

216.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 216 of the Complaint.

217.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 217 of the Complaint.

218.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 218 of the Complaint.

219.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 219 of the Complaint.

220.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 220 of the Complaint.

221.     Defendant admits averments contained in paragraph 221 of the Complaint that Manners stated without the ability to borrow, Royce Homes would be stifled or destroyed.  Defendant denies remaining averments contained in paragraph 221 of the Complaint.

222.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 222 of the Complaint.

223.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 223 of the Complaint.

224.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 224 of the Complaint.

225.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 225 of the Complaint.

226.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 226 of the Complaint.

227.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 227 of the Complaint.

228.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 228 of the Complaint.

229.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 229 of the Complaint.

230.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 230 of the Complaint.

231.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 231 of the Complaint.

232.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 232 of the Complaint.

233.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 233 of the Complaint.

234.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 234 of the Complaint.

235.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 235 of the Complaint.

236.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 236 of the Complaint.

237.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 237 of the Complaint.

238.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 238 of the Complaint.

239.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 239 of the Complaint.

240.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 240 of the Complaint.

241.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 241 of the Complaint.

242.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 242 of the Complaint.

243.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 243 of the Complaint.

244.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 244 of the Complaint.

245.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 245 of the Complaint.

246.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 246 of the Complaint.

247.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 247 of the Complaint.

248.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 248 of the Complaint.

249.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 249 of the Complaint.

250.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 250 of the Complaint.

251.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 252 of the Complaint.

252.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 252 of the Complaint.

253.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 253 of the Complaint.

254.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 254 of the Complaint.

255.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 255 of the Complaint.

256.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 256 of the Complaint.

257.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 257 of the Complaint.

258.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 258 of the Complaint.

259.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 259 of the Complaint.

260.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 260 of the Complaint.

261.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 261 of the Complaint.

262.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 262 of the Complaint.

263.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 263 of the Complaint.

264.      Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 264 of the Complaint.

265.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 265 of the Complaint.

266.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 266 of the Complaint.

267.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 267 of the Complaint.

268.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 268 of the Complaint.

269.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 269 of the Complaint.

270.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 270 of the Complaint.

271.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 271 of the Complaint.

272.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 272 of the Complaint.

273.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 273 of the Complaint.

274.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 274 of the Complaint.

275.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 275 of the Complaint.

276.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 276 of the Complaint.

277.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 277 of the Complaint.

278.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 278 of the Complaint.

279.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 279 of the Complaint.

280.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 280 of the Complaint.

281.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 281 of the Complaint.

282.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 282 of the Complaint.

283.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 283 of the Complaint.

284.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 284 of the Complaint.

285.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 285 of the Complaint.

286.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 286 of the Complaint.

287.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 287 of the Complaint.

288.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 288 of the Complaint.

289.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 289 of the Complaint.

290.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 290 of the Complaint.

291.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 291 of the Complaint.

292.        Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 292 of the Complaint.

293.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 293 of the Complaint.

294.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 294 of the Complaint.

295.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 295 of the Complaint.

296.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 296 of the Complaint.

297.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 297 of the Complaint.

298.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 298 of the Complaint.

299.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 299 of the Complaint.

300.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 300 of the Complaint.

301.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 301 of the Complaint.

302.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 302 of the Complaint.

303.     Defendant denies averments contained in paragraph 303 of the Complaint.

304.     Defendant denies averments contained in paragraph 304 of the Complaint.

305.     Defendant admits averments contained in paragraph 305 of the Complaint.

306.     Defendant admits averments contained in paragraph 306 of the Complaint that no further monetary payments were made on the note after June 2007, that Royce Homes conveyed twenty-five homes to Allard Investments and that Manners denies that the homes were sold at a discount.  Defendant denies remaining averments contained in paragraph 306 of the Complaint.

307.     Defendant admits averments contained in paragraph 307 of the Complaint.

308.     Defendant admits averments contained in paragraph 308 of the Complaint.

309.     Defendant denies averments contained in paragraph 309 of the Complaint that "The base price on the homes, with options, was $3,917,274." Rather, Defendant pleads that the "The list price on the homes, with options, was $3,917,274." Defendant admits remaining averments contained in paragraph 309 of the Complaint.

