IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 09-32467 |
| | § | |
| **ROYCE HOMES, L.P.** | § | Chapter 7 |
| | § | |
| Debtor. | § | |
| | § | |
| **RODNEY TOW, CHAPTER 7 TRUSTEE** | § | |
| | § | Adv No. 11-03191 |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| **JOHN H. SPEER Et. Al.** | § | |
| Defendants. | § | |

**OBJECTION TO VARIOUS MOTIONS TO WITHDRAW REFERENCE FILED BY
SARACEN HOLDINGS, LP, SARACEN HOLDINGS GP, LLC, AND
<u>SARACEN HOLDINGS, INC. (a Dissolved Texas Corporation)</u>**
(Relates to Docket Nos. 126 and 132)

Rodney Tow ("Trustee") files this *Objection To Various Motions To Withdraw Reference Filed By Saracen Holdings, LP, Saracen Holdings, GP, LLC and Saracen Holdings, Inc.* (a Dissolved Texas Corporation)("Objection") and in support thereof shows the following:

**BACKGROUND**

1. On April 7, 2009 (the "Petition Date"), four of Royce Homes' creditors, Wisenbaker Builder Services, Inc., Suncoast Post Tension, Ltd., Builders Mechanical, Inc., and Luxury Baths by Arrow (collectively, the "Petitioning Creditors") filed a chapter 7 involuntary petition against Royce Homes. On April 30, 2009, the Court entered the Order for Relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

2. On April 28, 2011, the Trustee filed his Original Complaint ("Complaint")(Docket No. 1), initiating Adversary Proceeding No. 11-03191 ("Adversary Proceeding") against John H. Speer, Amegy Bank, N. A., Amegy Mortgage Company LLC, Michael Manners, Donnie Lou Speer, Vestalia, LLC, Hammersmith Group, LLC f/k/a Hammersmith Group, Inc., Park Lake Communities, L.P., Watermark Land, LLC, Watermark Land, LP, Watermark Tortuga, LLC, Allard Investment Company, L.L.C., DWM Holdings, Inc., MGM Motor Sports, L.L.C., Saracen Holdings, Inc. and George Kopecky (collectively the "Defendants").

3. On June 17, 2011, the Trustee filed an Amended Complaint ("Amended Complaint")(Docket No. 89). In the Amended Complaint, the Trustee named *Saracen Holdings, LP and Saracen Holdings, GP, LLC* as defendants. Those entities have filed a motion to dismiss and allege that the Trustee's claims against them are time barred. The Trustee has addressed those allegations and legal arguments in the Objection filed at Docket No. 148. The Trustee's arguments on this issue in Docket No. 148 are incorporated by reference herein and will not be re-briefed in this pleading.

4. The Trustee alleges the following causes of actions against some or all of the Defendants respectively in the Original and Amended Complaint: Breach of Partnership Agreement, Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Conspiracy, Civil Theft/Conversion, Fraud/Fraud Scheme, Turnover, Fraudulent Transfer (11 U.S.C. § 548), Fraudulent Transfer (11 U.S.C. § 546 / DUFTA), Fraudulent Transfer (11 U.S.C. § 546 / TUFTA), Unjust Enrichment, Equitable Subordination, and Constructive Trust/Equitable Lien. While non-core matters may predominate in number, the Trustee believes core matters predominate in terms of amount in controversy. By the Complaint the Trustee seeks both

equitable relief and monetary damages. As set forth in great detail in the Original and Amended Complaint, it is plain that the core matters and non-core matters are inextricably intertwined factually and in many cases the non-core matters are alternative causes of action to core matters. Notwithstanding the existence of non-core matters in the Original and Amended Complaint, it is core matters which predominate and the Bankruptcy Court unquestionably has jurisdiction to hear core matters under 28 U.S.C. § 157(b).

5. However, each of the Defendants has made a jury demand and does not consent to a jury trial in the Bankruptcy Court. Without individually addressing each defendant and each cause of action alleged against them respectively, the Trustee acknowledges that if this case goes to trial, at least some of the Defendants would have a right to trial by jury on at least some of the causes of action pled by the Trustee in the Original Complaint. At this point in the Adversary Proceeding, however, no Seventh Amendment right to trial by jury is at issue.

