IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-32467-H4-7 |
| | § | |
| ROYCE HOMES, L.P, | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | |
| _____ | § | |
| | § | |
| RODNEY TOW, TRUSTEE, | § | |
| | § | |
| PLAINTIFF, | § | ADVERSARY NO. 11-03191 |
| | § | |
| VS. | § | |
| | § | |
| JOHN H. SPEER, ET AL., | § | |
| | § | |
| DEFENDANTS. | | |

**DONNIE LOU SPEER'S REPLY TO TRUSTEE'S OBJECTION TO
VARIOUS MOTIONS TO WITHDRAW THE REFERENCE**
(Refers to Docket Nos. 77 and 90)

Donnie Lou Speer ("Donnie Speer") files this reply in favor of the *Motion of Donnie Lou Speer to Withdraw the Reference* and in response to the Trustee's *Objection to Various Motions to Withdraw the Reference*.

**ISSUES PRESENTED**

Courts favor judicial efficiency. Under *Stern v. Marshall*, a district court reviews all bankruptcy court decisions *de novo* in cases requiring Article III courts. The 606-page complaint asserts dozens of claims against 18 defendants. All or almost all of these claims involve private rights and are entitled to *de novo* review in the district court. Given the duplicative effort and significant risks of waste, should this Court withdraw the reference immediately?

The Trustee must prove all elements of its case against Donnie Speer to a jury. Donnie Speer is only liable if John Speer is liable for either fraudulently transferring or converting funds. If this Court withdraws the reference for Donnie Speer but not John Speer, this Court and a jury would decide the exact same fact issues. Should the bankruptcy court withdraw the entire case to the

Dallas 327391v4                          1

district court to avoid a wasteful second trial and unnecessary procedural complexity?

## SUMMARY OF OBJECTION

1. The Amended Complaint asserts, or attempts to assert, several claims against Donnie Speer:

- Actual and constructive fraudulent transfers under Texas law, Delaware law, and 11 U.S.C. § 548.
- Civil theft, conversion of money had and received under Texas law.
- Unjust enrichment under Texas law.

As argued in her motion, Donnie Speer is entitled to a jury trial on all claims. Donnie Speer timely filed a jury demand and does not consent to a bankruptcy court trial. She did not file a proof of claim or otherwise waive her right to a jury trial.

2. The Trustee does not dispute that Donnie Speer is entitled to a jury trial at the district court on all claims against her. Thus, the Trustee concedes that the case must be withdrawn to the district court. Rather, the Trustee objects that this Court should withdraw only part of the case after managing the case until it is ready to trial.

## ARGUMENTS & AUTHORITIES

**A.  The Court should withdraw the reference immediately.**

3. The Trustee argues that the Court is not required to immediately withdraw the reference. While the Court may, with district court approval, retain the case until ready for trial, the unique facts of this case favor immediate withdrawal of the reference to avoid wasteful duplicative effort by the district court.

    **i.  The district court will review this Court's decisions *de novo* because the disputes involve private rights.**

4. The district court will review all decisions by the bankruptcy court completely *de novo* because the Trustee's claims against Donnie Speer involve private rights. In *Stern v.*

*Marshall*, the Supreme Court reemphasized that a bankruptcy court cannot make final rulings on disputes that are properly within the purview of Article III courts.[1] Congress's statutory scheme of "core" proceedings does not alter the constitutional analysis. Rather, the nature of the proceeding determines whether an Article III court is necessary. If an Article III court is necessary, the bankruptcy court can only make findings of fact and conclusions of law, which the Article III court reviews *de novo*.

5. When analyzing whether it can issue final judgments, a bankruptcy court first determines whether the proceeding is a "core" proceeding under 28 U.S.C. § 157. If so, the bankruptcy court must next determine whether the Constitution permits an Article I court to adjudicate the proceeding. If the dispute involves a private right, then an Article III court is necessary. "When a suit is made of the stuff of the traditional actions at common law tried by the courts at Westminster in 1789, and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts."[2] In contrast, the dispute can be adjudicated by an Article I court if the rights "derive[] from a federal regulatory scheme, or in which resolution of the claim by an expert government agency is deemed essential to a limited regulatory objection within the agency's authority."[3]

6. Here, an Article III court is necessary because all of the Trustee's claims involve private rights, not federal regulatory schemes. The Trustee seeks damages from Donnie Speer based on state law causes of action of conversion, theft, and unjust enrichment. They are not listed in section 157. Further, these claims are certainly private-rights disputes that could be

---

[1] *Stern v. Marshall*, 541 U.S. ___, 131 S. Ct. 2594, 2011 U.S. LEXIS 4791, at *39-40 (2011).

