IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYCE HOMES, L.P., | § | CASE NO. 09-32467-H4-7 |
| | § | |
| Debtor, | § | (Chapter 7) |
| | § | |
| RODNEY TOW, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADV. NO. 11-03191 |
| | § | |
| JOHN H. SPEER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**DONNIE LOU SPEER'S OBJECTION TO PLAINTIFF'S MOTION TO
AUTHORIZE FILING OF TRUSTEE'S SECOND AMENDED COMPLAINT**
(Refers to Docket No. 195)

### I.  SUMMARY

1. In order to amend a complaint a party must show, *inter alia*, that amendment is not filed in bad faith, cures deficiencies in previous complaints, and is not futile. The Trustee seeks to again amend his complaint to sue Donne Lou Speer for causes of action that the Court already dismissed and that are unsupported. The Motion and the proposed causes of action objectionable because they are filed in bad faith, do not satisfy the Court's order dismissing his prior complaint, and are futile. Why should the Court permit amendment of claims it previously dismissed if the Trustee hasn't plead new facts, or if the new claims are equally subject to dismissal.

### II.  FACTUAL BACKGROUND

2. Donnie Lou Speer and John Speer divorced in December 2005; more than a year before the Trustee alleges the Debtor became insolvent, and almost 3 years before the Debtor

ceased operating. As the trustee has admitted, Donnie Lou had little or no involvement with the Debtor. She was not an officer. She did not receive financial reporting. She had no knowledge of the Debtor's financial condition after her divorce from John Speer.

3. Donnie Lou and John Speer were married for over thirty years before their split. During their marriage, Donnie Lou and John Speer acquired an increasingly large stake in Royce Homes. By the time Donne Lou and John Speer divorced, the couple's stake in Royce Homes was substantial. In order to facilitate an orderly divorce and division of the marital property estate, John Speer opted to purchase Donnie Lou's stake in the company as part of their divorce settlement.

4. John Speer agreed to pay Donnie Lou $3 million for her interest in Royce Homes to expedite and simplify the process of dividing a substantial marital estate. Instead of paying with cash, John Speer made a note for the entire $3 million amount to Donnie Lou. The note required John Speer to pay Donnie Lou $50,000 in monthly installments. The note made to Donnie Lou is attached as "***Exhibit A***."

5. John Speer and Donnie Lou's divorce decree also required Royce Homes to continue to employ Donnie Lou. The terms of her employment were set forth in a consulting agreement (the "Consulting Agreement"). The Consulting Agreement is attached as "***Exhibit B***." The Consulting Agreement also contained non-disclosure provisions which limited Donnie Lou's ability to continue use her knowledge of Royce Homes' operations to work in the homebuilding industry. In exchange for Donnie Lou's service and compliance with the terms of the Consulting Agreement, Royce Homes agreed to pay Donnie $20,000 per month.

6. With full knowledge of her limited involvement with the Debtor, the Trustee seeks to add numerous unsupported and gratuitous claims against Donnie Lou.

### III.  THE COURT SHOULD DENY THE MOTION

7. The Trustee seeks permission to file yet another 600-page amended complaint; an amended complaint that fails to satisfy Rule 15 because the amendment is sought in bad faith, fails to correct previous deficiencies and is futile.

**A.  Rule 15 establishes the standard for amendment.**

8. Rule 15 of the Federal Rules of Civil Procedure[1] states that a court should freely give leave to amend when justice so requires.  "Although Rule 15 evidences a bias in favor of granting leave to amend, it is not automatic."[2]  When determining whether equity should permit amendment, courts use a six-part rubric that analyzes, "(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment."[3]  As set forth below, the Motion fails because it was filed in bad faith, fails to cure previous deficiencies, and is futile.

**B.  The Trustee's claims for unjust enrichment and conversion are filed in bad faith.**

9. A court may deny a motion to amend when filed in bad faith.[4]  This court may infer bad faith from the Trustee's disregard of previous orders.  In this case, the Court previously dismissed the Trustee's claim against Donnie Lou for unjust enrichment, finding that:

> "the Trustee has failed to allege sufficient facts supporting a plausible claim that [Donnie Lou] received a benefit by fraud, duress, or the taking of an undue advantage.  Thus, the Motion to Dismiss as to the unjust enrichment claim is granted."[5]

---

[1] Applicable here via FED. R. BANKR. P. 7015.

[2] *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 314 (5th Cir. 1996).

