UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **ROYCE HOMES, LP** | § | Chapter 7 Case **09-32467** |
| *Debtor* | § | |
| | § | |
| **RODNEY TOW, TRUSTEE** | § | |
| *Plaintiffs* | § | Adversary No. **11-03191** |
| vs. | § | |
| | § | |
| **JOHN H. SPEER, ET AL** | § | |
| *Defendants* | § | |

# DEFENDANTS MICHAEL MANNERS, ALLARD INVESTMENT COMPANY, LLC, DWM HOLDINGS, INC., MGM MOTOR SPORTS, LLC, SARACEN HOLDINGS, L.P. AND SARACEN HOLDINGS GP, LLC'S OBJECTION TO TRUSTEE'S MOTION TO AMEND DISMISS
[*Refers to Docket #195*]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, COMES NOW, **Michael Manners, Allard Investment Company, LLC, DWM Holdings, Inc., MGM Motor Sports, LLC, Saracen Holdings, L.P. and Saracen Holdings GP, LLC** (hereinafter collectively "**Defendants**" or "**Manners Parties**") and hereby files this Objection to the Motion to Amend Complaint [Docket#195] ("Motion").  In support thereof, the Manners Parties would show the Court as follows:

**Procedural History and Background**

1. This adversary proceeding was brought by the Chapter 7 Trustee of ROYCE HOMES, LP ("Royce") against sixteen (16) separate parties alleging that they conspired

to breach a partnership agreement, breach of fiduciary duty, civil theft, conversion, turnover, unjust enrichment, equitable subordination, constructive trust, fraud and fraudulent transfers under both State and Federal law. The Manners Parties deny all such allegations in their answers and demand a trial by jury.

2. On April 28, 2011, two years from the filing of the bankruptcy case, the Trustee filed his Original Complaint, containing 634 pages of a litany of boilerplate allegations with the hope that some recovery would emerge. Each of the Defendants, including the Manners parties spent significant time, costs and energy responding specifically as required by the Rules of Civil Procedure to these bloated pleadings.

3. On June 17, 2011, the Trustee filed his 662 page First Amended Complaint. This Complaint was filed within the Rules of Civil Procedure without necessary Court authorization, but again created significant time, costs and energy responding specifically as required by the Rules of Civil Procedure to this second serving of bloated pleadings.

4. Now the Trustee has continued his imposition on the Defendants and seeks permission to replead, once again. This time the Trustee presents a proposed 651 page Second Amended Complaint and adds yet another Defendant (long after the expiration of the two year statute of limitations) and attempts to change, augment or otherwise alter his previous allegations. Granting of the Motion will unfairly burden the Defendants and does not meet the requirements for leave to amend.

## Argument and Authorities

5. Rule 15 controls the right of a Plaintiff to Amend the Complaint. The Trustee has already amended as a matter right. Now, the Trustee must demonstrate that the "interest of justice" is served by this third pleading. *FED. R. Civ. P. 15(a)(2)*.

6. On a Motion for leave to amend, the Trustee clearly carries the burden of persuasion and is not entitled to automatic leave on the filing of a motion. *Torch*

*Liquidating Trust v. Stockstill, 561 F.3d 377, 391 (5th Cir. 2009).* In this bankruptcy proceeding, the Trustee has had over two years to investigate, has received gratuitous and compelled pre-filing discovery assistance from this Court and has waited over six months to present this third iteration of his complaint. Not only does the Trustee seek to now add new defendants, he is taking the opportunity to further expand his prior allegations after this Court has worked through numerous Rule 12(b) objections and recently recommended to the United States District Court that the reference be withdrawn on the Adversary Case.

7. Notwithstanding the futility of the proposed Motion to revive previously dismissed allegations, in the event that the Trustee's Motion is granted, each of the 16 Defendants must again trudge through the 600 page Complaint and fashion detailed responses to comply with the Rules of Civil Procedure. This is not in the interest of justice but screams of abuse of the pleading process and in all fairness should not be sanctioned by the Court.

**Conclusion and Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendants **Michael Manners, Allard Investment Company, LLC, DWM Holdings, Inc., MGM Motor Sports, LLC, Saracen Holdings, L.P. and Saracen Holdings GP, LLC** join other Defendants in opposition to the Trustee's Motion for Leave to Amend and respectfully requests that the Court deny such Motion and grant such other and further relief as to which they may be entitled.

Dated:  October 25, 2011.

                        **LAW OFFICE OF PETER JOHNSON**

                        */s/ Peter Johnson*

By: _____
        Peter Johnson
        State Bar No. 10778400
        Eleven Greenway Plaza, Suite 2820
        Houston, Texas  77046
        pjohnson@pjlaw.com
        Telephone (713) 961-1200
        Facsimile (713)  961-0941
        ATTORNEY FOR MICHAEL MANNERS, ALLARD INVESTMENT COMPANY, LLC, DWM HOLDINGS, INC., MGM MOTOR SPORTS, LLC, SARACEN HOLDINGS, L.P. AND SARACEN HOLDINGS GP, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing Motion to Withdraw Reference was served the parties required by Local Bankruptcy Rule in this case, either by mailing a copy of the same to all parties entitled to notice on the attached service listing by regular U.S. mail postage prepaid or by electronic notice pursuant to the Local Bankruptcy Rules on October 25, 2011.

*/s/ Peter Johnson*

_____
PETER JOHNSON

*SERVICE LIST PURSUANT TO LOCAL RULE 9013*

**11-03191**                                                                 Trustee vs. John H. Speer, *et al*

\*indicates electronic service-LBR 1001(b)- (Admin Proc CMF/ECF- III-E)

**PLAINTIFF COUNSEL:**

\* Michael Duncan on behalf of Plaintiff Rodney Tow
mikedunc@cagehill.com

\* Erin E Jones on behalf of Plaintiff Rodney Tow
erin@jonesmorris.com

\* Julie Mitchell Koenig on behalf of Plaintiff Rodney Tow
jkoenig@towkoenig.com, sziegler@towkoenig.com;cgloria@towkoenig.com

\* Rodney Dwayne Tow on behalf of Plaintiff Rodney Tow
rtow@towkoenig.com, ecf@trustesolutions.com


**ALL OTHER PARTIES TO THE PROCEEDING:**

    George R Gibson on behalf of Defendant Amegy Bank, N.A.
    ggibson@nathansommers.com, lopio@nathansommers.com

    C Ed Harrell on behalf of Defendant John Speer
    eharrell@hwallp.com, kconn@hwa.com

    Steven Douglas Shurn on behalf of Defendant John Speer
    sdsecf@hwallp.com

    Pascal Piazza on behalf of Defendant George Kopecky
    ppp@zbsllp.com

    Michael J Durrschmidt on behalf of Defendant Hammersmith Group, LLC
    mdurrschmidt@hirschwest.com, bhowell@hirschwest.com;lnguyen@hirschwest.com

    Christopher Donald Johnson on behalf of Defendant Donnie Speer
    cjohnson@mckoolsmith.com, nsauter@mckoolsmith.com