310.     Defendant admits averments contained in paragraph 310 of the Complaint. However, Defendant pleads that Royce Homes paid utilities only for a short period of time.

311.     Defendant admits averments contained in first sentence of paragraph 311 of the Complaint and that Royce Homes would sponsor Manners's race car company for $35,000 per month. Defendant denies remaining averments contained in paragraph 311 of the Complaint.

312.     Defendant admits averments contained in paragraph 312 of the Complaint that in Manners examination pursuant to Rule 2004 he was questioned about Exhibit 92. Defendant has insufficient knowledge to either admit or deny the remaining recitation in paragraph 312 of the Complaint.

313.     Defendant admits averments contained in paragraph 313 of the Complaint.

314.     Defendant admits averments contained in paragraph 314 of the Complaint.

315.     Defendant denies averments contained in paragraph 315 of the Complaint.

316.     Defendant denies averments contained in paragraph 316 of the Complaint.

317.     Defendant denies averments contained in paragraph 317 of the Complaint.

318.     Defendant denies averments contained in paragraph 318 of the Complaint.

319.     Defendant denies averments contained in paragraph 319 of the Complaint.

320.     Defendant denies averments contained in paragraph 320 of the Complaint.

321.     Defendant denies averments contained in paragraph 321 of the Complaint.

322.     Defendant denies averments contained in paragraph 322 of the Complaint.

323.     Defendant denies averments contained in paragraph 323 of the Complaint.

324.     Defendant denies averments contained in paragraph 324 of the Complaint.

325.     Defendant denies averments contained in paragraph 325 of the Complaint.

326.     Defendant denies averments contained in paragraph 326 of the Complaint.

327.     Defendant denies averments contained in paragraph 327 of the Complaint.

328.     Defendant denies averments contained in paragraph 328 of the Complaint.

329.     Defendant denies averments contained in paragraph 329 of the Complaint.

330.     Defendant denies averments contained in paragraph 330 of the Complaint.

331.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 331 of the Complaint.

332.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 332 of the Complaint.

333.     Defendant denies averments contained in paragraph 333 of the Complaint.

334.     Defendant denies averments contained in paragraph 334 of the Complaint.

335.     Defendant denies averments contained in paragraph 335 of the Complaint.

336.     Defendant pleads that paragraph 336 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

337.     Defendant denies averments contained in paragraph 337 of the Complaint.

338.     Defendant pleads that paragraph 338 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

339.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 339 of the Complaint.

340.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 340 of the Complaint.

341.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 341 of the Complaint.

342.     Defendant denies averments contained in paragraph 342 of the Complaint.

343.     Defendant denies averments contained in paragraph 343 of the Complaint.

344.     Defendant denies averments contained in paragraph 344 of the Complaint.

345.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 345 of the Complaint.

346.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 346 of the Complaint.

347.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 347 of the Complaint.

348.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 348 of the Complaint.

349.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 349 of the Complaint.

350.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 350 of the Complaint.

351.     Defendant denies averments contained in paragraph 151 of the Complaint.

352.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 352 of the Complaint.

353.     Defendant denies averments contained in paragraph 353 of the Complaint.

354.     Defendant pleads that paragraph 354 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

355.     Defendant pleads that paragraph 355 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

356.     Defendant pleads that paragraph 356 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

357.     Defendant denies averments contained in paragraph 357 of the Complaint.

358.     Defendant pleads that paragraph 358 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

359.     Defendant pleads that paragraph 359 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

360.     Defendant denies averments contained in paragraph 360 of the Complaint.

361.     Defendant denies averments contained in paragraph 361 of the Complaint.

362.     Defendant pleads that paragraph 362 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

363.     Defendant pleads that paragraph 363 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

364.     Defendant pleads that paragraph 364 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

365.     Defendant pleads that paragraph 365 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

366.     Defendant pleads that paragraph 366 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the

statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

367.     Defendant denies averments contained in paragraph 367 of the Complaint.

368.     Defendant denies averments contained in paragraph 368 of the Complaint.

369.     Defendant denies averments contained in paragraph 369 of the Complaint

370.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 370 of the Complaint.