## ARGUMENTS AND AUTHORITIES

**A. The Right to a Jury Trial Does Not Mandate Immediate Withdrawal of the Reference**

6. The District Court has the option of withdrawing the reference on the entire matter or withdrawing only the trial portion, leaving pre-trial and discovery matters to be handled by the bankruptcy judge. *In re Blackwell, ex. rel., Estate of I.G. Services, Ltd.,* 267 B.R. 724, 731 (Bankr. W.D.Tex. 2001)(citing *In re Stansbury Poplar Place, Inc.,* 13 F.3d 122, 128 (4th Cir.1993); *In re Equimed, Inc.,* 254 B.R. 347, 350-351 (D. Md. 2000)).

7. Courts have held that even if a party does have a right to a jury trial, a motion to withdraw the reference is premature until such time it is determined that a jury trial must be conducted. *See e.g., Hayes v. Royala, Inc.,* 180 B.R. 476, 476 (E.D. Tex. 1995); *In re OCA, Inc.,*

2006 WL 4029578 * 5 (E.D. La. 2006)(unreported)(citing *Centex v. Landis,* 1996 WL 476585 * 1 (E.D.La. 1996).

8. Until that time, it may better serve judicial economy (under the *Holland America* factors) for the bankruptcy court to resolve pre-trial matters. *See e.g. Michaelesco v. Shefts,* 303 B.R. 249, 252 (D.Conn.2004)(stating that "[i]f a case is non-core and a jury demand has been filed, a district court *might* find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference.")(citations omitted)(emphasis added); *In re Enron Corp.,* 295 B.R. 21, 27 (Bankr. S.D.N.Y. 2003)("the case law is clear that a 'district court' is not compelled to withdraw a reference simply because a party is entitled to a jury trial."). The Court need not decide whether a jury is proper but may deny the motion to withdraw the reference until such time as it becomes clear that a jury trial, if available, is necessary. *See Centex,* 1996 WL 476585 * 1.

9. Moreover, the right to a jury trial does not preclude a bankruptcy court from resolving pre-trial dispositive motions. A right to a jury trial does not arise until jury issues are presented. *Levine v. M&A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 207 (S.D. Tex. 2008)(citing *McFarland v. Leyh*, 52 F.3d 1330, 1339 (5th Cir. 1995); *King v. Fidelity Nat. Bank of Baton Rouge*, 712 F.2d 188, 192-193 (5th Cir. 1983); *Hayes v. Royala, Inc.,* 180 B.R. 476, 477 (E.D.Tex. 1995); *In re Today's Destiny, Inc.,* 388 B.R. 737, 765 n.23 (Bankr. S.D.Tex. 2008); *Ries v. Paige (In re Paige),* 2007 WL 4530807 *6 (Bankr.N.D.Tex. 2007)("Where the final disposition of a cause of action does not rest on the determination of disputed facts—that is, where it is amenable to summary adjudication under Rule 12(b)(6) or Rule 56—the Seventh Amendment right to a jury trial does not even come into play.")(quoting *In re Mathews,* 203 B.R. 152, 159 n. 8 (Bankr.D.Minn.1996)).

10. In other words, the mere existence of a jury demand does not mandate immediate withdrawal of the reference to the District Court. The Bankruptcy Court has jurisdiction over this Adversary Proceeding because core matters exist. The Bankruptcy Court has already issued a scheduling order in the Adversary Proceeding and is familiar with the parties and factual allegations. Given the importance of core matters and uniformity in administration of this bankruptcy estate, there is no reason why the Bankruptcy Court should not supervise this case in all pre-trial matters until it is determined that a trial by jury is necessary. The resources of the District Court should not be taxed until the Seventh Amendment right to trial by jury actually comes into play.

**B.      The *Holland America* Factors Favor Only Partial Withdrawal of Reference**

11. The Fifth Circuit's opinion in *Holland America Insurance Company v. Succession of Roy* provides guidance to district courts in deciding when to allow permissive withdrawal of the reference for "cause shown". *Holland America Insurance Company v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985).