[2] *Id.* at *42. A bankruptcy court could make a final ruling if the claimant submits to the bankruptcy court's equitable jurisdiction, such as by filing a claim in the bankruptcy court. *Id.*, at *63 citing *Langenkamp v. Culp*, 498 U.S. 42 (1990). Donnie Speer did not.

[3] *Id.* at *

"tried by the courts at Westminster in 1789" and do not involve rights "integrally related to a particular government action."

7. Similarly, the Trustee's fraudulent transfer claims require Article III adjudication. Section 157(b)(2)(H) states that actions to recover fraudulent transfers are "core" proceedings. Nonetheless, *Stern* and *Granfinanceria* supersede this statutory classification. The *Granfinanceria* Court held that recovery of fraudulent transfers is "more accurately characterized as a private rather than a public right as we have used those terms in our Article III decisions."[4] As noted by the Supreme Court, fraudulent transfer laws originated in English common law and were later incorporated into statute by state legislatures.[5] Congress modeled the federal version (section 548) after the common law and state versions with the intent to supplement, not replace, the state causes of action.[6] Accordingly, the fraudulent transfer claims could be "tried by the courts at Westminster in 1789" and do not involve rights "integrally related to a particular government action."

8. Thus, the district court will review any decision regarding Donnie Speer's claims made by this Court, including dispositive motions and discovery rulings, completely *de novo*.

 ii. ***De novo* review wastes judicial resources, especially in this case involving eighteen defendants and several theories of contingent liability.**

9. The *de novo* review creates a significant opportunity for waste and gamesmanship. As an initial matter, full *de novo* review by a district court is inherently wasteful. In a similar case, Judge Gerber considered such costs to be material and significant:

> The [Defendants] here could move for withdrawal of the reference, or contend that I could only make proposed Findings of Fact and

---

[4] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 55 (1989).

[5] *Id.* at 43.

[6] *Id.* at 49-50.

> Conclusions of Law to the district court, with a *de novo* review process thereafter to follow. ***Any such measures would result in material additional expense and delay.***[7]

In that case, Judge Gerber permitted the Plaintiff to file in state court and avoid the duplicative work inherent with bankruptcy court rulings and district court *de novo* review.

10. The particular facts of this case will make the costs of *de novo* review even more burdensome. The Trustee asserts a large number of claims, in a 606-page complaint, against eighteen defendants, each with complex, conditional co-liability. This Court will undoubtedly shape the case through motions to dismiss and summary judgment. Most, if not all of the eighteen defendants will make dispositive motions on John Speer's liability because their liability stems from his. Given the issue's importance, the district court will be obligated to carefully scrutinize any decision by this Court.

11. In addition, *de novo* review could create additional discovery costs. This Court will shape discovery by ruling on dispositive motions and managing the discovery process. Then, after significant time and cost, the district court may choose to do it all over again. If this Court grants a dispositive motion and the district court disagrees, then the district court might reopen discovery, which will add more expense and time. If this Court denies a dispositive motion and the district court disagrees, then the parties may have wasted time and money on unnecessary discovery.

**B.    The entire case must be withdrawn to guarantee Donnie Speer's jury trial rights.**

12. The Trustee also asserts that this Court need only withdraw the reference as to some of the claims against some of the defendants. Such an act will threaten Donnie Speer's

---

[7] *In re BearingPoint, Inc.*, Case no. 09-10691, 2011 Bankr. LEXIS 2585, *30 (Bankr. S.D.N.Y. July 11, 2011) (emphasis added).

Dallas 327391v4               5

right to a jury trial. Instead, this Court should withdraw the reference as to all claims to guarantee Donnie Speer's jury trial right.

13. Because Donnie Speer is entitled to a jury trial, the Trustee has the burden of proving all elements of each claim to a jury.[8] For many of the Trustee's claims, Donnie Speer is liable only if John Speer is liable. Thus, irrespective of whether John Speer is entitled to a jury trial, a jury must nevertheless decide John Speer's liability to the estate. For example, the Trustee asserts that Donnie Speer is a subsequent transferee under section 550 for fraudulent transfers committed by John Speer. Before Donnie Speer is liable under section 550, a jury must find that John Speer's underlying transfers are voidable fraudulent transfers under sections 544 and 548. Similarly, the Trustee alleges that Donnie Speer received property stolen by John Speer. Thus, both this Court and jury could be making the same factual determination at the same time.

14. A bankruptcy court trial will undermine Donnie Speer's jury trial. If this Court finds that John Speer fraudulently transferred money that Donnie Speer received, then Donnie Speer might be collaterally estopped from challenging that fact finding.[9] At the very least, the Trustee could use the bankruptcy court results in the trial, which will distract the jury from its duties. Further, there could be considerable confusion if the bankruptcy court and the jury trial reach different conclusions.