[3] *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (internal quotations omitted).

[4] *Torch Liquidating Trust*, 561 F.3d at 391.

[5] Docket No. 167 at 18.

10. The Trustee seeks to amend his complaint a second time to re-assert this claim, *without alleging any new facts.*

11. Additionally, the Court has dismissed the Trustee's claims for conversion against John Speer. As a matter of law, the Court found that the Trustee's claims for repayment of money generally, do not give rise to a claim for conversion.[6] The Court found that a claim for conversion of money,

> "can only exist when it is in the form of specific chattel, such as old coins, or where the money is delivered to another for safekeeping, such as in trust. An action for conversion cannot stand where the indebtedness may be discharged by the payment of money generally. After funds are deposited into a bank account or changed into other money or its equivalent, its identity is lost."[7]

12. The Trustee's claims against Donnie Lou are likewise deficient because he is not seeking to recover specific chattels from Donnie Lou. With full knowledge of the deficiencies of his conversion claims, the Trustee seeks to bring conversion claims against Donnie Lou. If the Trustee is permitted to amend to bring conversion claims, Donnie Lou will have to move to dismiss, and this Court will once again dismiss those claims.

## C.  The Motion should be denied because the Trustee fails to correct deficient claims for unjust enrichment.

13. A complaint may not be amended when the plaintiff is afforded an opportunity to cure defects and fails to do so.[8] In *Torch Liquidating Trust*,[9] the court permitted the plaintiff to amend in light of new, potentially more favorable case law.[10] However, the plaintiff failed to cure the fatal defects in the previous complaint. The Fifth Circuit affirmed the district court's

---

[6] Docket No. 194 at 7. (citations omitted)

[7] *Id.*

[8] *See Torch Liquidating Trust*, 561 F.3d at 391.

[9] *Id.*

[10] *Id.*

dismissal of the amended complaint without leave to amend because of the plaintiff's failure to cure previous pleading defects.[11]

14. This Court previously held that although the Trustee's first amended complaint properly alleged that Donnie Lou obtained a benefit from Royce Homes, he failed to allege that she received a benefit by fraud, duress, or taking an undue advantage.[12] The amended complaint alleged:

> [Donnie Lou]: obtained benefit from Royce Homes in the amount of the salary and benefits paid to Donnie Lou Speer from Royce Homes 2005-2008, the $50,000 per month she received from Royce Homes 2005-2008, and any tax distributions she received from Royce Homes.

15. The Trustee's proposed second amended complaint states the *exact same* facts from the previously dismissed complaint. On its face, the proposed second amended complaint fails to cure previously noted defects because it does not include any new allegations or factual pleadings that could possibly state a claim for unjust enrichment against Donnie Lou. The Trustee's "amendment" for unjust enrichment falls squarely in the category of amendments that the Fifth Circuit instructs courts to deny. Thus, the Court should deny the Trustee's motion to amend his complaint for unjust enrichment as to Donnie Lou.

**D. The Court should not permit the Trustee to amend to plead aiding and abetting breach of fiduciary duties, civil theft, conversion, money had and received or for a declaratory judgment should be denied because the claims are futile.**

16. "Typically, an amendment is futile because it fails to state (or seeks to add) a deficient claim."[13] A futile amendment includes a complaint that cannot survive a Rule 12(b)(6)

---

[11] *Id.* at 391-92.

[12] Docket No. 167 at 17-18.

[13] *Kennicott Bros. Co. v. Fidanovski (In re Findanovski)*, 347 B.R. 343, 349 (Bankr. N.D. Ill. 2006).

motion.[14]

17. "Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails to state a claim upon which relief can be granted."[15] Rule 12(b)(6) must be read in conjunction with Rule 8(a), which states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[16] "To survive a Rule 12(b)(6) motion, a complaint must contain enough facts to state a claim to relief that is plausible on its face."[17] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

### 1. The aiding and abetting claims do not satisfy Rule 12(b)(6) because the Trustee has not and cannot plead facts to show that Donnie Lou knowing participated in a breach of fiduciary duty.