371.     Defendant denies averments contained in paragraph 371 of the Complaint that he knew that the buyout obligation was to be paid by Royce Homes and Defendant has insufficient knowledge to either admit or deny remaining averments contained in paragraph 371 of the Complaint.

372.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 372 of the Complaint.

373.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 373 of the Complaint.

374.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 374 of the Complaint.

375.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 375 of the Complaint.

376.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 376 of the Complaint.

377.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 377 of the Complaint.

378.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 378 of the Complaint.

379.     Defendant denies averments contained in paragraph 379 of the Complaint. (Manners Excerpt 32).

380.     Defendant denies averments contained in paragraph 380 of the Complaint that Exhibit "B" to the Complaint states what is recited in paragraph 380 of the

Complaint.   Defendant denies remaining averments contained in paragraph 380 of the Complaint.

381.     Defendant denies averments contained in paragraph 381 of the Complaint.

382.     Defendant denies averments contained in paragraph 382 of the Complaint.

383.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 383 of the Complaint.

384.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 384 of the Complaint.

385.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 385 of the Complaint.

386.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 386 of the Complaint.

387.     Defendant denies averments contained in paragraph 387 of the Complaint.

388.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 388 of the Complaint.

389.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 389 of the Complaint.

390.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 390 of the Complaint.

391.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 391 of the Complaint.

392.     Defendant denies averments contained in paragraph 392 of the Complaint.

393.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 393 of the Complaint.

394.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 394 of the Complaint.

395.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 395 of the Complaint.

396.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 396 of the Complaint.

397.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 397 of the Complaint.

398.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 398 of the Complaint.

399.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 399 of the Complaint.

400.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 400 of the Complaint.

401.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 401 of the Complaint.

402.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 402 of the Complaint.

403.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 403 of the Complaint.

404.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 404 of the Complaint.

405.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 405 of the Complaint.

406.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 406 of the Complaint.

407.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 407 of the Complaint.

408.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 408 of the Complaint.

409.     Defendant denies averments contained in paragraph 409 of the Complaint.

410.     Defendant denies averments contained in paragraph 410 of the Complaint.

411.     Defendant denies averments contained in paragraph 411 of the Complaint.

412.     Defendant pleads that paragraph 412 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

413.     Defendant admits averments contained in paragraph 413 of the Complaint to the extent it accurately recites the language of the document to which it refers, with the exception of highlights provided by Plaintiff in such paragraph.    Otherwise, Defendant denies averments contained in paragraph 413 of the Complaint.

414.     Defendant admits averments contained in paragraph 414 of the Complaint to the extent it accurately recites the language of the document to which it refers, with the exception of highlights provided by Plaintiff in such paragraph.  Otherwise, Defendant denies averments contained in paragraph 414 of the Complaint.

415.     Defendant denies averments contained in paragraph 415 of the Complaint.

416.     Defendant denies averments contained in paragraph 416 of the Complaint.

417.     Defendant admits averments contained in paragraph 417 of the Complaint to the extent it accurately recites the language of the document to which it refers. Otherwise, Defendant denies averments contained in paragraph 417 of the Complaint to the extent that Plaintiff implies that any trust duties are for benefit of any party other than Amegy.

418.     Defendant admits averments contained in paragraph 418 of the Complaint that Manners received a $900,000 payment on October 2, 2006.  Defendant denies averments contained in paragraph 418 of the Complaint to the extent that Plaintiff implies that any trust duties are for benefit of any party other than Amegy.    Defendant has insufficient knowledge to either admit or deny remaining averments contained in paragraph 418 of the Complaint.

419.     Defendant denies averments contained in paragraph 419 of the Complaint.

420.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 420 of the Complaint.

421.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 421 of the Complaint.

422.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 422 of the Complaint.

423.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 423 of the Complaint.

424.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 424 of the Complaint.

425.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 425 of the Complaint.

426.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 426 of the Complaint.