12. In *Holland America,* the Fifth Circuit noted that a district court should consider the following factors in determining whether to order withdrawal of the reference pursuant to 28 U.S.C. § 157(d): (1) whether the underlying lawsuit is a core or non-core proceeding; (2) whether a promotion of uniformity in bankruptcy administration will be achieved; (3) whether forum shopping and confusion will be reduced; (4) whether there will be economical use of debtors' and creditors' resources; (5) whether the withdrawal of reference will expedite the bankruptcy process; and (6) whether a party has demanded a jury trial. *See also Mirant Corp. v. S. Co.,* 337 B.R. 107, 115 (N.D.Tex.2006) (considering *"Holland America* Factors" in determination of motion to withdraw reference). The *Holland America* factors only support partial withdrawal of the reference at this time.

*First Factor - Whether the Underlying Lawsuit is a Core or Non-Core Proceeding*

13. When core issues predominate over non-core issues, the adversary proceeding is a core proceeding. *Sibarium v. NCNB Nat'l Bank,* 107 B.R. 108, 115 (N.D.Tex.,1989); *In re Lion Capital Group,* 48 B.R. 329, 336-38 (S.D.N.Y.1985). If an adversary proceeding is a core proceeding a bankruptcy court may enter final orders and judgments; if the proceeding is non-core, then a bankruptcy court may only submit proposed findings of fact and conclusions of law to the district court for that court's *de novo* review. *See generally Matter of Wood,* 825 F.2d 90 (5th Cir.1987).

14. The Trustee has acknowledged that some of the causes of action asserted by the estate against the Defendants are non-core. However, the facts supporting all causes of action are intertwined and described as part of an overall scheme to strip the Debtor of its value. The core issues predominate in terms of materiality and the non-core claims are often alternative causes of action based upon the same or similar conduct. The fact that the Trustee may pursue multiple avenues for recovery, including those under state law, does not strip this case of its core nature. Thus, the Bankruptcy Court has jurisdiction to hear the Adversary Proceeding. This factor does not weigh in favor of withdrawal of the entire proceeding and the existence of significant core claims weighs heavily in favor of only partial withdrawal of the reference at this time.

*Second Factor - Whether a Promotion of Uniformity in Bankruptcy Administration Will Be Achieved*

15. With regards to the second factor, if a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration. *See Palmer & Palmer v. U.S. Trustee ( In re Hargis*), 146 B.R. 173, 176 (N.D.Tex.1992); *Kenai Corp. v. Nat'l Union Fire Ins. Co .,* 136

B.R. 59, 61 (S.D.N.Y.1992) (finding that "[g]iven [the bankruptcy's judge's] familiarity with the bankruptcy case involving [the debtor], [the bankruptcy judge] is in the best position to monitor all the proceedings related to that bankruptcy, including this adversary proceeding"); *Veldekens v. GE HFS, Inc. (In re Doctors Hospital 1997, L.P.),* 351 B.R. 813, 867–68 (Bankr.S.D.Tex.2006).

16. This bankruptcy case has been pending for over two years and there are over 400 docket entries in the main case. The Bankruptcy Court has entertained many significant motions and is familiar with the parties as well as the allegations regarding the demise of Royce Homes, L.P.

17. Given that core issues predominate and the Bankruptcy Court is familiar with the facts and circumstances of the case as well as discovery issues, the Bankruptcy Court is in the best position to monitor the Adversary Proceeding in the pre-trial and discovery phase, which will promote uniformity in the administration of this bankruptcy case.

*Third Factor - Whether Forum Shopping and Confusion Will be Reduced*

18. While none of the Defendants have filed claims in the bankruptcy case, several Defendants (Amegy, Speer, Manners, and their respective affiliates) have been very active in the bankruptcy case prior to the Adversary Proceeding. The Trustee conducted an extensive factual investigation under FED. R. BANKR. P. 2004 and these Defendants were actively involved in those proceedings. The Court has heard several significant motions pertaining to discovery taken under FED. R. BANKR. P. 2004 and has ordered turnover of a substantial number of documents. Speer has appealed one of the Bankruptcy Court's ruling ordering turn over documents claimed as privileged by him.