15. Finally, it is simply more efficient to have the entire case transferred to the district court for a jury trial. Donnie Speer is entitled to a jury trial and her liability is conditioned on

---

[8] *See, e.g. In re WRT Energy Corp.*, 282 B.R. 343, 368 (Bankr. W.D. La. 2001) (Trustee must prove all the elements of a fraudulent transfer claim under 544 and 548).

[9] *Pace v. Bogalusa City School Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) ("Issue preclusion or collateral estoppel is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.").

John Speer being liable for fraudulent transfers or conversion. If a jury is already deciding whether John Speer fraudulently transferred funds, it is wasteful for the bankruptcy court to make the same determination.

## CONCLUSION

16.  Donnie Speer is entitled to a jury trial at the district court. Additionally, she is entitled to *de novo* review of all factual and legal determinations made by this Court on the numerous pre-trial issues that may arise. In the interests of judicial economy and efficiency, this Court should recommend an immediate withdraw of the reference of the entire case.

## PRAYER

17.  Donnie Speer respectfully requests that this Court recommend immediate withdrawal of the reference of this adversary proceeding and grant Donnie Speer such other relief as is just.

DATED: August 12, 2011

Respectfully submitted,

**MCKOOL SMITH P.C.**

By: */s/ Blake H. Bailey*
CHRISTOPHER D. JOHNSON
Texas Bar No. 24012913
BLAKE H. BAILEY
Texas Bar No. 24069329
600 Travis, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

COUNSEL FOR DEFENDANT,
DONNIE LOU SPEER

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2011, a true and correct copy of the foregoing document was served via DLR 5.1 and the ECF system to the parties on the ECF service list or via First Class U.S. Mail, postage paid to the parties listed below:

**Counsel to the Chapter 7 Trustee**
Michael Duncan
Cage, Hill & Niehaus, L.L.P.
5851 San Felipe, Suite 950
Houston, TX 77057
Via ECF: mikedunc@cagehill.com

Erin E. Jones
Jones Morris Klevenhagen, LLP
6363 Woodway, Suite 570
Houston, TX 77057
Via ECF: erin@jonesmorris.com

Julie Koenig and Rodney Tow
26219 Oak Ridge Drive
The Woodlands, TX 77380
Via ECF: jkoening@towkoenig.com
             rtow@towkoenig.com

**Attorney for Amegy Bank, N.A.**
George R. Gibson
Nathan Sommers Jacobs PC
2800 Post Oak Blvd, 61st Flr
Houston, TX 77056-6102
Via ECF: ggibson@nathansommers.com

**Attorney for John Speer**
Steve Shurn
Hughes Watters Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Via ECF: sshurn@hwallp.com

**Attorney for Michael Manners,**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046

**Attorney for Allard Investment Company, LLC**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for DMW Holdings, Inc.,**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for MGM Motor Sports, LLC**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for Saracen Holdings, Inc.**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for Saracen Holdings, L.P.**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

Via ECF: pjlaw@pjlaw.com

**Attorney for Saracen Holdings GP, LLC**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for Vestalia**
Steve Shurn
Hughes Watters Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Via ECF: sshurn@hwallp.com

**Attorney for Park Lake Communities, LP**
Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
700 Louisiana Street, Suite 2550
Houston, Texas 77002-2772
Via ECF:  mdurrschmidt@hirschwest.com

**Attorney for Hammersmith Group, LLC f/k/a Hammersmith Group, Inc.**
Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
700 Louisiana Street, Suite 2550
Houston, Texas 77002-2772
Via ECF:  mdurrschmidt@hirschwest.com

**Attorney for Watermark Land, LLC f/k/a Watermark Land, LP,**
Marc J. Magids
Pascal P. Piazza
David C. Martin
Zukowski, Bresenhan & Sinex, LLP
1177 West Loop South, Suite 1100
Houston, Texas 77027
Via ECF:  mail@zbsllp.com

**Attorney for Watermark Tortuga, LLC**
Marc J. Magids
Pascal P. Piazza
David C. Martin
Zukowski, Bresenhan & Sinex, LLP
1177 West Loop South, Suite 1100
Houston, Texas 77027
Via ECF:  mail@zbsllp.com

**Attorney for George Kopecky**
Marc J. Magids
Pascal P. Piazza
David C. Martin
Zukowski, Bresenhan & Sinex, LLP
1177 West Loop South, Suite 1100
Houston, Texas 77027
Via ECF:  mail@zbsllp.com


      /s/Blake H. Bailey
      Blake H. Bailey