18. The Trustee's Motion proposes to amend his complaint to bring claims against Donnie Lou for aiding and abetting breach of fiduciary duties to a limited partnership. To state a claim for aiding and abetting breach of fiduciary duties to a limited partnership, the Trustee must allege "(1) the existence of a fiduciary relationship, (2) the fiduciary breached its duty, (3) a defendant, who is not a fiduciary, knowingly participated in a breach, and (4) damages to the plaintiff resulted from the concerted action of the fiduciary and the non-fiduciary."[19]

---

[14] *E.g. Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272-73 (3d Cir. 2001) (refusing to grant leave to amend where the amendment to the complaint failed to state a claim); *Regis Techs., Inc. v. Oien (In re Oien)*, 404 B.R. 311, 318 (Bankr. N.D. Ill. 2009).

[15] Docket No. 167 at 3, (quoting FED. R. CIV. P. 12.)

[16] Docket No. 167 at 3, (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).

[17] Docket No. 167 at 4 (citing *Twombly*, 550 U.S. at 555.)

[18] Docket No. 167 at 4 (quoting *Montoya v. FedEx Ground Package Sys., Inc.* 614 F.3d 145, 148 (5th Cir. 2010).)

[19] *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 172 (Del. 2002).

19. "Knowing participation" is a high standard. For instance, a party knowingly participates in breaching fiduciary duties to a limited partnership when he actively assists the fiduciary in completing a merger in violation of his duties.[20] Indeed, in *Twin Bridges LP*, the defendant sufficiently stated a claim for aiding and abetting a breach when the aiding party participated in drafting and ratifying amendments to the limited partnership agreement that failed to satisfy the fiduciary's duties.[21] Similarly, in *Gotham Partners*,[22] aiding and abetting parties included officers and directors of the general partner of the limited partnership who caused the general partner to breach its duties. The aiding and abetting parties actively used their position in control of the general partner of the limited partnership to enter into a self-dealing transaction by calling board meetings, circulating tender offer materials, and obtaining approvals of a reverse-share split that ultimately increased general partner's interest in the limited partner in violation of enumerated fiduciary duties.[23]

20. The Trustee's allegations fall short of alleging "knowing participation." Indeed, the Trustee complains that, "Donnie Lou…conspired with, aided and abetted, and acted in concert with [John] Speer in these breaches of fiduciary duty."[24] However, the Trustee does not include any further factual allegations. According to the Trustee, distributions to Donnie Lou violated the Royce Homes partnership agreement.[25] However, conspicuously absent from the Trustee's complaint is any allegation that Donnie Lou *knowingly participated* in a breach of

---

[20] *Twin Bridges LP v. Draper*, No. 2351-VCP, 2007 Del. Ch. LEXIS 136, at *86-88 (Del. Ch. Sept. 14, 2007).

[21] *Id.* at *17-18.

[22] 817 A.2d at 164-65.

[23] *Id.* 165-66.

[24] Proposed Second Amended Complaint at para. 261.

[25] Proposed Second Amended Complaint at para. 611.

fiduciary duties. The Trustee alleges that Donnie Lou received payment pursuant to agreements with Royce Homes and John Speer. The Trustee does not, and can not, state any facts that suggest Donnie Lou knowingly participated in a breach of duty to Royce Homes.

21. Donnie Lou was not a knowing participant like the parties in *Gotham Partners*[26] and *Twin Bridges LP*.[27] The aiders and abettors in *Gotham Partners* and *Twin Bridges LP* were instrumental to the breaches of duties. Their fingerprints covered the questionable transactions. Here, Donnie Lou was not in a position to influence Royce Homes in any way. As the Trustee's proposed second amended complaint demonstrates, Donnie Lou was not a knowing participant in any breach of duty. Instead, Donnie Lou was a passive party who received payments pursuant to the terms of a note from John Speer and a Consulting Agreement with the Debtor. Donnie Lou had no knowledge of Royce Homes' financial condition. She did not receive financial statements. She did not knowingly participate in any activities which might be a breach of fiduciary duty. Since the Trustee cannot state a plausible claim against Donnie Lou for aiding and abetting a breach of fiduciary duty, the Trustee's motion to amend should be denied.

**2.    The claims for aiding and abetting breach of fiduciary duty are futile because they are subject to the defense of *in pari delicto*.**

22. "The doctrine of *in pari delicto* refers to the principle that a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing."[28] *In pari dilecto* applies to bankruptcy trustees.[29] Here, the Trustee asserts that Donnie Lou aided and abetting the breach of fiduciary duty by the Debtor's management. Under these circumstances,

---

[26] 817 A.2d at 164-65.

[27] 2007 Del. Ch. LEXIS 136, at *86-88.