427.     Defendant admits averments contained in paragraph 427 of the Complaint that Manners agreed in the Manners Note, Section 6(b)(ii) that payments he received after an Event of Default would be held in trust and paid over to the holders of Senior Debt, but denies such statement to the extent that Plaintiff implies that any trust duties are for benefit of any party other than Amegy.  Defendant has insufficient knowledge to either admit or deny remaining averments contained in paragraph 427 of the Complaint.

428.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 428 of the Complaint that LaSalle's and RBC's events of default may have eventually been cured but Amegy's Event of Default was never cured. Defendant denies remaining averments contained in paragraph 428 of the Complaint.

429.     Defendant denies averments contained in paragraph 429 of the Complaint.

430.     Defendant denies averments contained in paragraph 430 of the Complaint.

431.     Defendant pleads that paragraph 431 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

432.     Defendant pleads that paragraph 432 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

433.     Defendant pleads that paragraph 433 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

434.     Defendant pleads that paragraph 434 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

435.     Defendant pleads that paragraph 435 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

436.     Defendant pleads that paragraph 436 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

437.     Defendant pleads that paragraph 437 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

438.     Defendant pleads that paragraph 438 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

439.     Defendant pleads that paragraph 439 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

440.     Defendant pleads that paragraph 440 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

441.     Defendant pleads that paragraph 441 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

442.     Defendant pleads that paragraph 442 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

443.     Defendant pleads that paragraph 443 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

444.     Defendant pleads that paragraph 444 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

445.     Defendant pleads that paragraph 445 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

446.     Defendant denies averments contained in paragraph 446 of the Complaint.

447.     Defendant denies averments contained in paragraph 447 of the Complaint.

448.     Defendant denies averments contained in paragraph 448 of the Complaint.

449.     Defendant denies averments contained in paragraph 449 of the Complaint.

450.     Defendant denies averments contained in paragraph 450 of the Complaint.

451.     Defendant denies averments contained in paragraph 451 of the Complaint.

452.     Defendant denies averments contained in paragraph 452 of the Complaint.

453.     Defendant denies averments contained in paragraph 453 of the Complaint.

454.     Defendant denies averments contained in paragraph 454 of the Complaint.

455.     Defendant denies averments contained in paragraph 455 of the Complaint.

456.     Defendant denies averments contained in paragraph 456 of the Complaint.

457.     Defendant denies averments contained in paragraph 457 of the Complaint.

458.     Defendant denies averments contained in paragraph 458 of the Complaint.

459.     Defendant denies averments contained in paragraph 459 of the Complaint.

460.     Defendant denies averments contained in paragraph 460 of the Complaint.

461.     Defendant denies averments contained in paragraph 461 of the Complaint.

462.     Defendant denies averments contained in paragraph 462 of the Complaint.

463.     Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 463 of the Complaint.

464.     Defendant denies averments contained in paragraph 464 of the Complaint.

465.     Defendant denies averments contained in paragraph 465 of the Complaint.

466.     Defendant denies averments contained in paragraph 466 of the Complaint.

467.     Defendant denies averments contained in paragraph 467 of the Complaint.

468.     Defendant denies averments contained in paragraph 468 of the Complaint.

469.     Defendant denies averments contained in paragraph 469 of the Complaint that it was reasonably foreseeable when viewed objectively at the time of the Amegy Transfers that Royce Homes would be left with unreasonably small capital.  Royce Homes's cash flow projections were not reasonable and prudent when made because the market conditions at the time did not support the projections.  It was clear, prior to and after the Buyout, that Royce Homes was experiencing a substantial failure in achieving

its projections.  Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 469 of the Complaint.

470.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 470 of the Complaint.

471.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 471 of the Complaint.

472.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 472 of the Complaint.

473.    Defendant denies averments contained in paragraph 473 of the Complaint that by November 2006, Royce Homes Phoenix was failing.  Defendant has insufficient knowledge to either admit or deny remaining averments contained in paragraph 473 of the Complaint.

474.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 474 of the Complaint.

475.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 475 of the Complaint.