19. "When a party in a given adversary proceeding filed in a bankruptcy case first demands a jury trial and then promptly refuses to consent to the conduct of that trial before the bankruptcy court, it is a safe bet that the tactic does not grow out of a zealous devotion to constitutional principles." *Blackwell (In re I.G. Services, Ltd.) v. Zollino*, 267 B.R. 724, 727 (W.D.Tex. 2001). "In the vast majority of cases, the *real* reason for demanding a jury has less to do with a party's deep and abiding respect for either the jury system or the majesty of Article III of the Constitution and much more to do with either opportunistic delay or forum-shopping." *Id.* (*citing Matter of Grabill Corp.,* 967 F.2d 1152, 1159–60 (7th Cir.1992) (Posner, J., dissenting); *In re El Paso Refinery, L.P.,* 165 B.R. 826, 831 (W.D.Tex.1994).

20. It is within the discretion of the Court to decide whether or not forum shopping has occurred under the totality of the facts. The Trustee believes the various motions to withdraw the reference filed by the Defendants are an attempt by the Defendants to evade the Bankruptcy Court's jurisdiction. Accordingly, this factor does not weigh in favor of withdrawal of the reference at this time.

*Fourth Factor - Whether There Will be Economical Use of Debtors' and Creditors' Resources*

21. When dealing with a proceeding involving a bankruptcy estate and its creditors, the efficient use of the debtor's and creditors' resources in efforts to administer the debtor's estate and to resolve any related litigation is of significant importance. *Plan Admin'r v. Lone Star RV Sales, Inc. (In re Conseco Fin. Corp.)*, 324 B.R. 50, 55 (N.D.Ill.2005) (citing *Holland Am.,* 777 F.2d at 999). When a debtor, or a trustee administering the bankruptcy estate, needs to bring quick resolution to the matters at bar, and the bankruptcy court is familiar with the parties, the factual background, and the legal issues involved, the goals of judicial efficiency and economical use of the parties' resources are best met by allowing the suit to remain in the bankruptcy court.

This was an involuntary bankruptcy case initiated by creditors who were frustrated by lack of payment over a long period of time prior to the bankruptcy case. The bankruptcy case itself has been pending for two years. A speedy and economical resolution is in the best interests of the estate and the creditors.

22. The Trustee has expended significant resources litigating, primarily discovery issues, before the Bankruptcy Court.[1] It would be an economic benefit for the Bankruptcy Court to continue to handle pretrial matters, including discovery, in the Adversary Proceeding. This will benefit the estate and the Courts by avoiding duplication of effort or inconsistent results. *In re Morrison,* 409 B.R. 384, 392-93 (S.D.Tex. 2009).

*Fifth Factor - Whether the Withdrawal Of Reference Will Expedite the Bankruptcy Process*

23. Withdrawal of reference to the District Court will neither expedite nor delay the overall bankruptcy process. Withdrawing the reference might delay trial, which under the Comprehensive Scheduling Order issued by the Bankruptcy Court in this Adversary Proceeding, is currently set for early 2012. Delaying trial is an obvious benefit to the Defendants, which is likely the reason withdrawal of the reference is sought by them. The claims alleged in the Adversary Proceeding are the estate's only significant assets to be liquidated by the Trustee. This factor of the *Holland America* test is neutral in considering whether to withdraw the Adversary Proceeding to the District Court.

---

[1] There have been three significant discovery hearings before the Bankruptcy Court: (1) Trustee's Motion to Compel Royce Homes, L.P. to Turnover Documents And Other Information Request for Hearing And Request That John Speer Be Ordered to Appear At The Hearing (Docket No. 90); (2) Motion for Protective Order, Motion to Quash Amegy Bank N.A.'s Responses and Objections to Subpoena Duces Tecum in a Case Under the Bankruptcy Code Filed by Amegy Bank, N.A. (Docket No. 151); and (3) Trustee's Emergency Motion to Compel Production of Documents Claims as Privileged by John Speer (Docket No. 306). Each such proceeding has required substantial time from the Bankruptcy Court and has resulted in the production of a significant amount of documents not produced voluntarily by certain Defendants. The Bankruptcy Court is amply familiar with discovery issues in this case.