[28] *In re Oakwood Homes Corp.*, 356 Fed. Appx. 622, 626 (3d Cir. 2009); *See, e.g., Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 133 (2d Cir. 1993) (noting, under Texas law, that "where the parties do not stand on equal terms and one party controls the other, the *in pari delicto* doctrine does not apply").

[29] *Hill v. Day (In re Today's Destiny, Inc.)*, 388 B.R. 737, 747 (Bankr. S.D. Tex. 2008).

the Trustee is subject to the same defense of *in pari delicto* that prevents the Debtor's management from bringing aiding and abetting claims against Donnie Lou for their own wrongdoing.

23. The court should not permit amendment to bring aiding and abetting claims because the *in pari delicto* defense makes such claims futile.

### 3. The civil theft, conversion and money had and received claims are futile because they do not satisfy Rule 12(b)(6).

24. The Court previously dismissed the Trustee's claims against Donnie Lou for civil theft and conversion.[30] The Court held, "the Trustee has failed to allege sufficient facts supporting a plausible claim for civil theft or conversion."[31] The Court found, "Ms. Speer was not given fair notice of the civil theft or conversion claim and the grounds upon which it rests because the Trustee failed to specifically name Ms. Speer as a defendant."[32]

25. The Trustee attempts to ameliorate the infirmity the Court indentified by inserting Ms. Speer's name into his proposed amended complaint without including any new factual allegations. Instead, the Trustee simply added Donnie Lou's name into his allegations against the other non-dismissed parties. There are no new facts to allege that Donnie Lou is liable for civil theft, conversion or money had and received.

26. To state a claim for money had and received, he must allege that Donnie Lou, "holds money that belongs to the estate." The Trustee has not alleged that Donnie Lou holds money belonging to the estate.

27. Similarly, to state a claim for civil theft, the Trustee must allege that it was the

---

[30] Docket No. 167 at 19.

[31] *Id.*

[32] Docket No. 167 at 19.

rightful possessor of property, that the defendant unlawfully appropriated the plaintiff's property, and that the unlawful taking was made with the intent to deprive the plaintiff of property.[33] Here, the Trustee's proposed amended complaint explicitly states that Donnie Lou received payments pursuant to the terms of the Note. The Trustee's own allegation shows that any benefit paid to Donnie Lou was pursuant to the Note, not through any illegal avenue, by duress, or fraud.

28.   Absent any new facts, these claims are subject to dismissal under Rule 12(b)(6).

**4.   The Trustee's proposed complaint for a declaratory judgment fails to state a claim because the Trustee does not have standing to assert such rights.**

29.   The Court should deny the Trustee's Motion seeking a declaratory judgment for turnover of funds held in trust because the Trustee does not have standing to assert such claims. The Fifth Circuit recognizes decades-old Supreme Court precedent that a bankruptcy trustee "has no right to bring claims that belong solely to the estate's creditors."[34] Since the Trustee does not have standing, the Court cannot grant declaratory relief. Such an amendment to the complaint is futile. The Bankruptcy Code provides that a debtor's estate includes, "all legal or equitable interests of the debtor in property as of the commencement of the case."[35] The Note Donnie Lou received from John Speer provided that the holder of the note would hold the funds paid in trust in favor of Royce Home's creditors, *not* in favor of Royce Homes. Rights held by Royce Home's creditors are not property of the estate and may not be asserted by the Trustee. Accordingly, the Trustee lacks standing to bring such a cause of action and the Motion must be denied.

---

[33] TEX. CIV. PRAC. & REM. CODE §§ 134.002(2), 134.003, 134.005(a); TEX. PEN. CODE §§ 31.03(a), (b)(1), 31.04(a).

[34] *See Highland Capital Mgmt. LP v. Chesapeake Energy Corp. (In re Seven Seas Petroleum, Inc.)*, 522 F.3d 575, 584 (5th Cir. 2008) (citing *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416 (1972)).

[35] 11 U.S.C. § 541(a)(1).

## IV. CONCLUSION

30. The Trustee's Motion must be denied because it asserts claims in bad faith, seeks to re-plead claims previously dismissed without amendment or the inclusion of additional facts, and asserts claims that are futile because they are subject to dismissal under Rule 12(b)(6). Specifically, the Motion asserts claims for unjust enrichment and conversion that the Court has previously dismissed. Bad faith can be inferred from the failure to allege any new facts to overcome the Court's previous findings. Additionally, the failure to plead new facts to overcome previous dismissal of claims is itself grounds to deny the Motion.