476.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 476 of the Complaint.

477.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 477 of the Complaint.

478.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 478 of the Complaint.

479.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 479 of the Complaint.

480.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 480 of the Complaint.

481.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 481 of the Complaint.

482.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 482 of the Complaint.

483.     Defendant denies averments contained in paragraph 483 of the Complaint.

484.     Defendant denies averments contained in paragraph 484 of the Complaint.

485.     Defendant denies averments contained in paragraph 485 of the Complaint.

486.     Defendant denies averments contained in paragraph 486 of the Complaint.

487.     Defendant denies averments contained in paragraph 487 of the Complaint.

488.     Defendant denies averments contained in paragraph 488 of the Complaint.

489.     Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 489 of the Complaint.

490.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 490 of the Complaint.

491.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 491 of the Complaint.

492.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 492 of the Complaint.

493.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 493 of the Complaint.

494.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 494 of the Complaint.

495.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 495 of the Complaint.

496.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 496 of the Complaint.

497.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 497 of the Complaint.

498.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 498 of the Complaint.

499.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 499 of the Complaint.

500.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 500 of the Complaint.

501.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 501 of the Complaint.

502.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 502 of the Complaint.

503.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 503 of the Complaint.

504.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 504 of the Complaint.

505.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 505 of the Complaint.

506.     Defendant pleads that paragraph 506 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

507.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 507 of the Complaint.

508.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 508 of the Complaint.

509.     Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 509 of the Complaint.

510.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 510 of the Complaint.

511.     Defendant pleads that paragraph 511 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the

statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant has insufficient knowledge to either admit or deny such averments.

512.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 512 of the Complaint.

513.     Defendant denies averments contained in paragraph 513 of the Complaint.

514.     Defendant denies averments contained in paragraph 514 of the Complaint.

515.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 515 of the Complaint.

516.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 516 of the Complaint.

517.     Defendant pleads that paragraph 517 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant has insufficient knowledge to either admit or deny such averments.

518.     Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 518 of the Complaint.

519.     Defendant denies averments contained in paragraph 519 of the Complaint.

520.     Defendant pleads that paragraph 512 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

521.     Defendant denies averments contained in paragraph 521 of the Complaint.

522.     Defendant denies averments contained in paragraph 522 of the Complaint

523.     Defendant denies averments contained in paragraph 523 of the Complaint

524.     Defendant denies averments contained in paragraph 524 of the Complaint

525.     Defendant denies averments contained in paragraph 525 of the Complaint.

526.     Defendant denies averments contained in paragraph 526 of the Complaint.

527.     Defendant pleads that paragraph 527 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the

statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

528.    Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 528 of the Complaint.

529.    Defendant admits averments contained in paragraph 529 of the Complaint that in November 2007 and December 2008, Royce Homes sold 50 homes to Allard Investments, a company owned and controlled by Manners.  Defendant denies remaining averments contained in paragraph 529 of the Complaint.

530.    Defendant pleads that paragraph 530 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

531.    Defendant admits averments contained in paragraph 531 of the Complaint.

532.    Defendant denies averments contained in paragraph 532 of the Complaint.

533.    Defendant denies averments contained in paragraph 533 of the Complaint.

534.    Defendant denies averments contained in paragraph 534 of the Complaint.

535.    Defendant pleads that paragraph 535 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

536.    Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 536 of the Complaint.

537.    Defendant admits averments contained in paragraph 537 of the Complaint that from January through March 2008, Royce Homes paid $35,000 to MGM.  Defendant denies remaining averments contained in paragraph 537 of the Complaint.

538.    Defendant pleads that paragraph 538 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

539.     Defendant admits averments contained in paragraph 539 of the Complaint that the MGM Transfers were made from assets of Royce Homes.

540.     Defendant denies averments contained in paragraph 540 of the Complaint.

541.     Defendant denies averments contained in paragraph 541 of the Complaint.

542.     Defendant denies averments contained in paragraph 542 of the Complaint.

543.     Defendant pleads that paragraph 543 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

544.     Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 544 of the Complaint.

545.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 545 of the Complaint.