*Sixth Factor - Whether a Party has Demanded a Jury Trial*

24. Each defendant (with only one exception) has demanded a jury trial. Without individually addressing each defendant and each cause of action alleged against them respectively, the Trustee acknowledges that if this case goes to trial, at least some of the Defendants would have a right to trial by jury on at least some of the causes of action pled by the Trustee in the Original Complaint. At this point in the Adversary Proceeding, however, no Seventh Amendment right to trial by jury is at issue. As set forth in more detail above, the right to a jury trial does not necessarily equate to the right to have a District Court hear all pre-trial and discovery matters. Accordingly, this factor does not weigh in favor of withdrawal of the reference to the District Court at this time. When, and if, the case is trial ready and if the Defendants are entitled to jury trials for the causes of action that will be tried, it may be appropriate at that time to withdraw the reference to the District Court to conduct the jury trial.

## **PRAYER**

WHEREFORE, the Trustee respectfully requests that the Court deny the Defendants' motion to withdraw the reference or in the alternative that the Court order the reference be withdrawn and that the Bankruptcy Court retain the case for all pre-trial matters including discovery, and for such other and further relief to which the Trustee may be entitled.

Dated: August 10, 2011.

**Respectfully Submitted,**

**JONES MORRIS KLEVENHAGEN, LLP**

By: */s/ Erin E. Jones*
Erin E. Jones
Texas Bar No. 24032478
Jones Morris Klevenhagen, LLP
6363 Woodway Suite 570
Houston, TX 77057
Telephone: (713) 589-5061
Telecopier: (713) 589-5513

**CAGE HILL & NIEHAUS, LLP**

By: */s/ Michael Duncan*
Michael Duncan
Texas Bar No. 06218700
Cage, Hill & Niehaus, L.L.P.
5851 San Felipe, Suite 950
Houston, TX 77057
Telephone: (713) 789-0500
Telecopier: (713) 74-0344

**TOW & KOENIG, PLLC**

By: */s/ Julie Koenig*
Julie Koenig
Texas Bar No. 14217300
Rodney Tow
Texas Bar No. 20152500
26219 Oak Ridge Drive
The Woodlands, TX 77380
Telephone: (281) 681-9100
Telecopier: (832) 482-3979

**ATTORNEYS FOR RODNEY TOW, CHAPTER 7 TRUSTEE FOR THE ESTATE OF ROYCE HOMES, L.P.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 10th day of August 2011, a true and correct copy of the foregoing Objection was served via ECF/PACER to all parties registered to receive such service and/or by US mail first class postage prepaid as follows:

George R Gibson
Nathan Sommers Jacobs PC
2800 Post Oak Blvd
61st Flr
Houston, TX 77056-6102
COUNSEL FOR AMEGY BANK, N.A., AMEGY MORTGAGE COMPANY, LLC

C Ed Harrell & Steven Douglas Shurn
Hughes Watters & Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, TX 77002
COUNSEL FOR JOHN H. SPEER,
VESTALIA, LLC

Christopher Donald Johnson
McKool Smith P.C.
600 Travis St.
Suite 7000
Houston, TX 77002
COUNSEL FOR DONNIE LOU SPEER

Michael J. Durrschmidt
Hirsch & Westheimer
700 Louisiana
25th Fl
Houston, TX 77002-2728
COUNSEL FOR HAMMERSMITH GROUP,
LLC, PARK LAKE COMMUNITIES

Marc J. Magids
Zukowski, Bresenhan & Sinex, L.L.P.
1177 West Loop South
Suite 1100
Houston, TX 77027
COUNSEL FOR GEORGE KOPECKY,
WATERMARK LAND LLC, WATERMARK
TORTUGA, LLC

Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
COUNSEL FOR MICHAEL MANNERS, ALLARD INVESTMENT COMPANY, LLC, DMW HOLDINGS, INC., MGM MOTOR SPORTS, LLC, SARACEN HOLDINGS, INC.

/s/ Erin E. Jones
Erin E. Jones