31. Finally, the Court should deny the Motion because amendment would be futile. The Trustee has not plead sufficient facts to overcome a Rule 12(b)(6) motion as to his proposed causes of action against Donnie Lou. Accordingly, Donnie Lou Speer respectfully requests that this Court deny Plaintiffs' Motion to Authorize Filing of Trustee's Second Amended Complaint and grant her such other relief as is just.

DATED: October 24, 2011

                                          Respectfully submitted,

                                          **MCKOOL SMITH P.C.**

                                          By:   */s/ Christopher D. Johnson*
                                                   CHRISTOPHER D. JOHNSON
                                                   Texas Bar No. 24012913
                                                   NICHOLAS ZUGARO
                                                   Texas Bar No. 24070905
                                                   600 Travis, Suite 7000
                                                   Houston, Texas 77002
                                                   Telephone: (713) 485-7300
                                                   Facsimile: (713) 485-7344

                                     COUNSEL FOR DONNIE LOU SPEER

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 24, 2011, a true and correct copy of the foregoing document was served via DLR 5.1 and the ECF system to the parties on the ECF service list or via First Class U.S. Mail, postage paid to the parties listed below:

**Counsel to the Chapter 7 Trustee**
Michael Duncan
Cage, Hill & Niehaus, L.L.P.
5851 San Felipe, Suite 950
Houston, TX 77057
Via ECF: mikedunc@cagehill.com
Erin E. Jones
Jones Morris Klevenhagen, LLP
6363 Woodway, Suite 570
Houston, TX 77057
Via ECF: erin@jonesmorris.com
Julie Koenig and Rodney Tow
26219 Oak Ridge Drive
The Woodlands, TX 77380
Via ECF: jkoening@towkoenig.com
        rtow@towkoenig.com

**Attorney for Amegy Bank, N.A.**
George R. Gibson
Nathan Sommers Jacobs PC
2800 Post Oak Blvd, 61st Flr
Houston, TX 77056-6102
Via ECF: ggibson@nathansommers.com

**Attorney for John Speer**
Steve Shurn
Hughes Watters Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Via ECF: sshurn@hwallp.com

**Attorney for Michael Manners,**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for Allard Investment Company, LLC**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for DMW Holdings, Inc.,**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for MGM Motor Sports, LLC**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for Saracen Holdings, Inc.**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for Saracen Holdings, L.P.**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for Saracen Holdings GP, LLC**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
Via ECF: pjlaw@pjlaw.com

**Attorney for Vestalia**
Steve Shurn
Hughes Watters Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Via ECF: sshurn@hwallp.com

**Attorney for Park Lake Communities, LP**
Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
700 Louisiana Street, Suite 2550
Houston, Texas 77002-2772
Via ECF:  mdurrschmidt@hirschwest.com

**Attorney for Hammersmith Group, LLC f/k/a Hammersmith Group, Inc.**
Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
700 Louisiana Street, Suite 2550
Houston, Texas 77002-2772
Via ECF:  mdurrschmidt@hirschwest.com
David Mattka
Munsch Hardt Kopf & Harr, PC
Bank of America Center
700 Louisiana, 46th Floor
Houston, TX  77002
Via ECF: dmattka@munsch.com
Randall A. Rios and Timothy A. Million
Munsch Hardt Kopf & Harr, PC
Bank of America Center
700 Louisiana, 46th Floor
Houston, TX  77002
Via ECF: rrios@munsch.com

**Attorney for Watermark Land, LLC f/k/a Watermark Land, LP,**
Marc J. Magids
Pascal P. Piazza
David C. Martin
Zukowski, Bresenhan & Sinex, LLP
1177 West Loop South, Suite 1100
Houston, Texas 77027
Via ECF:  mail@zbsllp.com

**Attorney for Watermark Tortuga, LLC**
Marc J. Magids
Pascal P. Piazza
David C. Martin
Zukowski, Bresenhan & Sinex, LLP
1177 West Loop South, Suite 1100
Houston, Texas 77027
Via ECF:  mail@zbsllp.com

**Attorney for George Kopecky**
Marc J. Magids
Pascal P. Piazza
David C. Martin
Zukowski, Bresenhan & Sinex, LLP
1177 West Loop South, Suite 1100
Houston, Texas 77027
Via ECF:  mail@zbsllp.com

    */s/Christopher D. Johnson*
        Christopher D. Johnson