546.     Defendant pleads that paragraph 546 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

547.     Defendant denies averments contained in paragraph 547 of the Complaint.

548.     Defendant denies averments contained in paragraph 548 of the Complaint.

549.     Defendant denies averments contained in paragraph 549 of the Complaint.

550.     Defendant denies averments contained in paragraph 550 of the Complaint.

551.     Defendant pleads that paragraph 551 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

552.     Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 552 of the Complaint.

553.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 553 of the Complaint.

554.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 554 of the Complaint.

555.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 555 of the Complaint.

556.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 556 of the Complaint.

557.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 557 of the Complaint.

558.     Defendant denies averments contained in paragraph 558 of the Complaint.

559.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 559 of the Complaint.

560.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 560 of the Complaint.

561.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 561 of the Complaint.

562.     Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 562 of the Complaint.

563.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 563 of the Complaint.

564.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 564 of the Complaint.

565.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 565 of the Complaint.

566.     Defendant denies averments contained in paragraph 566 of the Complaint.

567.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 567 of the Complaint.

568.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 568 of the Complaint.

569.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 569 of the Complaint.

570.     Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 570 of the Complaint.

571.     Defendant admits averments contained in paragraph 571 of the Complaint.

572.     Defendant admits averments contained in paragraph 572 of the Complaint.

573.     Defendant denies averments contained in paragraph 573 of the Complaint.

574.     Defendant admits averments contained in paragraph 574 of the Complaint.

575.     Defendant denies averments contained in paragraph 575 of the Complaint.

576.     Defendant denies averments contained in paragraph 576 of the Complaint.

577.     Defendant denies averments contained in paragraph 577 of the Complaint.

578.     Defendant admits averments contained in paragraph 578 of the Complaint.

579.     Defendant admits averments contained in paragraph 579 of the Complaint.

580.     Defendant pleads that paragraph 580 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

581.     Defendant admits averments contained in paragraph 581 of the Complaint.

582.     Defendant denies averments contained in paragraph 582 of the Complaint.

583.     Defendant denies averments contained in paragraph 583 of the Complaint.

584.     Defendant denies averments contained in paragraph 584 of the Complaint.

585.     Defendant pleads that paragraph 585 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

586.     Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 586 of the Complaint.

587.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 587 of the Complaint.

588.     Defendant pleads that paragraph 588 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

589.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 589 of the Complaint.

590.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 590 of the Complaint.

591.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 591 of the Complaint.

592.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 592 of the Complaint.

593.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 593 of the Complaint.

594.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 594 of the Complaint.

595.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 595 of the Complaint.

596.     Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 596 of the Complaint.

597.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 597 of the Complaint.

598.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 598 of the Complaint.

599.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 599 of the Complaint.

600.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 600 of the Complaint.

601.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 601 of the Complaint.

602.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 602 of the Complaint.

603.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 603 of the Complaint.

604.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 604 of the Complaint.

605.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 605 of the Complaint.

606.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 606 of the Complaint.

607.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 607 of the Complaint.

608.     Defendant pleads that paragraph 608 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

609.     Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 609 of the Complaint.

610.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 610 of the Complaint.

611.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 611 of the Complaint.

612.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 612 of the Complaint.

613.     Defendant pleads that paragraph 613 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the

statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

614.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 614 of the Complaint.

615.    Defendant denies averments contained in paragraph 615 of the Complaint.

616.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 616 of the Complaint.

617.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 617 of the Complaint.

618.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 618 of the Complaint.

619.    Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 619 of the Complaint.

620.    Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 620 of the Complaint.

621.    Defendant pleads that paragraph 621 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

622.    Defendant denies averments contained in paragraph 622 of the Complaint.

623.    Defendant denies averments contained in paragraph 623 of the Complaint.

624.    Defendant pleads that paragraph 624 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

625.    Defendant pleads that paragraph 625 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

626.     Defendant incorporates the response to all factual allegations contained in the Complaint in response to paragraph 626 of the Complaint.

627.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 627 of the Complaint.

628.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 628 of the Complaint.

629.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 629 of the Complaint.

630.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 630 of the Complaint.

631.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 631 of the Complaint.

632.     Defendant denies averments contained in paragraph 632 of the Complaint.

633.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 633 of the Complaint.

634.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 634 of the Complaint.

635.     Defendant pleads that paragraph 635 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

636.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 636 of the Complaint.

637.     Defendant denies averments contained in paragraph 637 of the Complaint that any distributions used by Speer to pay debts to Manners where received by Speer distributions in violation of his fiduciary duty or as a result of fraud. Defendant has insufficient knowledge to either admit or deny remaining averments contained in paragraph 637 of the Complaint.

638.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 638 of the Complaint.

639.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 639 of the Complaint.

640.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 640 of the Complaint.

641.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 641 of the Complaint.

642.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 642 of the Complaint.

643.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 643 of the Complaint.

644.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 644 of the Complaint.

645.     Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 645 of the Complaint.

646.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 646 of the Complaint.

647.     Defendant pleads that paragraph 647 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

648.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 648 of the Complaint.

649.     Defendant pleads that paragraph 649 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

650.     Defendant denies averments contained in paragraph 650 of the Complaint.

## RESPONSE TO PRAYER IN COMPLAINT

1. Defendant denies averments contained in paragraph 1 and all of its subparts included in the Complaint Prayer.

2. Defendant denies averments contained in paragraph 2 and all of its subparts included in the Complaint Prayer.

3. Defendant denies averments contained in paragraph 3 and all of its subparts included in the Complaint Prayer.

4. Defendant denies averments contained in paragraph 4 and all of its subparts included in the Complaint Prayer.

5. Defendant denies averments contained in paragraph 5 and all of its subparts included in the Complaint Prayer.

6. Defendant denies averments contained in paragraph 6 and all of its subparts included in the Complaint Prayer.

7. Defendant denies averments contained in paragraph 7 and all of its subparts included in the Complaint Prayer.

8. Defendant denies averments contained in paragraph 8 and all of its subparts included in the Complaint Prayer.

9. Defendant denies averments contained in paragraph 9 and all of its subparts included in the Complaint Prayer.

10. Defendant denies averments contained in paragraph 10 and all of its subparts included in the Complaint Prayer.

11. Defendant denies averments contained in paragraph 11 and all of its subparts included in the Complaint Prayer.

12. Defendant denies averments contained in paragraph 12 of the Complaint Prayer.

13. Defendant denies averments contained in paragraph 13 of the Complaint Prayer.

## AFFIRMATIVE DEFENSES

Each of the following affirmative defenses is pleaded in the alternative:

1.  Defendant asserts the affirmative defense of value and good faith.

2.  Defendant asserts that Trustee's fraudulent transfer claims under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because the Debtor received reasonably equivalent value pursuant to 11 U.S.C. § 548(a)(1)(B)(i) and applicable state law.

3.  Defendant asserts all affirmative defenses available under the Texas Business and Commerce Code.

4.  Defendant asserts all affirmative defenses available under the 6 Del.C. §§1304, 1305 and 1309 (DUFTA).

5.  Defendant asserts he is entitled to the protections of 11 U.S.C. § 548(c), as Defendant acted in good faith and gave fair value.

6.  Defendant asserts that Trustee's claims are barred, in whole or in part, by 11 U.S.C. § 550(b)(1). (Trustee may not recover...from a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided).

7.  Defendant asserts that Trustee's claims are barred, in whole or in part, by 11 U.S.C. § 550(b)(2). (Trustee may not recover...from any immediate or mediate good faith transferee of such transferee).

8.  Defendant asserts that Trustee's fraudulent transfer claims are barred, in whole or in part, because the Debtor was not insolvent at the time of the alleged transfers.

9.  Defendant pleads that Trustee's fraudulent transfer claims are barred, in whole or in part, because Debtor was not left with unreasonably small capital for the business and transactions with which it was engaged.

10. Defendant pleads that Trustee's fraudulent transfer claims are barred, in whole or in part, because Debtor did not intend to incur, or believe that it would incur, debts that would be beyond its ability to pay as such debts matured.

11. Defendant asserts that Trustee lacks standing/capacity to sue and that this Court lacks subject matter jurisdiction over claims and transfers of property, the subject of which constituted the alleged transfers, which was not property of the estate.

12. Defendant asserts that the fraudulent transfer claims brought against it under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because Defendant lacked the requisite actual intent to hinder, delay, or defraud any entity.

13. Defendant asserts the affirmative defenses of laches, waiver and estoppel.

14. Defendant asserts the affirmative defense of limitations/repose to the extent it seeks recovery on allegations that are time barred by statute.

15. Defendant asserts the affirmative defense of release of liability under the Partnership Agreement.

16. Defendant asserts that Defendant was not a party to the Partnership Agreement and is therefore not liable in the capacity in which Defendant has been sued.

17. Defendant pleads that the Plaintiff lacks standing to sue under trust fund claims in behalf of creditors of Royce Homes.

18. Defendant pleads that there is no cause of action for conspiracy to breach a contract.

19. Defendant pleads that there is no cause of actin for aiding and abetting the breach of contract.

20. Defendant asserts the affirmative defense of *In Pari Delicto*.

21. Defendant reserves the right to raise any additional defenses, affirmative defenses, and avoidances that may arise after discovery is conducted.

WHEREFORE, Saracen Holdings, LP having fully answered the Complaint of the Plaintiff, prays that judgment be entered in favor of Defendant; that Defendant be awarded costs and reasonable attorneys fees; and that Saracen Holdings, LP receive such other relief to which it may be legally and equitably entitled.

Dated:  July 20, 2011.

**LAW OFFICE OF PETER JOHNSON**

*/s/ Peter Johnson*

By: _____

Peter Johnson
State Bar No. 10778400
Eleven Greenway Plaza, Suite 2820
Houston, Texas  77046
pjohnson@pjlaw.com
Telephone 713.961.1200 Fax 713.961.0941
ATTORNEY FOR SARACEN HOLDINGS, LP

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Answer was served the parties required by Local Bankruptcy Rule in this case, either by mailing a copy of the same to all parties entitled to notice on the attached service listing  by regular U.S. mail postage prepaid or by electronic notice pursuant to the Local Bankruptcy Rules on July 20, 2011.

*/s/ Peter Johnson*

_____
PETER JOHNSON

## *SERVICE LIST PURSUANT TO LOCAL RULE 9013*

**11-03191**                                                    **Rodney Tow, Trustee vs. John H. Speer,** *et al*

*indicates electronic service-LBR 1001(b)- (Admin Proc CMF/ECF- III-E)

**PLAINTIFF COUNSEL:**

* Michael Duncan on behalf of Plaintiff Rodney Tow
mikedunc@cagehill.com

* Erin E Jones on behalf of Plaintiff Rodney Tow
erin@jonesmorris.com

* Julie Mitchell Koenig on behalf of Plaintiff Rodney Tow
jkoenig@towkoenig.com, sziegler@towkoenig.com;cgloria@towkoenig.com

* Rodney Dwayne Tow on behalf of Plaintiff Rodney Tow
rtow@towkoenig.com, ecf@trustesolutions.com

*Michael J Durrschmidt on behalf of Defendant Hammersmith Group, LLC
mdurrschmidt@hirschwest.com, bhowell@hirschwest.com;lnguyen@hirschwest.com

*George R Gibson on behalf of Defendant Amegy Bank, N.A.
ggibson@nathansommers.com, lopio@nathansommers.com

*C Ed Harrell on behalf of Defendant Vestalia, LLC
eharrell@hwallp.com, kconn@hwa.com

*Christopher Donald Johnson on behalf of Defendant Donnie Speer
cjohnson@mckoolsmith.com, nsauter@mckoolsmith.com

*Marc J Magids on behalf of Defendant Watermark Land LLC
mail@zbllp.com, mail@zbsllp.com

*Steven Douglas Shurn on behalf of Defendant Vestalia, LLC
sdsecf@hwallp.com

*Pascal Piazza on behalf of Defendant George Kopecky
ppp@zbsllp.com